IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STOCKTON EAST WATER DISTRICT, CENTRAL SAN JOAQUIN WATER CONSERVATION DISTRICT, SAN JOAQUIN COUNTY, STOCKTON CITY, CALIFORNIA WATER SERVICE COMPANY, | ) | |
| Plaintiffs, | ) | No. 04-541 L |
| v. | ) | Judge Christine Odell Cook Miller |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EXHIBITS THAT HAVE NOT BEEN PRODUCED AS REQUIRED UNDER RCFC APPENDIX A**

Defendant United States hereby submits this motion *in limine* to exclude from trial certain exhibits that Plaintiffs listed on their exhibit list but have failed to properly identify or produce to Defendant as required under RCFC Appendix A, ¶ 13(a).

The Court's Order of April 26, 2006, established a deadline of September 11, 2006, for the parties to conduct their meeting of counsel pursuant to RCFC Appendix A, ¶ 13. Paragraph 13(a) requires the parties to exchange a list of exhibits to be used at trial for case-in-chief or rebuttal purposes. Appendix A further requires that each exhibit on the list "shall be identified by an exhibit number and description" and that "[u]nless previously exchanged, counsel for the parties shall exchange a copy of each exhibit listed." RCFC Appx. A ¶ 13(a).

On September 13, 2006, the parties exchanged their exhibit lists. Plaintiffs did not produce any new exhibits not previously exchanged.

Following the exchange of exhibit lists, the parties' early meeting of counsel and conference under ¶ 13(c), and its initial review of Plaintiffs' exhibit list, Defendant identified several documents on the Plaintiffs' exhibit list that it was unable to identify from the record based on the description provided by the Plaintiffs. A letter listing such documents and asking for further identification was sent to Plaintiffs on September 14, 2006 (Exhibit 1). In this letter, Defendant reserved its right to object under the rules to any documents that had not been previously provided to us.

On September 15, Plaintiffs provided a partial response by electronic mail to Defendant's letter of September 14, 2006 (Exhibit 2). Once again, this response did not include any production of documents that were identified on Plaintiffs' exhibit list but not previously produced. In response to further discussion regarding exhibits at a telephonic meeting of counsel on September 15, 2006, Plaintiffs provided a second electronic mail response on September 16, 2006 (Exhibit 3). The September 16 response included further identification of certain exhibits. For those exhibits where Plaintiffs were unable to provide a reference in the existing discovery or summary judgment record, Plaintiffs indicated that copies of those exhibits would be produced on Monday, September 18. However, there are a number of exhibits that have not been identified and/or produced in accordance with the requirements of RCFC Appendix A, ¶ 13. According to Plaintiffs' electronic mail correspondence of September 16, these exhibits "have not yet been prepared or selected from a voluminous set. As soon as they are ready, you will receive a copy." E-Mail from Jennifer Spaletta, Counsel for Plaintiffs, to William Shapiro and Kristine Tardiff, Counsel for Defendants, dated Sept. 16, 2006 (Exhibit 3).

There are a number of exhibits listed on Plaintiffs' Exhibit List of September 11 that have not been previously exchanged. Plaintiffs did not produce these exhibits on September 11, as required by the Court's rules, nor have Plaintiffs produced these exhibits since the disclosure deadline in response to Defendant's subsequent inquiries. Instead, Plaintiffs indicated on September 16 that these exhibits "have not yet been prepared" and that "[a]s soon as they are ready, you will receive a copy." Exhibit 3. These exhibits are listed on the final exhibit listed filed by Plaintiffs with the Court on September 25, 2006. The exhibits not yet prepared or produced are:

| Plaintiffs' Exhibit No. | Plaintiffs' Description |
|---|---|
| 273 | "Exhibits prepared to explain Mr. Dotan's opinion, such as tables and graphs summarizing the data relied on or the results of model runs." |
| 277 | "Chart of Allocations to all CVP contractors during relevant time period" |

In addition, there are a number of exhibits listed on Plaintiffs' Exhibit List of September 11 that are inadequately identified. According to Plaintiffs, these exhibits "have not yet been . . . selected from a voluminous set." Exhibit 3. Each of these exhibits also appears on Plaintiffs' final exhibit list, filed with the Court on September 25. The exhibits not properly disclosed due to an inadequate identification are:[1]

[1]There are a number of other exhibits listed on Plaintiffs' Exhibit List of September 11 that Defendant asked Plaintiffs to identify with greater specificity so that those exhibits could be located in the voluminous record in this case. See Exhibit 2. Plaintiffs subsequently provided additional information in order to allow those exhibits to be located in the record by Defendant, or have produced these exhibits to Defendant. See Exhibit 3. Accordingly, Defendant is not

| Plaintiffs' Exhibit No. (9/11/2006 list) | Plaintiffs' Description |
|---|---|
| 230 | "Stockton East Bond Documents" |
| 231 | "Central's Bond Documents" |
| 232 | "Stockton East Budget Documents" |
| 233 | "Central's Budget Documents" |
| 234 | "Stockton East's infrastructure planning documents" |
| 235 | "Central's infrastructure planning documents" |
| 261 | "Documents Regarding the City of Stockton's Delta Water Supply Project" |
| 262 | "Modeling of operations provided to the SWRCB by the United States to obtain storage and direct diversion rights" |
| 263 | "Testimony submitted to the SWRCB by the United States to obtain storage and direct diversion rights" |
| 275 | "Annual forecasts for New Melones prepared by the Bureau of Reclamation" |

The pretrial requirements set forth in ¶ 13 of Appendix A at issue in this motion are disclosure requirements. Under the Court's Order of April 26, 2006, and the corresponding rules of this Court, Plaintiffs were required to disclose a list of exhibits to be used at trial. In addition, the rule specifically requires that "[u]nless previously exchanged, counsel for the parties shall exchange a copy of each exhibit listed." RCFC Appx. A ¶ 13(a). This is an important pretrial requirement, as evident from the consequence of failing to properly disclose exhibits in the manner required by the rule. Specifically, the rule provides that the failure to list an exhibit in

---

moving at this time to exclude those exhibits.

the manner required under this pretrial rule "shall result in exclusion of the exhibit at trial absent agreement of the parties to the contrary or a showing of a compelling reason for the failure. See also RCFC 26(a)(1), (2)."

Plaintiffs' failure to prepare, produce and exchange a copy of the exhibits identified above (Plaintiffs' Exhibits 273 and 277) constitutes a failure to fully disclose these exhibits in advance of trial in the manner required under the rules. There is no compelling reason for not preparing and properly disclosing and producing these exhibits by the September 11 deadline, particularly when that deadline was set by the Court in its Order of April 26, 2006. Nor have Plaintiffs offered any compelling reason or other justification for their failure to comply with the rules. Indeed, Plaintiffs have now filed their final exhibit list with the Court, and still have not properly disclosed and produced the documents listed above. Therefore, RCFC Appendix A ¶ 13 mandates that these exhibits shall be excluded from trial.

In addition, Plaintiffs' vague and general description of several groups of documents (Exhibits 230, 231, 232, 233, 234, 235, 261, 262, 263 and 275) constitutes a failure to fully and adequately disclose the exhibits that Plaintiffs intend to use or may use at trial in accordance with RCFC Appendix A ¶ 13.[2] There is no compelling reason for not having selected those exhibits prior to the September 11 deadline. Accordingly, these exhibits should also be excluded from trial.

[2]Defendant is unable to determine whether it has any other objections to these exhibits since they have not been properly identified.

CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court grant this motion in limine and issue a pre-trial order excluding the exhibits identified herein from trial.

Dated: September 28, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

s/William J. Shapiro
WILLIAM J. SHAPIRO
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
501 I Street, Room 9-700
Sacramento, CA 95814
TEL (916) 930-2207

Counsel of Record for Defendant

OF COUNSEL:
KRISTINE S. TARDIFF
United States Department of Justice
Environment and Natural Resources Division
53 Pleasant Street, 4th Floor, Concord, NH 03301

LUTHER L. HAJEK
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663,Washington, DC 20044-0663

SHELLY RANDEL
United States Department of the Interior
Office of the Solicitor
Branch of Water and Power
Division of Land and Water Resources
1849 C St., N.W., Washington, DC

JAMES E. TURNER
Assistant Regional Solicitor
United States Department of the Interior
Office of the Regional Solicitor
2800 Cottage Way, Room E-1712
Sacramento, CA 95825