IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STOCKTON EAST WATER DISTRICT, CENTRAL SAN JOAQUIN WATER CONSERVATION DISTRICT, SAN JOAQUIN COUNTY, STOCKTON CITY, CALIFORNIA WATER SERVICE COMPANY, | ) | |
| Plaintiffs, | ) | No. 04-541 L |
| v. | ) | Judge Christine Odell Cook Miller |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO DAMAGES**

Defendant United States hereby submits this motion *in limine* to exclude from trial testamentary and documentary evidence relating to damages during the liability phase of trial.

This Court has ordered that trial in this case be bifurcated into two phases: a liability phase "limited to the issues of law and fact relating to plaintiffs' right to recover, reserving the amount of recovery, if any, subject to further proceedings." Court Order, dated Oct. 27, 2004 (Doc. 17) (emphasis added). The Court's order was preceded by a joint report from the parties wherein the parties stated that: "The parties agree that the case should be bifurcated, with liability being tried first, and damages being tried thereafter only if liability is found." Joint Preliminary Status Report, dated Oct. 22, 2004 at 2 (Doc. 16). Thus, this case is bifurcated and the first phase of the trial, commencing on October 23, 2006, encompasses only issues relating to liability: that is, "relating to plaintiffs' right to recover" under these contracts. Court Order, dated Oct. 27, 2004.

Despite this clear understanding, plaintiffs intend to introduce exhibits and to call numerous witnesses to testify about the alleged damages of the respective parties during the liability phase of this case. For example, plaintiffs' witness list includes nine witnesses whom plaintiffs intend to examine on the issue of damages. Those witnesses and the relevant excerpts from Plaintiffs' Witness list are as follows:

| **Plaintiffs' Witness (9/25/2006 list)** | **Plaintiffs' Description of Witness Testimony (relevant excerpt)** |
|---|---|
| 3. Mike Camy | "Cal[ifornia] Water [Service Company]'s damages" |
| 11. Gary Ingraham | "the City [of Stockton]'s damages" |
| 12. Kevin Kauffman | "Stockton East [Water District]'s damages as a result of the breach" |
| 13. Dr. Melvin Lytle | "the County [of San Joaquin]'s damages" |
| 14. Mark Madison | "the City [of Stockton]'s damages" |
| 20. Edward Steffani | "Stockton East [Water District]'s damages as a result of the breach" |
| 21. Grant Thompson | "Central [San Joaquin Water Conservation District]'s damages as a result of the breach" |
| 23. Henry Wind | "Cal[ifornia] Water [Service Company]'s damages" |
| 24. Steven Winkler | "the County [of San Joaquin]'s damages" |

See Pls.' Witness List at 2, 4, 5, 6, and 7, dated Sept. 25, 2006 (Doc. 111).

Plaintiffs also identify categories of documents in their Trial Exhibit List that appear to

relate only to damages:

| **Plaintiffs' Exhibit (9/25/2006 list)** | **Plaintiffs' Description** |
|---|---|
| No. 230 | Stockton East Bond Documents |
| No. 231 | Central's Bond Documents |
| No. 232 | Stockton East Budget Documents |
| No. 233 | Central's Budget Documents |

See Pls.' Trial Exhibit List at 24 (Doc. 110).[1]

Plaintiffs' Pretrial Brief contains further descriptions of the types of damages testimony and documents that plaintiffs intend to offer at trial. Among other things, plaintiffs state that they plan to offer testimony and exhibits on the following:

- "the enormous reliance damages suffered as a result of the indebtedness associated with the tunnel and canals constructed to bring New Melones water to their service areas";

- the refusal of local farmers to invest in the water delivery systems due to the "constrained and erratic fashion" that water was delivered;

- Plaintiffs' attempts "to mitigate damages caused by Defendant's breach by purchasing water from neighboring districts at considerable expense to ensure they could meet their minimum surface water needs given the complete unreliability of the New Melones contracts";

- "testimony demonstrating that if Plaintiffs had received the water to which they were entitled under their contracts, they could have significantly reduced groundwater extractions from the overdrafted basin, prevented further saline intrusion and degradation of the basin, minimized pumping costs, and minimized

[1] Defendant United States also has separately moved to exclude Exhibit Nos. 230, 231, 232, and 233 on the grounds that they are inadequately identified. See Def.'s Mot. in Limine to Exclude Exhibits That Have Not Been Produced As Required Under RCFC Appendix A, filed on Sept. 28, 2006 (Doc. 112).

or eliminated expensive arsenic treatment for the groundwater that the urban area was force to rely on in the absence of New Melones supply"; and

- "Plaintiffs also could have avoided millions of dollars in expenditures by the City and Stockton East on new water right applications seeking alternative surface water for the region."

Pls.' Pretrial Brief at 6-7 (Doc. 109).

The type of documentary and testamentary evidence described above is inconsistent with the parties' agreement to bifurcate this case, as well as the Court's October 27, 2004 Order. Based on the Court's Order, this case has been limited for the last two years "to the issues of law and fact relating to plaintiffs' right to recover" and not to any possible damages should plaintiffs be able to prove a right to recover. Court Order, dated Oct. 27, 2004 (emphasis added). Evidence in the upcoming trial, therefore, is limited to whether the United States violated these contracts by failing to deliver the quantity of water to which plaintiffs might have been contractually due. By agreement of the parties and order of the Court, issues related to damages must be reserved for later proceedings.

Expanding the scope of the scheduled trial beyond the question of liability at this late date would be highly prejudicial to defendant. Because this matter was bifurcated nearly two years ago, the parties have not completed discovery on any damage-related issue. Indeed, in response to the government's single discovery request related to damages, plaintiffs declined to answer, stating that "[t]he parties to this litigation have agreed to bifurcate the liability and damages phases of this case." Ex. 1 (Central's Response to Def.'s Interrogatory No. 8 (dated Mar. 1, 2005)).[2] The parties, therefore, have not completed discovery on the issuance of bonds to pay for

---

[2] Each of the plaintiffs' responses to Interrogatory Number 8 are identical.

the cost of water conveyance systems, the loss of potential investment funds from local farmers, attempts to mitigate damages by purchasing water from other sources, pumping costs and the costs of arsenic treatment for groundwater that was degraded by over-pumping, and the costs of filing new water rights applications for alternative water sources. The issues regarding consequential damages, in particular, will greatly expand the testimony and documentary evidence that will be necessary at trial and seriously prejudice the Defendant. For these reasons, Defendant request that evidence relating to plaintiffs' damages, including the documents and testimony identified above, be excluded from trial.

## CONCLUSION

For the reasons set forth above, defendant respectfully requests that the Court grant this motion in limine and issue a pre-trial order excluding from trial testimony of plaintiffs' witnesses or introduction of exhibits that relate to damages.

Dated: September 29, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

s/William J. Shapiro
WILLIAM J. SHAPIRO
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
501 I Street, Room 9-700
Sacramento, CA 95814
TEL (916) 930-2207

Counsel of Record for Defendant

<u>OF COUNSEL</u>:

KRISTINE S. TARDIFF
United States Department of Justice
Environment and Natural Resources Division
53 Pleasant Street, 4th Floor
Concord, NH 03301

LUTHER L. HAJEK
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, DC 20044-0663

SHELLY RANDEL
United States Department of the Interior
Office of the Solicitor
Branch of Water and Power
Division of Land and Water Resources
1849 C St., N.W.
Washington, DC

JAMES E. TURNER
Assistant Regional Solicitor
United States Department of the Interior
Office of the Regional Solicitor
Pacific Southwest Region
2800 Cottage Way, Room E-1712
Sacramento, CA 95825