**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOCKTON EAST WATER DISTRICT, et al., Plaintiffs, | No. 04-541 L |
| v. | Judge Christine Odell Cook Miller |
| UNITED STATES, Defendant. | |

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE**
**RELATING TO ALLEGED AMENDMENT OF THE CONTRACTS**

Plaintiffs Stockton East Water District, Central San Joaquin Water Conservation District, County of San Joaquin, City of Stockton, and California Water Service Company, hereby move this Court for an order *in limine* prohibiting Defendant from introducing evidence or argument purporting to show that the parties amended their 1983 contracts.

Plaintiffs anticipate that Defendant will present evidence and argument at trial that Plaintiffs agreed to the 1997–98 Interim Plan of Operations for New Melones as an amendment to their rights under the 1983 contracts. In its summary judgment pleadings, Defendant argued that "SEWD and Central participated in, negotiated and ultimately agreed to the [Interim Plan of Operations] for valuable consideration." Def.'s Memo in Support of Its Cross-Mot. for Summary Judgment at 18. Defendant also argued that "SEWD's agreement to the IPO was explicit." *Id.* at 39-40. Plaintiffs pointed out to the Court that not only had the Plaintiffs not agreed to this so-called agreement, Plaintiffs also were not a signatory to the Interim Plan of Operations (IPO). The Court, however, denied Defendant summary judgment on this issue,

concluding that this was material issue of fact for which there was a dispute, rendering summary judgment inappropriate. *Stockton East Water Dist. v. United States*, 70 Fed. Cl. 515, 534 (2006).

The statute of frauds applies to these contracts and requires, as a matter of law, that any amendment to them be in writing, signed by the party to be charged. Because Plaintiffs have not signed any document that purports to amend their 1983 contracts in the manner set forth in the IPO, Defendant's introduction of evidence on this alleged agreement is irrelevant and improper. Such evidence and argument, therefore, should be excluded to avoid a waste of time and the resources of the court and the parties, and to prevent confusion at trial. Fed. R. Evid. 402, 403.

## ARGUMENT

### A. The Contracts Are Subject to the Statute of Frauds, and Thus Any Amendment or Modification of the Contracts Must Be in Writing and Signed by SEWD and Central

The United States Supreme Court has articulated that "[i]t is customary, where Congress has not adopted a different standard, to apply to the construction of government contracts the principles of general contract law." *Priebe & Sons v. United States*, 332 U.S. 407 (1947) (citing *United States v. Standard Rice Co.*, 323 U.S. 106 (1944)). Congress has not adopted a particular standard for the construction of Reclamation contracts; therefore, the general principles of contract law apply, including the statute of frauds. The statute of frauds is a rule of substantive law. *Al-Kurdi v. United States*, 25 Cl. Ct. 599, 604 n.8 (1992).

A contract that by its terms cannot be fully performed within one year from the time of its making is subject to the statute of frauds. RESTATEMENT (SECOND) OF CONTRACTS § 130 (1981). A contract subject to the statute of frauds is also invalid unless it is in writing and signed by or on behalf of the party against whom enforcement is sought. *Id*. § 131. Any amendment or modification of a contract subject to the statute of frauds must also be memorialized in a signed

writing, just like the original contract. *Backus v. Taplin* (7th Cir. 1936) 81 F.2d 444, 446; *Willman v. Alver* (9th Cir. 1958) 252 F.2d 895; *Reno v. Beckett* (10th Cir. 1977) 555 F.2d 757, 763-764; *Beverly Enterprises, Inc. v Fredonia Haven, Inc.* (11th Cir. 1987) 825 F.2d 374, 379. In other words, if "[o]ral promises are ineffective to make the contract, or any part of it, in the beginning. Oral promises must also be ineffective to vary it thereafter." *Imperator Realty Co. v. Tull*, 127 N.E. 263, 265 (N.Y. 1920) (Cardozo, J., concurring). "When parties modify a written contract within the statute of frauds, but do not entirely rescind it, difficult questions arise; on principle, no right of action can lie for breach of the second (modified) agreement unless it is a complete contract itself and not within the Statute." 10 WILLISTON ON CONTRACTS § 29:44 (4th ed. 1987).

**B. The Interim Operations Plan Is Not Signed By Plaintiffs and, Thus, Is Not a Valid Amendment of the Contracts**

The contracts at issue here are for the sale of 155,000 acre-feet of water annually for a 40-year term. The duration of these contracts puts them squarely within the coverage of the statute of frauds. *See Commonwealth Film Processing, Inc. v. Courtlands United States, Inc.*, 717 F. Supp. 1158, 1159 (W.D. Va. 1989) (contract stating royalty payments to be paid on a year-to-year basis for a continuous term of five years subject to the Statute of Frauds). The IPO set forth a two-year operations plan for New Melones that allocated water to water quality, fish, and the contractors annually based on a hydrologic index. *See* Ex. A (copy of the IPO). The IPO capped allocations to Plaintiffs at 90,000 acre-feet and provided for much less in most years. Reclamation admits that it has used the IPO to guide its operations since 1997. *See* Manza Depo. Trans. 95:15-18 (Exhibit F).

Although the IPO is a written document, it was signed only by two federal agencies, and notably not by the Plaintiffs in this case. *See* Ex. A. By its own terms, the IPO does not purport

to amend the parties' contracts. Further, there is no evidence that the decision making officials of either SEWD or Central ever signed any document indicating their agreement to accept allocations of water under the IPO in lieu of their contractual entitlements.

Moreover, the course of dealings between the parties makes Defendant's suggestion that the IPO amended the parties' contracts border on the ludicrous. When the parties entered into the long-term water delivery contracts in 1983, by which the government promised a fixed supply to Plaintiffs and upon which Plaintiffs relied in investing millions of dollars, the government undertook a decade of studies, National Environmental Policy Act Compliance, public review, and high-level approvals by the Secretary of the Interior be fore finally executing the contracts. *See* Ex. B (Record of Decision) (detailing alternatives considered in the Final Environmental Statement RES 80-33); *see also* Ex. C at 2 (Secretary's Approval Memorandum for the Contract) (detailing that "public participation requirements have been met" and "Resolutions from each of the districts approving the proposed contracts are included with the summary").

In addition, pursuant to section 226 of the Reclamation Reform Act of 1982 (96 Stat. 1261), the Department of the Interior must afford the affected public an opportunity to be aware of and to provide comments on water service and repayment contract negotiations being conducted by the Bureau of Reclamation. This notice was initially published in the Federal Register for these contracts on February 5, 1982 (47 FR 5472) and quarterly thereafter until the contracts were executed. *See* 48 FR 50175. No subsequent notice has ever been published regarding subsequent negotiations or an amendment to these contracts.

Likewise, Stockton East and Central are each public bodies governed by Boards of Directors. These boards had to specifically authorize these contracts and delegate authority to

the President and Secretary for execution. *See* Exhibits D and E. Defendant cannot offer any evidence that these boards subsequently authorized negotiation or execution of any amendment to these contracts (because they did not).

## CONCLUSION

The notion that a three-page document not even purporting to modify the contracts nor signed by the Plaintiffs could nullify much of the districts 26-page contracts is not credible. Indeed, the statute of frauds is intended to avoid wasting the court's time and the parties' resources over unsustainable arguments, such as Defendant's argument that the IPO amended the contracts at issue in this case. Without some offer of proof from Defendant that it can sustain the substantive burden of satisfying the statute of frauds to prove a contract amendment, this argument should not be allowed. Accordingly, Plaintiffs respectfully request that this Court grant their motion *in limine*.

Respectfully submitted,

/s Roger J. Marzulla

Roger J. Marzulla
Nancie G. Marzulla
Marzulla & Marzulla
1350 Connecticut Avenue, N.W.
Suite 410
Washington, D.C. 20036
(202) 822-6760
(202) 822-6774 (facsimile)

Dated: September 29, 2006

Counsel for Plaintiffs

Of counsel:

Jeanne M. Zolezzi
Jennifer L. Spaletta
Herum Crabtree Brown
2291 West March Lane
Suite B100

Stockton, CA 95207
(209) 472-7700
(209) 472-7986 (facsimile)