**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOCKTON EAST WATER DISTRICT, et al., Plaintiffs, | No. 04-541 L |
| v. | Judge Christine Odell Cook Miller |
| UNITED STATES, Defendant. | |

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING ALLEGED IMMATERIAL BREACHES OF THE CONTRACTS**

Plaintiffs Stockton East Water District, Central San Joaquin Water Conservation District, County of San Joaquin, City of Stockton, and California Water Service Company, hereby move this Court for an order *in limine* excluding evidence regarding immaterial alleged breaches of the contracts by Plaintiffs.

Plaintiffs expect Defendant to argue that its performance under the contracts was excused because Plaintiffs allegedly deviated from certain technical requirements of the contracts. None of the alleged breaches Defendant has pointed to, such as the submission of water conservation plans or the maintenance of a stream gauge, was in fact a breach of the contracts. Moreover, even if any of the alleged breaches did constitute a breach of contract, such breaches were not material and, therefore, did not excuse Defendant's performance. And, even if there had been a material breach roughly a decade ago, Defendant has long since elected to continue performance of the contracts, waiving any excuse for Defendant's non-performance of the contracts.

## ARGUMENT

### A. Immaterial Breaches Are Irrelevant

The purpose of a motion *in limine* is to "prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters. Such a motion enables a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial." *Weeks Dredging & Contracting, Inc. v. United States*, 11 Cl. Ct. 37, 45 (1986) (citing *Baskett v. United States*, 2 Cl. Ct. 356, 367-68 (1983), *aff'd*, 790 F.2d 93 (Fed. Cir. 1986)). Defendant should not be allowed to clutter the trial record in this case with testimony and exhibits relating to decade-old alleged deviations from technical contract requirements which, even if true, do not excuse Defendant's duty to perform under Plaintiffs' contracts.

Defendant cannot identify any act or omission of a Plaintiff which qualifies as a material breach and immaterial breaches, since they do not excuse Defendant's performance, are irrelevant in this liability trial. Moreover, even if Plaintiffs had materially breached the contracts, any excuse of performance was waived when Defendant elected to continue performing rather than to terminate the contracts.

A fundamental principle of contract law is that "a material breach by one contracting party excuses performance by the other party, and an immaterial breach does not." *Hanson Production Co. v. Americas Ins. Co.*, 108 F.3d 627, 630-31 (5th Cir. 1997); *see also Hansen Bancorp, Inc. v. United States*, 67 Fed. Cl. 411423-424 (2005) ("Traditionally material breach has been viewed as a means to excuse future performance.") If there is a material breach, however, the non-breaching party has an election to either suspend performance or to waive the breach and continue to perform. *Precision Pine & Timber, Inc. v. United States*, ___ Fed. Cl.

___, 2006 WL 2686750 (2006) ("It is generally understood that when one party commits a material breach of contract, the other party has a choice between two inconsistent rights—he or she can either elect to allege a total breach, terminate the contract and bring an action, or, instead, elect to keep the contract in force, declare the default only a partial breach, and recover those damages caused by that partial breach.") As the Court of Claims stated in *Cities Service Helex, Inc. v. United States*,

> A material breach does not automatically and *ipso facto* end a contract. It merely gives the injured party the right to end the agreement; the injured party can choose between canceling the contract and continuing it. If he decides to close the contract and so conducts himself, both parties are relieved of their further obligations and the injured party is entitled to damages to the end of the contract term (to put him in the position he would have occupied if the contract had been completed). If he elects instead to continue the contract, the obligations of both parties remain in force and the injured party may retain only a claim for damages for partial breach.

543 F.2d 1306, 1313 (Ct. Cl. 1976); *accord Coast-to-Coast Fin. Corp. v. United States*, 52 Fed. Cl. 352, 363 (2002) ("The government did not reserve any claim of prior breach and did not bring up the question until long after this litigation commenced. Under any construction of the applicable law, the government's actions preclude it from raising the defense.")

Here, the alleged breaches Defendant references were immaterial, and in any event, were excused by Defendant's election to continue performance under the contracts. Because immaterial breaches do not excuse performance and because continued performance will excuse even material breaches, any evidence Defendant may proffer relating to alleged breaches by Plaintiffs (e.g., the water conservation plans, the alleged failure of Plaintiffs to make certain payments, the alleged failure of Plaintiffs to submit certain updated documents to Reclamation, and concerns over measuring equipment) is irrelevant to the Court's decision in this case and, therefore, should be excluded.

Such evidence could occupy much trial time to no purpose. Accordingly, in order to exclude irrelevant evidence and to "sharpen[] the focus of later trial proceedings and permit[] the parties to focus their preparation on those matters that will be considered," *PR Contractors, Inc. v. United States*, 69 Fed. Cl. 468, 469 (2006) (quoting *Jonasson v. Lutheran Child & Family Servs*., 115 F.3d 436, 440 (7th Cir. 1984)), Plaintiffs motion *in limine* to exclude any evidence as to immaterial alleged breaches of the contracts by Plaintiffs should be granted.

**B. Specific Claims**

In the motions for summary judgment in this case Defendant accused Plaintiffs of three different immaterial breaches. Plaintiffs address each in turn here, but reserve the right to supplement this list after review of Defendant's Contentions of Fact and Law.

*1. Water Conservation Plans*

Defendants claim that "the United States had no legal authority to provide the Plaintiffs with water until [the water conservation plans] were finally approved by the SWRCB" (Def. Op.. Mot. Summ. Judgment at 49) is legally incorrect and can be disposed of as a matter of law to simplify this case. Plaintiffs refer this Court to its arguments on this issue in its Reply Brief in Support of Motion for Summary Judgment (pages 20-22) and Plaintiffs Contentions of Law and Fact (pages 33-35).

In short, nothing in the contracts at issue required this State Board approval. Rather, Section 19 of the contracts only required that Stockton East and Central submit plans to Reclamation prior to delivery—which they did in 1987 and 1993 respectfully—never to hear back from Reclamation. Further, nothing in the State Board permits for New Melones required the contractors to submit plans to the State Board prior to delivery of water—rather this was an obligation of the United States.

Before expanding the scope of this trial to include this issue, Defendant, at a minimum, should be required to make an offer of proof of a contested fact on this issue.

*2. Measuring Equipment*

Any issue about alleged defects with measuring equipment is irrelevant to this case, as Defendant's sole remedy under the contracts for such an issue is to make any necessary repair and charge the expense to the district. Contracts at Art. 7 ("In the event the Contractor neglects or fails to make such repairs or replacements within a reasonable time . . . the Contracting Officer may cause the repairs or replacements to be made and the const thereof charged to the Contractor. . . .")

3. *Payment and Reporting*

Payment and reporting issues could have only occurred after water deliveries began in 1995. There is absolutely no evidence that the Defendant ceased deliveries to these Plaintiffs because of these issues. In fact, the Defendant has agreed that it has delivered at least a minimum amount of water to these Plaintiffs in every year since 1995, thereby waiving any claim that these alleged breaches excused performance. Therefore, any such arguments or evidence are irrelevant.

**CONCLUSION**

For all of these reasons, Plaintiffs' motion *in limine* should be granted.

Respectfully submitted,

s/ Roger J. Marzulla

Roger J. Marzulla
Nancie G. Marzulla
Marzulla & Marzulla
1350 Connecticut Avenue, N.W.
Suite 410
Washington, D.C. 20036
(202) 822-6760
(202) 822-6774 (facsimile)

Dated: September 29, 2006

Counsel for Plaintiffs

Of counsel:

Jeanne M. Zolezzi
Jennifer L. Spaletta
Herum Crabtree Brown
2291 West March Lane
Suite B100
Stockton, CA 95207
(209) 472-7700
(209) 472-7986 (facsimile)