**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STOCKTON EAST WATER DISTRICT, et al., Plaintiffs, | ) | No. 04-541L |
| v. | ) | Judge Christine Odell Cook Miller |
| UNITED STATES, Defendant. | ) | |

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY REGARDING TEMPERATURE OBJECTIVES**

Plaintiffs Stockton East Water District, Central San Joaquin Water Conservation District, County of San Joaquin, City of Stockton, and California Water Service Company, hereby move this Court for an order *in limine* prohibiting Defendant from offering argument or testimony by any of Defendant's witnesses (expert or lay) regarding Defendant's perceived need to meet certain temperature objectives for fish in the Stanislaus River as an excuse for failing to deliver water under Plaintiffs contracts.

**BACKGROUND**

Plaintiff's expert, Avry Dotan, submitted an expert report which opines that it was physical possibility to deliver 155,000 acre-feet of water to Plaintiffs each year from 1993 through 2004. Defendant's rebuttal witness, Peggy Manza, submitted a report, listing perceived flaws in Mr. Dotan's report.[1] The Defendant's rebuttal witness identified one such perceived flaw as the failure to ensure that storage levels in New Melones remained high enough to

[1] Mr. Dotan's report and Ms. Manza's report are attached to the motion *in limine* regarding Ms. Manza, filed herewith.

guarantee that releases from the reservoir were at a sufficiently cool temperature for fish. Manza Expert Rebuttal Report at 5.

Plaintiffs anticipate that Defendant will argue, and its witnesses will testify, that it was impossible or unreasonable to provide more water to Plaintiffs because these releases would have drawn down reservoir storage and created temperature problems for fish. It is this argument and testimony that is the subject of this motion.

## ARGUMENT

This potential argument can be disposed of as a matter of law, saving time and complication in an already long and complex trial. Indeed, but for the need to protect endangered fish, if there were such fish in the Stanislaus River, there are no temperature requirements on this river.

## I. STATE LAW DOES NOT REQUIRE TEMPERATURE CONTROL.

The California State Water Resource Control Board permits contain two specific objectives for the benefit of fish—neither of which involves temperature. One is a dissolved oxygen standard. *See* State Water Resources Control Board Decision 1616, Condition 12 at 32 attached hereto as Exhibit A. The second is permit term that requires Reclamation to make certain releases for fish as calculated under a 1987 Agreement with the Department of Fish and Game. Exhibit A, Decision 1616, Condition 14 at 33. There are no other permit terms that relate to temperature.

## II. FEDERAL LAW DOES NOT SUPPORT OPERATING NEW MELONES FOR TEMPERATURE CONTROL.

Under federal law, there are only two possible sources of authority for Reclamation to operate New Melones for fishery protection above and beyond what is required in the State

Board permits.[2] The first is the Endangered Species Act (ESA), 16 U.S.C. § 1531 *et seq*. The second is the Central Valley Project Improvement Act (CVPIA), Pub. L. 102-575, 106 Stat. 4706, 4726.

**A. Endangered Species Act**

There is only one species of fish in the Stanislaus River that has been listed under the ESA—the California Central Valley Steelhead. However, for the time period at issue in this trial, that listing decision has been vacated and is of no force and effect. National Marine Fisheries Service listed the Central Valley Steelhead as threatened, effective May 18, 1998. 63 FR 13347. Once listed, the ESA provides that federal agencies shall consult with the appropriate Service to "insure that any action authorized, funded, or carried out by such agency is not likely to jeopardize the continued existence of any endangered or threatened species." 16 U.S.C. 1536(a)(2). In a series of three biological opinions, NOAA Fisheries assessed the effects of operation of the Central Valley Project on federally threatened Central Valley steelhead for the period December 1, 1999 through the present. That biological opinion is the only federal document containing temperature objectives for Central Valley Steelhead in the Stanislaus River; however, it is irrelevant to this case because the ESA listing upon which it was based was invalidated.

Plaintiff Stockton East Water District and other water users affected by the ESA listing of Central Valley Steelhead sued the relevant fishery agency officials to invalidate the listing as legally flawed. Judge Oliver Wanger of the United States Federal District Court in Fresno agreed and vacated the listing decision. *See* May 18, 2006 Judgment in *Modesto Irrigation District et al. v. Gutierrez et al*, CIV-F-02-6553 OWW DLB (attached hereto as Exhibit B). As a

[2] It is Plaintiffs position that these sources of authority permit the Secretary to use New Melones for a fishery purpose, but do not supersede the Secretary's obligations under Plaintiff's contracts.

matter of law, any "requirements" of a biological opinion based upon a legally invalid ESA listing decision cannot form the basis of a defense in this case.

**B. Central Valley Project Improvement Act**

The Central Valley Project Improvement Act does not contain any temperature objectives for the Stanislaus River. Rather, it allows the Secretary to dedicate up to 800,000 acre-feet of the yield of the Central Valley Project to fishery purposes. CVPIA § 3406(b)(2). Pursuant to the CVPIA, the Secretary has discretion to determine from which reservoirs or other CVP facilities this water is taken, in what amounts, and for what purposes. To the extent that Reclamation has retained stored water in New Melones Reservoir for temperature protection, this stored water would have to be included in its annual accounting calculation of 800,000 acre-feet of CVPIA § 3406(b)(2) dedications. The Secretary has never indicated that it has retained any water in New Melones Reservoir for temperature purposes pursuant to CVPIA § 3406(b)(2), and cannot do so at this late date to justify retaining that water in storage rather than delivering it to Plaintiffs. The Secretary has no authority to exceed its annual 800,000 acre-feet dedication; therefore, the government cannot argue here that it could not have delivered more water to Plaintiffs because it needed to retain water in storage to meet temperature objectives. To allow Defendant to do so would be to allow the Secretary to retroactively exceed its annual 800,000 acre-feet dedications in order to establish a defense here.

**CONCLUSION**

Plaintiffs' motion should be granted not only to exclude inadmissible testimony but also to "sharpen[] the focus of later trial proceedings and permit[] the parties to focus their preparation on those matters that will be considered." *PR Contractors, Inc. v. United States*, 69 Fed. Cl. 468, 469 (2006) (quoting *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436,

440 (7th Cir. 1984)). The granting of this motion will "prevent [Defendant] before trial from encumbering the record with irrelevant, immaterial or cumulative matters. Such a motion enables a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial." *Weeks Dredging & Contracting, Inc. v. United States*, 11 Cl. Ct. 37, 45 (1986) (citation omitted).

Accordingly, Plaintiffs request that the Court rule that Defendant be prohibited from advancing an argument or introducing evidence supporting an argument that it could not deliver more water under Plaintiffs' contracts because of a need to meet certain temperature objectives for fish in the Stanislaus River.

Respectfully submitted,

/s Roger J. Marzulla
Roger J. Marzulla
Nancie G. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Avenue, N.W.
Suite 410
Washington, D.C. 20036
(202) 822-6760
(202) 822-6774 (facsimile)

Dated: September 29, 2006

Counsel for Plaintiffs

Of counsel:

Jeanne M. Zolezzi
Jennifer L. Spaletta
Herum Crabtree Brown
2291 West March Lane
Suite B100
Stockton, CA 95207
(209) 472-7700
(209) 472-7986 (facsimile)