Jeanne M. Zolezzi, Esq., SBN: 121282
Jennifer L. Spaletta, Esq. SBN: 200032
HERUM CRABTREE BROWN
*A California Professional Corporation*
2291 W. March Lane, Suite B100
Stockton, California 95207
Tel: (209) 472-7700
Fax: (209) 472-7986

Attorneys for Plaintiff
Stockton East Water District

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MODESTO IRRIGATION DISTRICT, a California irrigation district, et al., | Case No.: CIV-F-02-6553 OWW DLB |
| Plaintiffs, | |
| v. | |
| CARLOS GUTIERREZ, in his official capacity as Secretary of Commerce, et al., | **ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, VACATING LISTING DECISION, AND DIRECTING ENTRY OF JUDGMENT FOR PLAINTIFFS** |
| Defendants, | |
| and | |
| NORTHERN CALIFORNIA COUNCIL OF FEDERATION OF FLY FISHERS, et al., | |
| Defendant-Intervenors. | |

On December 11, 2002, Plaintiffs Modesto Irrigation District, Turlock Irrigation District, Merced Irrigation District, Oakdale Irrigation District, South San Joaquin Irrigation District and Stockton East Water District ("Plaintiffs") filed a complaint for Declaratory and Injunctive Relief against Defendants Carlos Gutierrez in his official capacity as Secretary of Commerce (previously Donald Evans), National Marine Fisheries Service ("NMFS"), Dr. William T. Hogarth in his official capacity as Assistant Administrator for Fisheries, National Marine Fisheries Service, D. Robert Lohn in his official capacity as Regional Administrator, Northwest Region National Marine Fisheries Service, and Rodney McInnis in his official capacity as Acting



PDF created with pdfFactory trial version www.pdffactory.com

Regional Administrator, Southwest Region, National Marine Fisheries Service ("Defendants") seeking to declare as invalid, and set aside, Defendant's listing of Central Valley Steelhead (naturally spawning, anadromous populations of *Oncorhynchus Mykiss* (hereinafter *O. mykiss*)) as threatened pursuant to the Endangered Species Act, 16 U.S.C. § 1531 et seq. The Final Rule challenged in the case was issued on March 19, 1998 (63 Fed. Reg. 13347) (hereinafter "Listing Decision"). Plaintiffs challenged the Listing Decision based on Defendants' failure to include resident and hatchery populations of Central Valley *O. mykiss*.

On May 6, 2003, this Court granted the request for intervention of Defendant-Intervenor-Applicants Northern California Council of Federation of Fly Fishers, Federation of Fly Fishers, Delta Fly Fishers, Woodbridge Rivers Company, Trout Unlimited, Center for Biological Diversity, and Pacific Rivers Council.

On December 18, 2003, Plaintiffs filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs motion requested that the Court rule, as a matter of law, that the Listing Decision was unlawful due to its listing of only a portion of the Central Valley *O. mykiss* distinct population segment, in accordance with Alsea Valley Alliance v. Evans, 161 F.Supp.2d 1154, 1162 (D. Or. 2001), *appeal dismissed by* Alsea Valley Alliance v. Department of Commerce, 358 F.3d 1181, (9th Cir.(Or.) Feb 24, 2004). Defendants admitted that the Listing Decision was legally flawed with respect it its treatment of hatchery populations, but requested that the listing remain in place pending NMFS' reconsideration of the decision, and its underlying listing policies. Defendant-Intervenor-Applicants opposed the motion, but in the alternative, asked that the Listing Decision remain in place pending agency review and reconsideration.

On April 12, 2004, this Court issued its Memorandum Decision and Order on Plaintiffs' Motion for Summary Judgment (Exhibit A hereto). The Order (granted Plaintiffs motion for summary judgment as to admitted flaws in the Listing Decision relating to natural-spawned and hatchery spawned Central Valley steelhead classifications, and (2) granted Defendants and Intervenors' request to Stay the Order upon certain terms and conditions. The Order concluded that if Defendants remand and review of the Listing Decision is not completed, and a lawful




PDF created with pdfFactory trial version www.pdffactory.com

promulgation of the listing is not completed, on or before June 11, 2005, Defendants shall show cause, if any they have, on July 11, 2005 why the listing should not be vacated as unlawful.

Defendants did not complete remand and review of the Listing Decision by June 11, 2005. Instead, Defendants requested two extensions of the stay. On February 14, 2005, this Court granted Defendant's request for an extension of the stay of the April 2004 Order from June 11, 2005 to June 14, 2005, based on Defendant's expectation that a revised final listing determination would be completed by June 14, 2005. On September 12, 2005, this Court granted Defendant's second request such that the say was extended through December 14, 2005. (Exhibit B hereto). This Court's September 12, 2005 Order stated that the Listing Decision would remain in effect through December 14, 2005 and that if Defendants had not finalized the new listing by that date, they bore the burden to move this Court for any further extension or other relief.

Defendants did not finalize the new listing by December 14, 2005 and did not move this Court for any further extension of the stay or other relief, nor was any such relief granted. Rather, Defendants promulgated a new listing decision on December 23, 2005, which was published in the Federal Register on January 5, 2006 (71 FR 834), and shall take effect on February 6, 2006.

Therefore, based on this Court's Orders of April 12, 2004 and September 12, 2005, the Listing Decision at issue in this case is vacated, and of no force and effect.

Plaintiffs are free to challenge the new listing decision promulgated by Defendants to the extent it does not address the concerns raised in this litigation and in comments filed with Defendants by Plaintiffs and others in the administrative proceedings leading up to the new listing decision. The parties agree that the new case, which is to be filed in the Eastern District of California, Fresno Division, is a related case to case number 1:02-cv-6553 OWW DLB and to conserve judicial resources, to achieve economy, and to avoid duplication and potential inconsistency, that the new case shall be related to case number 1:02-cv-6553 OWW DLB.

The parties further agree that the Defendant-Intervenors, Northern California Council of Federation of Fly Fishers, Federation of Fly Fishers, Delta Fly Fishers, Woodbridge Rivers Company, Trout Unlimited, the Center for Biological Diversity and Pacific Rivers Council shall



PDF created with pdfFactory trial version www.pdffactory.com

be granted intervention status in the new case without further motion or order and that Pacific Legal Foundation shall be granted amicus status in the new case without further motion or order.

As successful parties in an action brought pursuant to the Endangered Species Act, 16 U.S.C. § 1531 et seq., this Court will entertain plaintiffs' motion for attorneys fees and costs.

ACCORDINGLY, IT IS ORDERED that Plaintiffs' Motion for Summary Judgment is Granted and the Listing Decision is Vacated.

THE CLERK OF THE COURT IS DIRECTED TO ENTER JUDGMENT FOR PLAINTIFFS.

DATED:__May 12________, 2006

/s/ OLIVER W. WANGER___________
Oliver W. Wanger
UNITED STATES DISTRICT JUDGE





PDF created with pdfFactory trial version www.pdffactory.com