**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOCKTON EAST WATER DISTRICT, et al., | |
| Plaintiffs, | No. 04-541 L |
| v. | Judge Christine Odell Cook Miller |
| UNITED STATES, | |
| Defendant. | |

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY**

Plaintiffs Stockton East Water District, Central San Joaquin Water Conservation District, County of San Joaquin, City of Stockton, and California Water Service Company, hereby move this Court for an order *in limine* prohibiting Defendant from offering any expert testimony from the following witnesses: Chester Bowling, John Burke, Michael Delamore, Paul Fujitani, Roger Guinee, Derek Hilts, Dan Meier, Roger Patterson, Lloyd Peterson, Lowell Ploss, and Kirk Rodgers.

As grounds for this motion Plaintiffs state that these witnesses were not made available for deposition after Defendant designated them as experts on September 11, 2006, in accordance with Rule 26(b)(4)(A) of the Rules of the Court of Federal Claims (RCFC). In addition, Defendant did not provide Plaintiffs with expert reports for Lowell Ploss, Chester Bowling, Roger Patterson, and John Burke as required by RCFC 26(a)(2)(B). Accordingly, as an additional but independent ground, these four witnesses should not be allowed to testify as experts at the upcoming trial in this case.

## ARGUMENT

### A. Defendant Has Refused to Make These Witnesses Available for Deposition After They Were Designated as Experts and After Defendant Asserted Its Sovereign Act Defense

Under RCFC 26(b)(4)(A) "[a] party may depose any person who has been identified as an expert and whose opinion may be presented at trial." The rules of this Court, as well as the parallel provision in the Federal Rules of Civil Procedure, provide an unequivocal right to depose an expert witness, regardless of when that witness is disclosed or whether the expert is required to furnish the opposing side with an expert report. *See, e.g.*, *Smith v. State Farm Fire and Cas. Co*., 164 F.R.D. 49, 56 (S.D. W. Va. 1995) ("If the expert witness is not 'retained' or 'specially employed,' Rule 26(a)(2)(B) does not require such a person to prepare and sign a written report, but does allow Defendants to take that person's deposition."); *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995) ("The depositions of any person identified as an expert witness may be taken. . . ."); 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2029 ("[I]n 1993[,] Rule 26(b)(4)(A) was amended to make depositions of testifying experts routinely available.")

Defendant has refused to allow Plaintiffs to depose these 11 witnesses following their designation as experts, and following Defendant's assertion of its sovereign act defense, leaving Plaintiffs entirely in the dark as to the nature of their expert opinions. *See* Ex. A. ¶ 3–4 (Declaration of J. Spaletta). Discovery in this case closed on June 15, 2005 (although a few depositions were taken after that date by agreement between the parties). During the period of discovery, Plaintiffs deposed all of the witnesses that Defendant had disclosed in its RCFC 26 disclosures, including 10 of the witnesses later named as experts. All were deposed as fact

witnesses only and, because Defendant had not at that time pleaded a sovereign acts defense in its Answer, were not examined on the issue of impossibility due to passage of CVPIA.

Following the close of discovery, on October 24, 2005, Defendant filed an Expert Witness Disclosure, indicating that Lowell Ploss, Chester Bowling, Roger Guinee, and Roger Patterson would now be called as expert witnesses.[1] On September 11, 2006, Defendant identified the remaining witnesses subject to this motion, John Burke, Michael Delamore, Paul Fujitani, Derek Hilts, Dan Meier, Lloyd Peterson, and Kirk Rodgers, as expert witnesses. Defendant has, however, refused to make these expert witnesses available for deposition by Plaintiffs, asserting that their deposition as fact witnesses is all Plaintiffs are entitled to. Plaintiffs thus have no inkling what these witnesses will say regarding impossibility created by CVPIA, nor even the subject matter of any other expert testimony they may be asked to give. The difficulty is compounded by Defendant's refusal to supply expert reports which might give Plaintiffs some notion of the opinions of these alleged experts, their qualifications, and the basis of those opinions.

This "depose first, disclose later" strategy is fundamentally unfair, as it deprives the opposing party of all opportunity to examine these proffered experts. It is also flatly contrary to the rules of this Court and the intent of the Appendix A process. Accordingly, because Defendant has refused to make these witnesses available for deposition after their expert designations, this Court should exclude any testimony these witnesses intend to give that is admissible under Federal Rule of Evidence 702.

---

[1] Lawrence Bauman, John Renning, and Peggy Manza were also identified as experts in that October 24, 2005 filing. However, Defendant does not intend to call Messrs. Bauman and Renning as experts at trial. Def.'s Preliminary Witness List at 1, 7-8, and Plaintiffs have been supplied an expert report and given the opportunity to re-depose Ms. Manza (Plaintiffs have contemporaneously filed a separate motion *in limine* with regard to Ms. Manza).

**B. Defendant Also Refused to Provide Plaintiffs With Expert Reports for Retained or Specially Employed Expert Witnesses**

RCFC 26(a)(2)(B) requires that all expert witnesses must provide an expert witness report unless the witness is employed by the party and does not regularly give expert testimony:

> Except as otherwise stipulated or directed by the court, [the disclosure of expert testimony] shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.

RCFC 26(a)(2)(B). The appropriate sanction for any party's failure to provide the expert witness report required by Rule 26 is to bar that witness from providing the expert testimony at trial. *See* RCFC 37(c)(1) ("a party that without substantial justification fails to disclose information required by RCFC 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not disclosed."); *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996) ("The sanction of exclusion is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless.")

Here, Defendant has designated the following witnesses as experts, Lowell Ploss, Chester Bowling, Roger Patterson, and John Burke, but has refused to provide Plaintiffs with expert reports for these witnesses as required by RCFC 26. Defendant has defended its refusal to provide the required expert reports on the ground that these witnesses are government employees. *See* Ex. B (July 28, 2006 Letter from K. Tardiff to J. Spaletta). In point of fact, however, these witnesses are not regular employees; rather, they have all retired and have only been retained for the specific purpose of testifying in this litigation, thus bringing their expert testimony squarely within the requirement of Rule 26 to provide an expert witness report. *See* RCFC 26(a)(2)(B) (stating that witnesses "retained or specially employed to provide expert

testimony," with no duties other than to testify in this lawsuit); *see also* Ex. C (excerpts of deposition testimony of Ploss, Bowling, and Patterson, on this point).

In Defendant's letter to Plaintiffs' counsel, Jennifer Spaletta, dated July 28, 2006, (Exhibit B), Defendant relied on several cases as support for its position that these witnesses should not be required to provide an expert witness report. *See* Ex. B at 2 (citing *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004); *Hawkins v. Graceland*, 210 F.R.D. 210, 211 (W.D. Tenn. 2002); *Harms v. Lab. Corp. America*, 155 F.Supp.2d 891, 902-04 (N.D. Ill. 2001); and *Minnesota Mining & Mfg. Co. v. Signtech USA, Ltd.*, 177 F.R.D. 459, 460-01 (D. Minn. 1998)). These cases are all readily distinguishable from the situation here. First, in all but one of these cases, there was no doubt that the expert was a regular employee of the party calling the expert and, therefore, was not required to provide a report.[2] Here, however, there can be no argument made that Messrs. Ploss, Bowling, Patterson, and Burke, are regular employees of Defendant. These witnesses have all retired.[3]

Second, this Court should reject Defendant's suggestion that these disclosed experts need not prepare reports because their opinions derive from their on-the-job experiences and observations. RCFC 26 provides no such exception. RCFC 26(a)(2)(B) contemplates three

---

[2] The one exception is *Hawkins v. Graceland*, 210 F.R.D. 210 (W.D. Tenn. 2002). There the expert was not required to provide an expert report because he was a treaty physician. An exception for treating physicians is specifically contemplated by the Advisory Committee Notes to Federal Rule of Civil Procedure 26.

[3] At the time of Mr. Burke's deposition in this case he was employed by Reclamation; however, in Defendant's preliminary witness list it indicates that "[p]rior to June 2, 2006, he was employed in the Central Valley Operations (CVO) Office, Mid-Pacific Region, Bureau of Reclamation. . . ." Def.'s Prelim. Witness List at 2. Plaintiffs assume this to mean that Mr. Burke no longer works for Reclamation. If Plaintiffs' assumption is incorrect (i.e. that Mr. Burke still is a regular employee of Reclamation and not a rehired annuitant or similar), Plaintiffs withdraw their objection to Mr. Burke on this ground.

categories of experts that may give testimony: 1) employees, 2) experts that are "retained or specially employed," and 3) employees whose duties "regularly involve giving expert testimony." The plain language requires experts in the latter two categories to provide reports. *Navajo Nation v. Norris*, 189 F.R.D. 610, 613 (E.D. Wash 1999) ("[T]he plain language of FRCP 26(a)(2)(B) requires the report only of experts in the two explicit categories stated.")[4]; *Duluth Lighthouse for the Blind v. C.G. Bretting Mfg. Co., Inc.*, 199 F.R.D. 320, 325 (D.Minn. 2000) ("[T]he drafters of the Rule 26(a)(2) could have broadly included employee-experts within the scope of the expert disclosure requirements, but they chose not to do so.") In short, there is no exception, as Defendant suggests in its letter to Plaintiffs' counsel, for "witnesses whose testimony derives from personal knowledge or involvement in the matter which is the subject of the litigation." Accordingly, as Messrs. Ploss, Bowling, Patterson, and Burke are all *former* employees of Reclamation "retained or specially employed" to give expert testimony in this case—they must provide expert reports.

Therefore, because Defendant has not furnished Plaintiffs with the expert witness reports for Lowell Ploss, Chester Bowling, Roger Patterson, and John Burke, these witnesses should not be allowed to testify as experts in this trial.

---

[4] The Court in *Navajo Nation* went on to state that:

> Those who drafted FRCP 26(a)(2)(B) could simply have required reports for all employee-experts if that is what they had intended. Neither the *Day* nor the *Minnesota Mining* opinions attempt to explain why they did not. This Court finds that the absence of such an explanation together with the plain language of the rule make those cases unpersuasive as contrary to the plain language of FRCP 26(a)(2)(B).

*Navajo Nation v. Norris*, 189 F.R.D. 610, 613 (E.D. Wash 1999).

## CONCLUSION

Accordingly, for the foregoing reasons Plaintiffs motion in limine should be granted, and the above-listed witnesses should not be allowed to offer any testimony as an expert in this trial.

Respectfully submitted,

s/ Roger J. Marzulla
Roger J. Marzulla
Nancie G. Marzulla
Marzulla & Marzulla
1350 Connecticut Ave., N.W.
Suite 410
Washington, DC 20036
(202) 822-6760
(202) 822-6774 (facsimile)

Dated: September 29, 2006

Counsel for Plaintiffs

Of Counsel:
Jeanne M. Zolezzi
Jennifer L. Spaletta
Herum Crabtree Brown
2291 West March Lane, Suite B100
Stockton, CA 95207
(209) 472-7700
(209) 472-7986 (facsimile)