IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STOCKTON EAST WATER DISTRICT, et al., Plaintiffs, | No. 04-541 L |
| v. | Judge Christine Odell Cook Miller |
| UNITED STATES, Defendant. | |

**DECLARATION OF JENNIFER L. SPALETTA**

I, Jennifer L. Spaletta, pursuant to 28 U.S.C. § 1746, hereby declare:

1. I am an attorney for Plaintiffs in this case and was the attorney primarily responsible for the depositions of witnesses identified by the United States, including most of the individuals now identified by Defendant as expert witnesses.

2. At the time that these individuals were deposed, they had not been identified as experts and the Defendant had not raised the "impossibility" or sovereign acts defense in this case.

3. After the Court's ruling on Summary Judgment, I spoke to counsel for the United States, William Shapiro, on numerous occasions to request that either Mr. Shapiro make the individuals identified as experts available for deposition or stipulate that they not be allowed to provide FRE 702 testimony or opinions related to "reasonable" operations or "impossibility." The first such occasion was in early June 2006. I followed up with an e-mail on June 26, 2006 (attached hereto as Exhibit A). These discussions continued throughout the summer without a commitment from Defendant's counsel. I confirmed this request to Mr. Shapiro by letter of July

19, 2006 (Exhibit B hereto). Ms. Tardiff, counsel for Defendant, refused the request by letter of July 28, 2006 (Exhibit C hereto).

4. We continued to confer with Defendant's counsel about this issue in telephone conferences and by e-mail. At the meeting of counsel on September 11, 2006, we again requested that Defendants either make their identified experts available for deposition or stipulate that they may not testify as to matters covered by F.R.E. 702 at trial. Defendant's counsel refused this stipulation and further refused to make the identified experts, other than Ms. Manza, available for deposition prior to trial.

I declare under penalty of perjury that what I have said in this declaration is true and correct.

Executed on September 29, 2006

s/ Jennifer L. Spaletta
Jennifer L. Spaletta

# EXHIBIT A

**From:** Jennifer L. Spaletta
**Sent:** Monday, June 26, 2006 11:56 AM
**To:** 'WILLIAM.SHAPIRO@USDOJ.GOV'
**Cc:** Jeanne Zolezzi; 'Roger Marzulla'; nancie@marzulla.com
**Subject:** SEWD et al. v. US

Dear Bill:

Thank you for your phone message. I am preparing a stipulation to reflect expert disclosures by July 20, rebuttal expert disclosures by August 20, and expert depositions completed by September 20th. I will also include our agreement about the scope of the liability trial. I will forward to you for review.

One outstanding issue is the matter of your disclosure of current employees and retired annuitants as experts. It is our position that any opinion testimony on the technical issues surrounding reasonableness or impossibility is expert testimony. If it comes from a current employee such as Peggy Manza, she must be disclosed as an expert. While she may not be required to have a formal expert report, any information she will rely on that has not already been disclosed, must be. Also, if the opinions are to come from a retained or specially employed person, the disclosure must include the required expert report. We consider the retired annuitants that you have hired to provide testimony in this case to be specially employed for that purpose, requiring an expert report for any opinions they will provide at trial. For example, if Roger Patterson will testify that there was no possible or reasonable operation of the CVP in a given year that would have provided more water to Plaintiffs, he needs to have an expert designation and supporting report for that opinion.

Please let me know if you agree or disagree so that we may either include our agreement in the stipulation, or we can proceed with an appropriate motion.

Thank you,

**Jennifer L. Spaletta**
HERUM CRABTREEBROWN
2291 W. March Lane, Suite B-100
Stockton, California 95207
Phone:(209) 472-7700
Fax:(209) 472-7986
jspaletta@herumcrabtree.com

---------------------------------------------------------------------

[This electronic mail transmission and any accompanying documents are privileged and confidential and are intended only for review of the addressee(s). If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.]

# EXHIBIT B

HCB
HERUM CRABTREE BROWN
Attorneys At Law

**Jennifer L. Spaletta**
jspaletta@herumcrabtree.com

July 19, 2006

**VIA EMAIL AND U.S. MAIL**

William Shapiro, Esq.
Environment and Natural Resources Division
Natural Resources Section
501 I Street, Suite 9-700
Sacramento, California 95814
Email: William.Shapiro@usdoj.gov

Re: Stockton East Water District/Federal Court of Claims Action (S.E.W.D. v. United States)

Dear Mr. Shapiro:

This letter follows our phone conferences and e-mails over the past six weeks regarding matters of expert disclosure in this case.

We have agreed to a date for expert disclosure deadline of August 11, 2006 with rebuttal experts to be disclosed in accordance with rules, but no later than September 5, 2006. I would appreciate your reply to my proposed stipulation so that we may request that the Court approve this agreement.

We have not been able to agree on whether or not the experts that the United States has disclosed, and who have been hired out of retirement to work on this case, must provide an expert report. It is Plaintiffs position that any specially retained expert hired to provide expert testimony in this case must provide an expert report in accordance with the RCFC. We consider the retired annuitants that you have specially retained for this case (Mr. Ploss, Mr. Bowling, Mr. Patterson, and Mr. Renning) to fall in this category. You disagree and have asserted that these witnesses may testify as to facts related to their jobs (while they were regularly employed) without providing an expert report.

If these retired gentlemen were truly limited to testifying to facts based on their recollection of what occurred during their regular employment, we would not have an issue. However, in the summary judgment proceedings in this case the United States offered the declarations of these individuals to testify as to matters of expert opinion far beyond the scope of their prior employment. It is clear that these individuals are being paid to review

additional documents and facts and to opine for the government for the purposes of advancing the government's position in this case. This is the classic definition of a retained expert who must provide an expert report. Please be advised that if this testimony is not properly disclosed in an expert report prior to trial in accordance with our stipulation, we will move to exclude all such testimony.

You should also be aware that prior counsel for the government in this case took a very narrow view of what these witnesses could testify to in their respective depositions. Thus, we have not had the opportunity to depose them about any expert opinions that they may proffer, including those that they attempted to proffer during summary judgment proceedings. We will re-depose each of your disclosed experts for this purpose in August.

Should you wish to discuss this matter further, please call.

Very truly yours,

JENNIFER L. SPALETTA
Attorney-at-Law

JLS/nf

cc: Roger Marzulla (via email)

# EXHIBIT C

**U.S. Department of Justice**

*Environment & Natural Resources Division*
*Natural Resources Section*

*90-1-23-11184*

*c/o U.S. Attorney's Office*
*Federal Building*
*53 Pleasant Street, 4th Floor*
*Concord, New Hampshire 03301*

*Main Tel. No. 603-225-1552*
*Direct Tel. No. 603-230-2583*
*Fax No. 603-225-1577*
*E-mail: kristine.tardiff@usdoj.gov*

July 28, 2006

**By E-Mail**

Jennifer L. Spaletta
Herum Crabtree Brown, P.C.
2291 West March Lane, Suite B100
Stockton, CA 95207
jspaletta@herumcrabtree.com

Re: *Stockton East Water Dist. v. United States*, No. 04-541 (Fed. Cl.)

Dear Ms. Spaletta:

This letter is in response to your letter of July 19, 2006, regarding expert disclosures in this case. In this letter, you reiterate Plaintiffs' position that certain government employees are required to produce expert reports under RCFC 26(a)(2).

We disagree with your interpretation of the requirements of RCFC 26(a)(2). That rule, like its counterpart in the Federal Rules of Civil Procedure, requires that the disclosure of expert witnesses be accompanied by an expert report when the witness "is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony[.]" RCFC 26(a)(2)(B). The federal rules make a distinction between a witness who is "retained or specially employed to provide expert testimony" and an expert witness "whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit." Fed. R. Civ. P. 26, Advisory Committee Notes, 1970 Amendments; see also Fed. R. Civ. P. 26, Advisory Committee Notes, 1993 Amendments (explaining that "[a] treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."). The government witnesses you are seeking to compel expert reports from – Mr. Ploss, Mr. Bowling, Mr. Patterson, and Mr. Renning – all fall into the latter category. As indicated in their declaration and deposition testimony in this case, each of these witnesses was employed by the government and was actually involved during that employment with the operation of the Central Valley Project and the specific issues that gave rise to this litigation.

Case law on this subject is rather extensive and confirms that the determination of whether an testifying witness must produce an expert report under Rule 26 focuses on the substance of the witnesses testimony rather than his status as a "lay witness" or an "expert witness." An employee who is providing expert testimony but has "no connection to the specific events underlying this case apart from his preparation for trial" is required to produce an expert report. Prieto v. Malgor, 361 F.3d 1313, 1318 (11th Cir. 2004). However, expert reports are not required from witnesses whose testimony derives from personal knowledge or involvement in the matter which is the subject of the litigation. Hawkins v. Graceland, 210 F.R.D. 210, 211 (W.D. Tenn. 2002); Harms v. Lab. Corp. of America, 155 F. Supp.2d 891, 902-04 (N.D. Ill. 2001); Minnesota Mining & Mfg. Co. v. Signtech USA, Ltd., 177 F.R.D. 459, 460-61 (D. Minn. 1998). As noted above, at the present time, the government witnesses identified in your letter fall into this latter category.

Your letter further indicates that you would like to re-depose each of these four witnesses on the ground that you were precluded from making certain inquiries during their prior depositions. Before we can agree to schedule further depositions of these individuals, please detail for us the subject matter that you believe you were precluded from exploring with each witness.

If you would like to discuss any of these matters further, please feel free to call me or Bill.

Very truly yours,

Kristine S. Tardiff
Kristine S. Tardiff
Trial Attorney

cc by electronic mail:
William Shapiro, U.S. Dept. of Justice
James Turner, U.S. Dept. of the Interior
Shelly Randel, U.S. Dept. of the Interior
Roger Marzulla (roger@marzulla.com)
Nancie Marzulla (nancie@marzulla.com)