# EXHIBIT B

**U.S. Department of Justice**

*Environment & Natural Resources Division*
*Natural Resources Section*

*90-1-23-11184*

*c/o U.S. Attorney's Office*
*Federal Building*
*53 Pleasant Street, 4th Floor*
*Concord, New Hampshire 03301*

*Main Tel. No. 603-225-1552*
*Direct Tel. No. 603-230-2583*
*Fax No. 603-225-1577*
*E-mail: kristine.tardiff@usdoj.gov*

July 28, 2006

**By E-Mail**

Jennifer L. Spaletta
Herum Crabtree Brown, P.C.
2291 West March Lane, Suite B100
Stockton, CA 95207
jspaletta@herumcrabtree.com

Re: *Stockton East Water Dist. v. United States*, No. 04-541 (Fed. Cl.)

Dear Ms. Spaletta:

This letter is in response to your letter of July 19, 2006, regarding expert disclosures in this case. In this letter, you reiterate Plaintiffs' position that certain government employees are required to produce expert reports under RCFC 26(a)(2).

We disagree with your interpretation of the requirements of RCFC 26(a)(2). That rule, like its counterpart in the Federal Rules of Civil Procedure, requires that the disclosure of expert witnesses be accompanied by an expert report when the witness "is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony[.]" RCFC 26(a)(2)(B). The federal rules make a distinction between a witness who is "retained or specially employed to provide expert testimony" and an expert witness "whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit." Fed. R. Civ. P. 26, Advisory Committee Notes, 1970 Amendments; see also Fed. R. Civ. P. 26, Advisory Committee Notes, 1993 Amendments (explaining that "[a] treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."). The government witnesses you are seeking to compel expert reports from – Mr. Ploss, Mr. Bowling, Mr. Patterson, and Mr. Renning – all fall into the latter category. As indicated in their declaration and deposition testimony in this case, each of these witnesses was employed by the government and was actually involved during that employment with the operation of the Central Valley Project and the specific issues that gave rise to this litigation.

Case law on this subject is rather extensive and confirms that the determination of whether an testifying witness must produce an expert report under Rule 26 focuses on the substance of the witnesses testimony rather than his status as a "lay witness" or an "expert witness." An employee who is providing expert testimony but has "no connection to the specific events underlying this case apart from his preparation for trial" is required to produce an expert report. Prieto v. Malgor, 361 F.3d 1313, 1318 (11th Cir. 2004). However, expert reports are not required from witnesses whose testimony derives from personal knowledge or involvement in the matter which is the subject of the litigation. Hawkins v. Graceland, 210 F.R.D. 210, 211 (W.D. Tenn. 2002); Harms v. Lab. Corp. of America, 155 F. Supp.2d 891, 902-04 (N.D. Ill. 2001); Minnesota Mining & Mfg. Co. v. Signtech USA, Ltd., 177 F.R.D. 459, 460-61 (D. Minn. 1998). As noted above, at the present time, the government witnesses identified in your letter fall into this latter category.

Your letter further indicates that you would like to re-depose each of these four witnesses on the ground that you were precluded from making certain inquiries during their prior depositions. Before we can agree to schedule further depositions of these individuals, please detail for us the subject matter that you believe you were precluded from exploring with each witness.

If you would like to discuss any of these matters further, please feel free to call me or Bill.

Very truly yours,

Kristine S. Tardiff
Trial Attorney

cc by electronic mail:

William Shapiro, U.S. Dept. of Justice
James Turner, U.S. Dept. of the Interior
Shelly Randel, U.S. Dept. of the Interior
Roger Marzulla (roger@marzulla.com)
Nancie Marzulla (nancie@marzulla.com)