**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STOCKTON EAST WATER DISTRICT, CENTRAL SAN JOAQUIN WATER CONSERVATION DISTRICT, SAN JOAQUIN COUNTY, CITY OF STOCKTON, CALIFORNIA WATER SERVICE COMPANY, | ) | |
| Plaintiffs, | ) | No. 04-541 L<br>Judge Christine Odell Cook Miller |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

NOTICE OF TAKING DEPOSITION
UPON ORAL EXAMINATION

Pursuant to RCFC 26(b) and 30, counsel for Plaintiffs will depose PEGGY MANZA, United States Bureau of Reclamation, commencing at 1:00 p.m. on September 12, 2006. The deposition will take place at the offices of Herum Crabtree Brown, 2291 West March Lane, Suite B100, Stockton, California, 95207. The testimony shall be recorded by stenographic, videotape and Realtime means. The deposition will be used for discovery and for any other use permitted under the Rules of the United States Court of Federal Claims.

Pursuant to RCFC 34, the deponent is requested to bring with her all documents, files, and other tangible things, supporting the opinions expressed or underlying her Rebuttal Expert Report dated August 25, 2006, including but not limited to all items:

(1) Regarding "reasonable and prudent standard procedures for reservoir operations" for New Melones Reservoir and every other reservoir in the Central Valley Project.

(2) Regarding the meaning of "long-term sustainability of the project to meet its permit obligations as well as contractual commitments" as used in Ms. Manza's report of August 25, 2006.

(3) Regarding "drought planning" and "the need to conserve some in storage for future years when reservoir inflow is insufficent to meet all project needs and purposes" as those terms are used in Ms. Manza's report of August 25, 2006.

(4) Regarding Reclamations decision making process "to operate New Melones in a fairly conservative manner, such that sufficient water is carried over at the end of the year to be able to protect against potential future occurrence of a series of dry years which would strain the reservoir's ability to continue to meet project purposes without drawing on storage."

(5) Regarding "reasonable rules of reservoir operation" as that term is used in Ms. Manza's report of August 25, 2006.

(6) Supporting the opinion that "The historical inflow varied from less than 300,000 acre-feet to nearly 3,000,000 acre-feet, and several multi-year sequences of lower than average inflow have occurred" and that "these sequences may recur at any time."

(7) Supporting the opinion that "the imposition of additional depletions (up to 155,000 acre-feet) from New Melones Reservoir results in lowered storage and the need to potentially alter diversions from those that occurred historically" sufficient to identify

in which years this was an issue, as to how much water, and for what purpose the altered diversions would have been needed.

(8) Supporting the opinion that additional deliveries to the Plaintiffs would have caused "unfavorable temperature conditions in the Stanislaus River below New Melones" sufficient to identify support for this claim, in which years this was an issue, as to how much water, as to the authority that Reclamation had to address temperature issues as part of its operational decision making, and as to how Reclamation has accounted for any water held in storage for temperature control purposes for each year of the relevant time period.

This request includes, but is not limited to, personal files, the definition of which includes but not limited to electronic mail and other electronic documents which exist on personal or company computers, servers, and hard drives, as well as paper documents of any kind (whether business or personal), including electronic or paper calendars, organizers, memoranda, handwritten or typewritten notes, or any other writings of whatever kind or description. This request also includes correspondence, whether in paper or electronic form.

This deposition will continue from day to day until completed.

Dated: ~~August~~ 9/1, 2006

Jennifer Spaletta for
Roger J. Marzulla
Nancie G. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Avenue, N.W.
Suite 410
Washington, D.C. 20036
(202) 822-6760
(202) 822-6774 (facsimile)

Jeanne M. Zolezzi
Jennifer L. Spaletta
Herum Crabtree Brown
2291 West March Lane
Suite B100
Stockton, CA 95207
(209) 472-7700
(209) 472-7986 (facsimile)

Counsel for Plaintiffs

# CERTIFICATE OF SERVICE

I, Kay Faustine, certify and declare as follows:

I am over the age of 18 years, and not a party to this action. My business address is 2291 West March Lane, Suite B100, Stockton, California 95207, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing. On September 1, 2006 at my place of business a copy of NOTICE OF TAKING DEPOSITION UPON ORAL EXAMINATION for PEGGY MANZA was placed for deposit following ordinary course of business as follows:

[XX] **BY U.S. MAIL** with the United States Postal Service in a sealed envelope, with postage thereon fully prepaid.

The envelope(s) were addressed as follows:

William Shapiro
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
General Litigation Section
501 I Street, Suite 9-700
Sacramento, California 95814
*Facsimile (916) 930-2210*
william.shapiro@usdoj.gov

Nancie G. Marzulla
Roger J. Marzulla
Marzulla & Marzulla
1350 Connecticut Ave., N.W., Suite 410
Washington, DC 20036
*Facsimile (209) 822-6774*
roger@marzulla.com

Kristine S. Tardiff
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
*Facsimile (603) 225-1577*
kristine.tardiff@usdoj.gov

James E. Turner, Esq.
United States Department of the Interior
Office of the Regional Solicitor
Pacific Southwest Region
2800 Cottage Way, Room E-1712
Sacramento, California 95825
*Facsimile (916) 978-5694*

[ ] **BY FEDERAL EXPRESS/OVERNIGHT MAIL** in a sealed envelope, with postage thereon fully prepaid. [Code Civ. Proc., §§ 1013(c), 2015.5.]

[XX] **BY ELECTRONIC MAIL.**

[ ] **BY FACSIMILE** at approximately _____ __.m. by use of facsimile machine telephone number (209) 472-7986. I caused the facsimile machine to print a transmission record of the transmission, a copy of which is attached to this declaration. The transmission was reported as complete and without error. [Cal. Rule of Court 2008 and 2003(3).]

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: September 1, 2006

Kay Faustine

KAY FAUSTINE