**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STOCKTON EAST WATER DISTRICT, CENTRAL SAN JOAQUIN WATER CONSERVATION DISTRICT, SAN JOAQUIN COUNTY, STOCKTON CITY, CALIFORNIA WATER SERVICE COMPANY, | ) | |
| Plaintiffs, | ) | No. 04-541 L |
| v. | ) | Judge Christine Odell Cook Miller |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFFS' EXHIBITS**

In accordance with Appendix A, ¶¶ 14(a)(3) and 15, Defendant, the United States of America, hereby submits the following objections to certain documents listed on Plaintiffs' Trial Exhibit List (Doc. #110). As discussed below, certain documents listed on Plaintiffs' Trial Exhibit List are irrelevant because they are related to infrastructure development and construction, including Plaintiffs' alleged damages incurred in furtherance of those efforts. Those documents are not relevant to the liability portion of this case and should therefore be excluded from trial. In addition, Plaintiffs failed to identify or produce certain documents in accordance with the Rules of this Court. Accordingly, those documents should be excluded from trial.

A. Documents Related to Infrastructure Development and Construction and Plaintiffs' Alleged Damages

Plaintiffs list several documents that are related to Plaintiffs' development and construction of certain facilities designed to transport water from New Melones Reservoir.

Included in this category are documents that appear to relate only to damages that Plaintiffs allegedly incurred in furtherance of these construction efforts. Defendant has previously filed a Motion *in Limine* to Exclude Evidence Relating to Damages (Doc. # 113), and incorporates that argument here by reference.

As discussed in Defendant's Motion, this case is bifurcated by agreement of the parties and order of the Court. Accordingly, documents relating to damages are not admissible in the upcoming trial. In addition, the parties agree that it was Plaintiffs' responsibility to "construct and install, without cost or expense to the United States, facilities required by the Contractor to take and convey the water from the point or points of delivery." SEWD and Central Contracts at Art. 7(b). Defendant does not intend to argue that it is relieved from liability based on a violation of that provision. Furthermore, Defendant does not dispute for purposes of this trial that certain facilities were indeed built. Defendant, therefore, objects to the following documents, which fall within this category:

| | |
|---|---|
| 227 | Contract Between Central San Joaquin Water Conservation District and Stockton East Water District. (January 31, 1990) (SE16570-SE16585) |
| 228 | Contract between Stockton East Water District and Central, San Joaquin Water Conservation District [for wheeling of water through Lower Farmington Canal] (August 29, 1991). |
| 230 | Stockton East Bond Documents |
| 231 | Central's Bond Documents |
| 232 | Stockton East Budget Documents |
| 233 | Central's Budget Documents |
| 234 | Stockton East's infrastructure planning documents |
| 235 | Central's infrastructure planning documents |
| 236 | November 21, 1990 – Letter to Reid Roberts from James D. Earles of CH2MHILL regarding Consulting Engineer's Report and Report. (CJ02312-CJ02331) (US EX #179) |

| | |
|---|---|
| 237 | Engineering-Science, R.B. Welty & Consultants, USBR Loan Application (New Melones Supply) prepared for Central San Joaquin Water Conservation District (April 1985) |
| 238 | Westhoff-Martin & Associates Financing Plan for Stockton East Water District – New Melones Conveyance Project (December 20, 1989). |
| 239 | Leedshill-Herkenhoff, Inc., New Melones Water Conveyance Project Summary Report prepared for the City of Stockton (December 1989) (US 003317-3327) |
| 281 | DVD showing construction of the Goodwin Tunnel |

B. Documents that Were Never Produced to Defendant or Are Not Adequately Identified

On September 28, 2006, Defendant filed a Motion *in Limine* to Exclude Exhibits That Have Not Been Produced or Identified as Required Under RCFC Appendix A (Doc. # 112), identifying several documents that Plaintiffs had failed to properly identify or produce to Defendant as required by the Rules of this Court. The grounds supporting exclusion of those documents are discussed in Defendant's Motion *in Limine*, and incorporated here by reference. Accordingly, Defendant objects to the following documents on the grounds stated in Defendant's Motion *in Limine*:

| | |
|---|---|
| 230 | Stockton East Bond Documents |
| 231 | Central's Bond Documents |
| 232 | Stockton East Budget Documents |
| 233 | Central's Budget Documents |
| 234 | Stockton East's infrastructure planning documents |
| 235 | Central's infrastructure planning documents |
| 261 | Documents Regarding the City of Stockton's Delta Water Supply Project |
| 262 | Modeling of operations provided to the SWRCB by the United States to obtain storage and direct diversion rights. |
| 263 | Testimony submitted to the SWRCB by the United States to obtain storage and direct diversion rights. |
| 273 | Exhibits prepared to explain Mr. Dotan's opinion, such as tables and graphs summarizing the data relied on or the results of model runs. |

| | |
|---|---|
| 275 | Annual forecasts for New Melones prepared by the Bureau of Reclamation |
| 277 | Chart of Allocations to all CVP contractors during relevant time period |

In addition, Defendant reserves the right to object to the following documents, which Plaintiffs have not yet been produced:

| | |
|---|---|
| 279 | Maps for Illustrative Purposes of the Region, conveyance system, each Plaintiff's area of delivery or prospective delivery |
| 280 | Maps and Photos of New Melones Conveyance System |

In addition to the above, Defendant notes that it also filed a Motion in Limine to Exclude Plaintiffs' Exhibit 282 (Doc. #119). Plaintiffs describe their Exhibit 282 as a "Summary of Force Majeure Clauses in Other CVP Contracts." The grounds supporting exclusion of this document are discussed in Defendant's Motion and are incorporated here by reference.

C. Response to Plaintiffs' Objections to Defendant's Exhibits

In conjunction with their pretrial brief, Plaintiffs have filed a summary objection to nearly all of Defendant's exhibits. Because Plaintiffs offer no substantive discussion of any of their objections, no response is possible at this point. To the extent Plaintiffs object on the grounds of relevance, the relevance of these documents will be established at trial. Defendant reserves the right to respond to these objections as appropriate at trial.

D. Conclusion

For the reasons stated above, Defendant objects to the above-referenced documents and requests Plaintiffs be prevented from introducing these documents at trial. In addition, Defendant reserves its right to object to additional documents as necessary during trial.

Dated: October 9, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

s/ William J. Shapiro
WILLIAM J. SHAPIRO
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
501 I Street, Room 9-700
Sacramento, CA 95814
(tel) (916) 930-2207

Counsel of Record for Defendant

KRISTINE S. TARDIFF
United States Department of Justice
Environment and Natural Resources Division
53 Pleasant Street, 4th Floor
Concord, NH 03301

LUTHER L. HAJEK
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, DC 20044-0663

OF COUNSEL:
SHELLY RANDEL
United States Department of the Interior
Office of the Solicitor
Branch of Water and Power
Division of Land and Water Resources
1849 C St., N.W.
Washington, DC

JAMES E. TURNER
Assistant Regional Solicitor
United States Department of the Interior
Office of the Regional Solicitor
Pacific Southwest Region

2800 Cottage Way, Room E-1712
Sacramento, CA 95825