**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **STOCKTON EAST WATER DISTRICT,** et al.,<br>Plaintiffs,<br>**v.**<br>**UNITED STATES,**<br>Defendants. | **Case No. 04-541 L**<br>**Judge Christine Odell Cook Miller**<br>**ELECTRONICALLY FILED ON October 10, 2006** |

**APPLICATION OF THE CALIFORNIA STATE WATER RESOURCES CONTROL BOARD FOR LEAVE TO APPEAR AS AN AMICUS CURIAE AND TO FILE A PRE-TRIAL AMICUS CURIAE BRIEF IN SUPPORT OF THE UNITED STATES**

CLIFFORD T. LEE (S.B. # 74687)
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
Telephone: (415) 703-5546
Facsimile: (415) 703-5480
Email: Cliff.Lee@doj.ca.gov

TARA L. MUELLER (S.B. # 161536)
Deputy Attorney General
1515 Clay Street, 20th Floor
Oakland, CA 94612
Telephone: (510) 622-2136
Facsimile: (510) 622-2270
Email: Tara.Mueller@doj.ca.gov

Attorneys for Amicus Curiae California State Water Resources Control Board

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims, the California State Water Resources Control Board (State Board), an agency of the State of California, hereby respectfully seeks leave of this Court to appear as an amicus curiae and to file an amicus curiae brief in support of the defendant United States of America in the above litigation. The State Board has a unique interest in this case and is particularly well qualified to assist this Court in addressing a key legal question to be resolved at trial: whether a federal reclamation contractor has the right to recover damages from the United States for limiting contractual deliveries of water from a federal reclamation project, where such limitations are either required by, or are consistent with, numerous principles of state constitutional, statutory and common law that restrict the nature, scope, and exercise of the state water rights upon which the federal water service contracts are predicated.

The State Board is the agency to which the California Legislature has delegated responsibility "for the orderly and efficient administration of the water resources of the state" and which has therefore been granted "the adjudicatory and regulatory functions of the state in the field of water resources." Cal. Water Code § 174. The State Board possesses the exclusive authority to issue water right permits and licenses for the appropriation of water. Cal. Water Code § 1225. The State Board is further entrusted to "take all appropriate proceedings or actions before executive, legislative or judicial agencies to prevent waste, unreasonable use, unreasonable method of use, or unreasonable method of diversion of water in the state." Cal. Water Code § 275. The California Legislature has vested the State Board with "expansive powers to safeguard the scarce water resources of the state." *People v. Shirokow*, 26 Cal. 3d 301, 309 (1980). Additionally, the California courts have held that the federal courts have concurrent jurisdiction to consider compliance with certain obligations imposed on all water users under California water law, including the California constitutional doctrine of reasonable and beneficial use and the common law public trust doctrine. *Environmental Defense Fund, Inc. v. East Bay Municipal Utility Dist.*,

26 Cal. 3d 183, 200 (1980); *National Audubon Society v. Superior Court*, 33 Cal.3d 419, 451-452 (1983).

This Court has the authority and discretion to grant the State Board amicus curiae status in this case. *Wolfchild v. United States*, 62 Fed. Cl. 521, 536 (2004); *Freeman v. United States*, 50 Fed. Cl. 305, 311 (2001). As the Court has noted in *Anderson Columbia Environmental, Inc. v. United States*, 42 Fed. Cl. 880, 885 (1999), an amicus may file briefs and appear at court hearings and proceedings for the purpose of providing the Court with the amicus' views as to issues of law and fact. The Court has specifically recognized the value of amicus participation by a state in an action, such as the instant case, involving complicated water rights issues. In *Hage v. United States*, 35 Fed. Cl. 737, 742 (1996), the Court granted the State of Nevada amicus status in a takings and breach of contract case where the Court was required to examine Nevada law to resolve questions concerning the nature and scope of the state water rights at issue. The Court authorized Nevada's participation as amicus because the state had "specialized knowledge which may be beneficial to the court in the resolution of this case." *Id.* at 742.

Likewise, in adjudicating the legal issues posed by the instant case, the Court will be required to analyze principles California law which restrict the nature, scope and exercise of the United States' state water rights for the New Melones Project, the federal reclamation project at issue in this case. Since the State Board is the sole state agency charged with issuing and administering water rights in California, it has "specialized knowledge which may be beneficial to the court in the resolution of this case." *Id.* As discussed in the State Board's proposed amicus curiae brief, the State Board has a clear interest in the plaintiffs' breach of contract claim in this case because it: (1) administers and oversees California's appropriative water right system; (2) has issued appropriative water right permits to the United States which authorize the diversion and storage of water at New Melones Dam and upon which the plaintiffs' contract right are predicated; and (3) has

included numerous water quality and fishery flow requirements in the United States' water right permits that directly affect the availability of water for delivery to the plaintiffs under their water service contracts.

Furthermore, the State Board has an interest in this litigation that may not be fully addressed by parties to this case. In *California v. United States*, 438 U.S. 645, 678 (1978), the U.S. Supreme Court concluded that federal reclamation projects must comply with state law unless compliance would be directly inconsistent with clear congressional directives regarding the project. On remand, the Ninth Circuit held, over the United States' objection, that the State Board's water right terms and conditions, including terms necessary to protect water quality and other beneficial uses, were fully applicable to the New Melones Project. *United States v. State of California*, 694 F.3d 1171, 1181 (9th Cir. 1982). Therefore, the State Board's interpretation of these terms and conditions, and their application to the New Melones Project, similarly may differ from that of the United States. Additionally, because the State Board regulates and oversees the United States' water rights, its expertise, statutory responsibilities and interests are distinct from that of the United States.

Accordingly, the State Board seeks leave to participate as an amicus curiae and to submit a pre-trial brief with this Court, a copy of which is lodged with this application. The State Board also seeks leave, as appropriate and as authorized by this Court, to participate in any further proceedings in this case which may involve or implicate issues of state law, including post-trial briefing. The United States does not object to this request, and counsel for the State Board have informed counsel for the plaintiffs of the State Board's intention to seek amicus status. This application is timely because it is being filed concurrently with the United States' pre-trial brief. The State Board therefore respectfully requests that this Court grant its application for leave to appear as an amicus curiae in the above litigation.

Dated: October 10, 2006

Respectfully submitted,
BILL LOCKYER
Attorney General of the State of California
MARY E. HACKENBRACHT
J. MATTHEW RODRIQUEZ
Senior Assistant Attorneys General

By: /s/ Clifford T. Lee

CLIFFORD T. LEE
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
Telephone: (415) 703-5546
Facsimile: (415) 703-5480
Email: Cliff.Lee@doj.ca.gov

By: /s/ Tara L. Mueller

TARA L. MUELLER
Deputy Attorney General
1515 Clay Street, 20th Floor
Oakland, CA 94612
Telephone: (510) 622-2136
Facsimile: (510) 622-2270
Email: Tara.Mueller@doj.ca.gov

Attorneys for Amicus Curiae California
State Water Resources Control Board