**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOCKTON EAST WATER DISTRICT, et al., Plaintiffs, | No. 04-541 L |
| v. | Judge Christine Odell Cook Miller |
| UNITED STATES, Defendant. | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S**
**MOTION *IN LIMINE* TO EXCLUDE CERTAIN EXHIBITS**

Defendant's motion *in limine* to exclude certain of Plaintiffs' exhibits may be resolved summarily. All of the exhibits that are the subject of the motion were previously provided to Defendant in discovery, were provided at the deposition of Mr. Dotan, or are Defendant's own documents. This was articulated to counsel for Defendant on more than one occasion.

To the extent that Defendant requested additional specificity to identify the challenged exhibits, which were already it its possession, Plaintiffs have provided it previously, or were in the process of providing it when served with Defendant's motion. Plaintiffs have fully complied with both the letter and the spirit of the pre-trial disclosure rules and Defendant can show no prejudice that would support excluding any of the challenged exhibits.

Plaintiffs address each in turn:

**Exhibit 273**

**"Exhibits prepared to explain Mr. Dotan's opinion, such as tables and graphs summarizing the data relied on or the results of model runs."**

After Defendant's inquiry regarding this exhibit on September 13, 2006, Plaintiffs counsel told Defendant's counsel that Exhibit 273 would be the tables and graphs *contained in*

*Mr. Dotan's expert report*, or from his *interactive computer model,* both of which were already in the possession of Defendant's counsel.

Defendant received Mr. Dotan's detailed expert report on July 26, 2006, complete with numerous charts and tables. The parties exchanged their initial exhibit lists on September 11, 2006. Mr. Dotan's deposition commenced first thing the next morning, on Tuesday, September 12, 2006, at which time Mr. Dotan produced his model to Defendant on a CD, as requested in Defendant's deposition notice. Defendant's counsel chose *not* to ask Mr. Dotan to show how his model worked during the deposition. In light of this choice by Defendant's counsel, and cognizant of the fact that the model had been listed as a trial exhibit by Plaintiffs, at the conclusion of Mr. Dotan's deposition Plaintiffs' counsel loaded Mr. Dotan's computer model on her own laptop and showed Defendant's counsel how to view it. This was done intentionally to prevent any subsequent complaint about the model.

Defendant can claim no prejudice or lack of opportunity with respect to this exhibit.

**<u>Exhibit 277</u>**

**"Chart of Allocations to all CVP contractors during relevant time period."**

This Chart is maintained on the Bureau of Reclamation's website at www.usbr.gov/mp/cvo/vungvari/water_allocations_historical.pdf. The Chart was used in the summary judgment proceedings in this case. See Plaintiffs' Reply and Opposition page 12, Pls.' Supp. App. at 1090-92. Plaintiffs' counsel explained this to Defendant's counsel via telephone on September 14, 2006 and again in writing on the chart provided to Mr. Shapiro on September 16, 2006. *See* last page of Exhibit 3 to Defendant's Motion *in Limine*. Defendant can claim absolutely no prejudice with respect to this Exhibit. *See also* Spaletta Declaration, Exhibit A.

**<u>Exhibits 230 and 231</u>**

**"Stockton East Bond Documents" and "Central's Bond Documents"**

On September 14, 2006, Plaintiffs' counsel explained to Defendant's counsel that these trial exhibits would include excerpts of the voluminous bond issuances for the New Melones infrastructure for both districts. All of these documents were produced to the United States, some were used as deposition exhibits by the United States in this case, some were used as exhibits by Plaintiffs in the motions for summary judgment, and several are identified on the Defendant's preliminary trial exhibit list. When Defendant's counsel expressed concern about being able to identify the specific documents at issue, Plaintiffs counsel committed to locate the Bates numbers. This was done and confirmed in writing. Spaletta Declaration, Exhibit B.

**<u>Exhibit 275</u>**

**"Annual forecasts for New Melones prepared by the Bureau of Reclamation"**

Plaintiffs expected Defendant to produce annual forecast documents at Ms. Manza's deposition. No such documents were produced. Therefore, to the extent that Defendant makes forecasting an issue in this case, Plaintiffs may need to use the official California Department of Water Resources historical forecast data, published four times a year in Bulletin 120 (available at http://cdec.water.ca.gov/snow/bulletin120/) as an exhibit in this case. This data is subject to Judicial Notice as a fact readily ascertainable in an official publication of the California Department of Water Resources, pursuant to FRE 201(b); *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003).

**<u>Exhibits 232, 233, 234, 235, 261, 262, 263</u>**

All of these exhibits were produced to Defendant during discovery. However, Plaintiffs have confirmed that all of these documents, or the information contained in them, is otherwise

contained in exhibits listed individually on Plaintiffs' or Defendant's Exhibit lists. Therefore, Plaintiffs withdraw these items from their list.

Respectfully submitted,

/s Roger J. Marzulla

Roger J. Marzulla
Nancie G. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Avenue, N.W.
Suite 410
Washington, D.C. 20036
(202) 822-6760
(202) 822-6774 (facsimile)

Dated: October 11, 2006

Counsel for Plaintiffs

Of counsel:

Jeanne M. Zolezzi
Jennifer L. Spaletta
Herum Crabtree Brown
2291 West March Lane
Suite B100
Stockton, CA 95207
(209) 472-7700
(209) 472-7986 (facsimile)