IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STOCKTON EAST WATER DISTRICT, CENTRAL SAN JOAQUIN WATER CONSERVATION DISTRICT, SAN JOAQUIN COUNTY, STOCKTON CITY, CALIFORNIA WATER SERVICE COMPANY, | ) | |
| | ) | No. 04-541 L |
| Plaintiffs, | ) | |
| v. | ) | Judge Christine Odell Cook Miller |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY**

Defendant United States hereby submits this Response to Plaintiffs' Motion *in Limine* to Exclude Expert Testimony (Doc. #117) ("Plaintiffs' Motion"). Plaintiffs seek to exclude a number of Defendant's fact witnesses from also offering expert or opinion testimony under Fed. R. Evid. 702 based on the scientific, technical or specialized knowledge that they apply in their jobs on a daily basis. For the reasons set forth below, Plaintiffs' Motion should be denied.

**A. Defendant's Fact Witnesses May Provide Testimony Under Federal Rules of Evidence 701 and 702 Without Being Deposed Again Before Trial**

Plaintiffs' Motion focuses on the expected testimony of eleven of Defendant's witnesses: Chester Bowling, John Burke, Michael Delamore, Paul Fujitani, Roger Guinee, Derek Hilts, Dan Meier, Roger Patterson, Lloyd Peterson, Lowell Ploss, and Kirk Rodgers. These witnesses are all current or former employees of the U.S. Bureau of Reclamation ("Reclamation") or the U.S. Fish and Wildlife Service ("FWS") who were directly involved in the operation of the CVP, implementation of the CVPIA, or some other factual aspect of this case. Accordingly, each of

these witnesses will be testifying based on his or her personal knowledge of issues that are directly related to Plaintiffs' claims and the issues to be addressed at trial. Although Defendant expects that the testimony of these witnesses will be primarily factual in nature, Defendant also indicated in its disclosures to Plaintiffs that, given the nature of each witness's expertise in the areas to be covered by their factual testimony, such testimony "may include opinion testimony under F.R.E. 701 and 702." See Def.'s Preliminary Witness List (Ex. A); see also Def.'s Trial Witness List (Doc. 125).

Plaintiffs do not seek to exclude the factual testimony of these 11 witnesses. Indeed, Plaintiffs have listed four of these individuals – Chester Bowling, Paul Fujitani, Lloyd Peterson, and Lowell Ploss – on their own witness list. See Pls.' Trial Witness List at 1, 3, and 5 (Doc. 111). Moreover, Plaintiffs have not moved to exclude these witnesses from offering opinion testimony under Fed. R. Evid. 701. Plaintiffs' Motion is instead limited to any testimony that such witnesses may provide, based on their knowledge, skill, experience, training or education, under Fed. R. Evid. 702.

Plaintiffs do not appear to dispute that these witnesses have scientific, technical or other specialized knowledge relating directly to the factual issues in this case. Instead, Plaintiffs' Motion is based on the assertion that Defendant objected to Plaintiffs' informal request to re-depose each of these witnesses – some of whom have been deposed by Plaintiffs more than once – prior to trial. In addition, Plaintiffs assert that some of the witnesses were required to produce expert reports. These arguments are based on a fundamental misunderstanding of the nature and scope of the testimony that these witnesses will provide.

First, Plaintiffs' Motion is based on the erroneous assumption that these witnesses will be offering expert testimony "on the issue of impossibility due to passage of CVPIA." The question

of whether the enactment and implementation of the CVPIA was a sovereign act that rendered Reclamation's performance under the subject contracts "impossible" is a question of law based on factual underpinnings. Defendant's witnesses will provide the factual underpinnings to inform the Court's consideration of the parties' positions on that legal question. The determination of whether the sovereign acts doctrine applies and precludes a finding of liability is an issue of law that the Court must decide based on those facts.

For example, Defendant has identified Chester Bowling's expected testimony as follows:

> Mr. Bowling is a Civil Engineer and was formerly the Operations Manager for the Central Valley Operations Office, Mid-Pacific Region, Bureau of Reclamation. Mr. Bowling is a fact witness who has personal knowledge of issues related to this matter based on his work with the Bureau. Mr. Bowling's testimony is expected to address New Melones Operations during his tenure, implementation of and compliance with the 1987 Department of Fish and Game Agreement during his tenure, issues bearing on decisions regarding the quantities of water available to deliver to Plaintiffs SEWD and Central, and any other matters that were addressed in his declaration dated October 19, 2005, and in his depositions taken on April 6, 2005, and July 13, 2005. Mr. Bowling's testimony on these issues is expected to be factual in nature. However, given the nature of his expertise in the areas described above, including the operation of Reclamation projects, Mr. Bowling's testimony may include opinion testimony under F.R.E. 701 and 702 in those areas.

Defendant's Trial Witness List at 2 (Doc. 125).[1/] As the description makes clear, Mr. Bowling will testify primarily as a fact witness. Like the other witnesses identified in Plaintiffs' motion, Mr. Bowling has not conducted analyses or developed expert opinions in areas beyond his own relevant factual knowledge. However, Mr. Bowling is a civil engineer with extensive experience in the operation of federal reclamation projects since 1981 and has focused his career on

[1/] Plaintiffs have indicated that they wish to call Mr. Bowling as a witness and have stated that they expect him to testify "to Operations of New Melones Reservoir and the Operations of the Central Valley Project, and such other matters as are covered in his depositions and declarations." Pls.' Trial Witness List at 1 (Doc. #111).

hydraulic engineering and reservoir operations. Aspects of his testimony, not unexpectedly, will be technical in nature and may require background discussion of technical concepts. Therefore, Defendant has indicated that his testimony may contain "scientific, technical, or other specialized knowledge" within the meaning of Fed. R. Evid. 702.[2/] Under these circumstances, Mr. Bowling may be considered an expert witness under RCFC 26(a)(2)(A), but he need not submit an expert report under RCFC 26(a)(2)(B) because his testimony will relate to his "direct, personal knowledge" of the facts, not information obtained solely in preparation for trial. Prieto v. Malgor, 361 F.3d 1313, 1319 (11th Cir. 2004); see also Harms Lab. Corp. of America, 155 F. Supp. 2d 891, 902-04 (N.D. Ill. 2001). This same analysis applies to each of the other fact witnesses identified in Plaintiffs' Motion.

Plaintiffs also claim that any testimony under Rule 702 must be excluded because they have not had sufficient opportunity to depose these witnesses following Defendant's identification of them as "expert witnesses" and after Defendant's assertion of a sovereign acts defense. See Pls.' Mot. at 3. Additional depositions at this late stage are entirely unnecessary because all of these witnesses have been deposed at length on the issues that will be disputed at trial. Mr. Bowling, for example, was deposed on April 6, 2005, and answered numerous questions on the very issues identified in Defendant's Witness List as topics on which he may offer testimony pursuant to Fed. R. Evid. 701 and 702. Mr. Bowling was deposed a second time as a RCFC 30(b)(6) witness on July 13, 2005. During these depositions, Plaintiffs had the

---

[2/] As Plaintiffs note (see Pls.' Mot. at 3 & n.1), Defendant first identified Lawrence Bauman, Chester Bowling, Lowell Ploss, Roger Guinee, Peggy Manza, Roger Patterson, Lowell Ploss, and John Renning as experts on October 24, 2005. Of those, only Peggy Manza will offer expert testimony at trial beyond her own factual knowledge, and Ms. Manza has provided an expert report on this aspect of her testimony.

opportunity to thoroughly explore the specialized qualifications and knowledge of Mr. Bowling with respect to the issues that relate to these claims. Because any opinion or other testimony that Mr. Bowling might provide in this case is derived from the factual knowledge that Plaintiffs fully explored at the two prior depositions, there is no need for Plaintiffs to re-depose Mr. Bowling a third time on the eve of trial. The same is true for all of the witnesses that Plaintiffs wish to re-depose.

In all, Plaintiffs have deposed 16 current or former Reclamation or FWS employees on topics that relate to the amount of water available to Plaintiffs during the relevant years. Furthermore, Plaintiffs noticed Defendant with a RCFC 30(b)(6) deposition with 48 specifications, nearly all of which relate factually to the amounts of water available to the contractors. See Pls.' Rule 30(b)(6) Dep. Notice to the United States of America (dated June 1, 2005) (Ex. 1). For example, the first specification asks for a witness to testify about "[t]he allocation methodology used for allocation of water, including water to be furnished to Plaintiffs pursuant to their 1983 contracts, from New Melones reservoir for each year from 1993 to the present." Id. at 1-2. In response to Plaintiffs' 30(b)(6) notice, Mr. Bowling, John Burke, Paul Fujitani, Roger Guinee, Peggy Manza, and John Renning went through additional depositions and responded to questions regarding Plaintiffs' specifications. During these depositions, these witnesses were asked numerous questions relating to Reclamation's operation of the New Melones Reservoir and the quantities of water available to the contractors. Many of the factual issues raised during these depositions bear upon Defendant's sovereign acts defense (the apparent issue of concern for Plaintiffs) in the sense that they show the competing demands for water placed on the New Melones Reservoir. The trial testimony of these witnesses is expected to be consistent with their depositions and with their previously submitted declarations. As

noted above, this does not mean that these witnesses will be offering "expert" testimony regarding impossibility, as Plaintiffs apparently fear. It simply means that their testimony may tend to prove the factual underpinnings of Defendant's sovereign acts defense, and the related question of legal impossibility, which ultimately is an issue of law that must be decided by the Court.[3] Further depositions at this late juncture – now less than two weeks before trial – will serve no purpose.

**B. Defendant Was Not Required to Submit Expert Reports for Former Employees Who Will Testify as Fact Witnesses**

Plaintiffs also contend that 4 of the 11 witnesses identified in their motion were required to produce expert reports because they are not current government employees. This argument is also misplaced.

First, Plaintiffs concede that the current federal employees who have been identified as potential experts need not submit expert reports because they are not "retained or specially employed to provided expert testimony" or otherwise fall within the exceptions in RCFC 26(a)(2)(B). See Pls.' Mot. at 2. Yet, Plaintiffs argue that four of the government's witnesses – Lowell Ploss, Chester Bowling, Roger Patterson, and John Burke – should have submitted expert reports because each of these witnesses is a rehired annuitant, *i.e.*, a former Reclamation employee who has been rehired by Reclamation and will provide testimony in this case. According to Plaintiffs, because these individuals have been rehired, they are "retained or specially employed" experts within the meaning of Rule 26(a)(2)(B). Id. at 4.

---

[3] For this reason, Avry Dotan's report relating to "physical impossibility" applies the wrong standard and is irrelevant. To the extent it is necessary for Defendant's to rebut Avry Dotan's testimony, Defendant will offer Peggy Manza as a rebuttal expert. Ms. Manza has submitted a report on that issue and has been deposed.

Plaintiffs' argument is flawed for several reasons. First, Plaintiffs' argument is misplaced as to Mr. Burke and Mr. Patterson. Mr. Burke retired from Reclamation on June 2, 2006. He has not been retained as an expert or otherwise rehired by Reclamation in any capacity. Accordingly, Plaintiffs' Motion should be considered withdrawn or moot as to Mr. Burke. See Pls.' Mot. at 5 n.3. The same is true of Mr. Patterson. Although Mr. Patterson was employed as a rehired annuitant for a period of time, he was not rehired for the purpose of preparing an expert opinion and, in any event, he is no longer employed as a rehired annuitant.

Mr. Bowling and Mr. Ploss are currently rehired annuitants. However, they have not been retained or specially employed to provide expert testimony in this case. To the contrary, as explained above, all of these witnesses, including Mr. Bowling and Mr. Ploss, are witnesses who will be testifying based on their own personal knowledge of the events and transactions in this case. Any testimony they may provide under Rule 701 or 702 will be based on their actual involvement in the circumstances and events that gave rise to this case and their job-related knowledge and expertise. They are not independent experts with no personal knowledge of the case who have been brought in to offer analyses and opinions on factual circumstances that were previously unknown to them. They will be testifying from their own personal knowledge and involvement in the events that gave rise to Plaintiffs' claims, not from knowledge obtained solely for the purpose of testifying in this litigation. Accordingly, they are not required to prepare expert reports. See, e.g., Prieto, 361 F.3d at 1319; Harms, 155 F. Supp. 2d at 903; Hawkins v. Graceland, 210 F.R.D. 210, 211 (W.D. Tenn. 2002).

Accordingly, because none of these witnesses are required to produce expert reports, their testimony should not be limited, and Plaintiffs' Motion should be denied.

### C. CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court deny Plaintiffs' Motion in Limine to Exclude Expert Testimony.

Dated: October 11, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

s/William J. Shapiro
WILLIAM J. SHAPIRO
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
501 I Street, Room 9-700
Sacramento, CA 95814
TEL (916) 930-2207

Counsel of Record for Defendant

OF COUNSEL:
KRISTINE S. TARDIFF
United States Department of Justice
Environment and Natural Resources Division
53 Pleasant Street, 4th Floor
Concord, NH 03301

LUTHER L. HAJEK
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, DC 20044-0663

SHELLY RANDEL
United States Department of the Interior
Office of the Solicitor
Branch of Water and Power
Division of Land and Water Resources
1849 C St., N.W.
Washington, DC

JAMES E. TURNER
Assistant Regional Solicitor
United States Department of the Interior
Office of the Regional Solicitor
Pacific Southwest Region
2800 Cottage Way, Room E-1712
Sacramento, CA 95825