**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STOCKTON EAST WATER DISTRICT, CENTRAL SAN JOAQUIN WATER CONSERVATION DISTRICT, SAN JOAQUIN COUNTY, STOCKTON CITY, CALIFORNIA WATER SERVICE COMPANY, | ) | |
| | ) | No. 04-541 L |
| Plaintiffs, | ) | |
| v. | ) | Judge Christine Odell Cook Miller |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO ALLEGED IMMATERIAL BREACHES OF THE CONTRACTS**

Defendant United States hereby submits this Response to Plaintiffs' Motion *in Limine* to Exclude Evidence Relating to Alleged Immaterial Breaches of the Contracts (Doc. #115) ("Plaintiffs' Motion"). Plaintiffs' Motion seeks to prohibit Defendant from introducing evidence or argument relating to: (1) Plaintiffs' submissions of water conservation plans; (2) Plaintiffs' failure to adequately measure the quantity of water supplied pursuant to the subject contracts; and (3) Plaintiffs' delay in making payments to Reclamation for water received pursuant to the subject contracts. As grounds for their motion, Plaintiffs argue that the alleged breaches are irrelevant to any issue at trial. Defendant responds as follows.

Defendant does not intend to argue that Plaintiffs' failure to adequately measure the quantity of water supplied and their failure to make timely payments for water supplied, as required under the contracts, constituted a material breach that excuses the alleged non-performance by the United States. Hence, Plaintiffs' second and third points are moot.

However, as set forth below, the issue regarding the water conservation plans is a different matter.

**A. Plaintiffs' Right to Receive Water Under these Contracts Did Not Arise Until After Final Approval of the Water Conservation Plans**

Preparation of adequate water conservation plans is required by federal law, the contracts and applicable state permits. First, federal law existing prior to execution of these contracts required:

> [e]ach district that has entered into a repayment contract or water service contract pursuant to Federal reclamation law . . . shall develop a water conservation plan which shall contain definite goals, appropriate water conservation measures, and a time schedule for meeting the water conservation objectives.

Reclamation Reform Act of 1982, 43 U.S.C. § 390jj. The Central Valley Project Improvement Act, Pub. L. No. 102-575 ("CVPIA") required Reclamation to develop new criteria to review water conservation plans in order to improve best management practices of Central Valley Project ("CVP") water. See CVPIA, Sec. 3405(e).

Second, the subject contracts provide that "[t]he Contractor shall develop and implement an effective water conservation program for all uses of water which is provided from, or conveyed through, Federally constructed or Federally financed facilities for the Contractor's use." SEWD and Central Contracts at Art. 19(a). Moreover, the contracts provide that "[t]he original water conservation program shall be submitted to and approved by the Contracting Officer prior to . . . service of Federally stored/conveyed water. . . ." Id. (emphasis added). In addition, the contracts required periodic updates to Plaintiffs' water conservation plans to determine whether objectives are being met or whether modifications are necessary. See id.

Third, Reclamation's permits for New Melones Reservoir require development and

approval of adequate water conservation plans. For example, in the March 8, 1983 amendment to State Water Resources Control Board ("SWRCB") decision D-1422 (which permitted Reclamation to fill New Melones Reservoir for consumptive use purposes), the SWRCB ordered Reclamation, "as a condition of the authorization to store water for consumptive uses, to develop and implement a water conservation program." Def.'s Ex. 1 at 21, 27 (WR 83-3).[1/] D-1616, the 1988 decision that granted Reclamation direct diversion rights for consumptive use purposes, restricted Reclamation's permits in the following way:

> Prior to any diversion of water for municipal, domestic or irrigation purposes, [Reclamation] shall consult with the Chief of the Division of Water Rights and develop a Water Management Program in conformance with [SWRCB] requirements as appropriate. The proposed program shall be presented to the Board for approval.

Def.'s Ex. 2 at 35, ¶ 21. Reclamation submitted the Plaintiffs' water conservation plans, which were required under Plaintiffs' contracts, as the required "Water Management Program" that the SWRCB had required. In a subsequent order, the SWRCB emphasized the importance of this permit requirement:

> If [Reclamation] were to deliver water appropriated under the New Melones permits to a purchaser <u>without having obtained approval of a water conservation plan</u> for that purchaser, [Reclamation] could become the subject of an enforcement action.

Def.'s Ex. 3 at 8 (WR 95-18) (emphasis added).

Thus, contrary to Plaintiffs' assertions, the submission and final approval of Plaintiffs' water conservation plans was a substantive and material contractual requirement.

---

[1/] This document, together with other SWRCB decisions, will be offered as evidence at trial. Defendant has attached to this memorandum only the pages that are relevant to Plaintiffs' motion.

## B. The Water Conservation Plans Were Not Approved Until August 1995

Based on the discussion above, Reclamation had no authority under federal law, these contracts, or the New Melones permits to deliver water to Plaintiffs until the water conservation plans had been approved by Reclamation and the SWRCB. In 1995, Reclamation informed Plaintiffs that their water conservation plans were insufficient. See Def.'s Ex. 4 (June 21, 1995 Letter from Reclamation to SEWD); Def.'s Ex. 5 (July 10, 1995 letter from Reclamation to Central). Reclamation's letter to Central, for example, stated:

> Article 19 of the District's water service contract requires that a water conservation plan be submitted and approved by the Contracting Officer before delivery of Federally stored water. Also, we must submit to the [SWRCB] an acceptable water management program which satisfies Condition 21 of Board Decision 1616 before we can deliver water from New Melones. The [SWRCB] has indicated that a water conservation plan meeting our criteria will probably meet those requirements. The District's water conservation plan does not meet our criteria and we have no reason to believe the [SWRCB] will accept it until it does.

Def.'s Ex. 5 at 1. Upon receipt of these letters, Plaintiffs submitted amended water conservation plans, which Reclamation found acceptable.

Reclamation submitted Plaintiffs' revised water conservation plans to the SWRCB for consideration. The SWRCB approved the proposed plans in August 1995. See Def.'s Ex. 6 (Aug. 9, 1995 letter from SWRCB to Reclamation); Def.'s Ex. 7 (Aug. 28, 1995 letter from SWRCB to Reclamation).

Plaintiffs, therefore, had no right to delivery of water under these contracts until after approval of their water conservation plans. Defendant, therefore, cannot be liable for breach of contract prior to August 9, 1995, in the case of Central, and August 28, 1995, in the case of SEWD.

**C. Conclusion**

Based on the above, Plaintiffs' water conservation plans were not finally approved until August 1995. Accordingly, Plaintiffs' breach of contract claims for 1993, 1994, and part of 1995 should be rejected. Plaintiffs' argument that this issue is irrelevant is therefore incorrect, and Plaintiffs' Motion should be denied.

Dated: October 11, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

s/ William J. Shapiro
WILLIAM J. SHAPIRO
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
501 I Street, Room 9-700
Sacramento, CA 95814
(tel) (916) 930-2207

Counsel of Record for Defendant

KRISTINE S. TARDIFF
United States Department of Justice
Environment and Natural Resources Division
53 Pleasant Street, 4th Floor
Concord, NH 03301

LUTHER L. HAJEK
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, DC 20044-0663

OF COUNSEL:
SHELLY RANDEL
United States Department of the Interior
Office of the Solicitor
Branch of Water and Power
Division of Land and Water Resources
1849 C St., N.W.
Washington, DC

JAMES E. TURNER
Assistant Regional Solicitor
United States Department of the Interior
Office of the Regional Solicitor
Pacific Southwest Region
2800 Cottage Way, Room E-1712
Sacramento, CA 95825