3/8/83

See D-1422
Orders WR 80-20
81-1
82-3
82-9
83-?

STATE OF CALIFORNIA

STATE WATER RESOURCES CONTROL BOARD

In the Matter of Permits 16597, 16598, 16599, and 16600, Issued on Applications 14858, 14859, 19303, and 19304,

U. S. BUREAU OF RECLAMATION,

Permittee.

ORDER: WR 83-3

SOURCE: Stanislaus River

COUNTIES: Calaveras and Tuolumne

ORDER AMENDING WATER RIGHT DECISION 1422
AUTHORIZING STORAGE IN NEW MELONES RESERVOIR
FOR
GENERATION OF HYDROELECTRIC POWER AND FOR CONSUMPTIVE USES

BY THE BOARD:

United States Bureau of Reclamation (hereinafter "Bureau" or "permittee") having requested that the State Water Resources Control Board (hereinafter "Board") remove the restrictions on filling New Melones Reservoir contained in Water Right Decision 1422; a public hearing having been held before the Board on February 23 and 24, 1983; permittee and numerous other interested parties having appeared and presented evidence; the evidence received at the hearing having been duly considered, the Board finds as follows:

Background

1. In 1973, the Board adopted Water Right Decision 1422. In Decision 1422, the Board authorized issuance of four water right permits to the Bureau for appropriation of water from the Stanislaus

This is the first time that the permittee will be authorized to store water in New Melones Reservoir for irrigation, domestic, municipal and industrial uses in excess of that stored for satisfaction of prior rights. In authorizing these uses, the Board is approving changes in purposes of use. To ensure that the consumptive use yield of New Melones Reservoir will not be wasted or used unreasonably, the permittee should be required, as a condition of the authorization to store water for consumptive uses, to develop and implement a water conservation program. It is the policy of the Board to require a water conservation program when it approves a change in purpose of use. No party has objected to development and implementation of a water conservation program for the consumptive use of project yield.

b. Further, the federal Reclamation Reform Act of 1982, Section 210, requires water conservation measures. We find that requiring the permittee to develop and implement such a program as a condition of its authorization to store water in New Melones Reservoir for the consumptive uses listed above is not inconsistent with Congressional directives.

Other Matters

34. The Department of Fish and Game and the South Delta Water Agency requested that water release requirements be revised for, respectively, fish releases and water quality objectives in the southern Delta. The hearing notice described only two key issues. These are, first, whether the restriction in Condition 2 of Decision 1422 on the level of storage in New Melones Reservoir

the present condition of these interests (and the condition of these interests for the foreseeable future if storage level restrictions were to be continued in force), together with the findings concerning power and consumptive use needs for diversion of the water at New Melones (and flood control needs and authority of the United States). We conclude, as a result of this balancing, that nonvested usufructuary rights to appropriate at New Melones, to the full capability of the project, should now be granted to permittee.

ORDER

1. Condition 2 of the order in Decision 1422 is amended to read as follows:

> "Permittee shall impound in New Melones Reservoir such water as is necessary to provide (a) not in excess of 98,000 acre-feet per annum for the preservation and enhancement of fish and wildlife to be released at a rate specified by the California Department of Fish and Game, plus (b) such additional water as is necessary to maintain the water quality conditions set forth in paragraph 5. The above amounts are in addition to water stored for satisfaction of prior rights at Melones Reservoir and for flood control. The Board reserves jurisdiction for the purpose of establishing dry year criteria."

Term 19 of Water Right Permit 16597 (Application 14858), Term 18 of Water Right Permit 16598 (Application 14859), Term 18 of Water Right Permit 16599 (Application 19303), and Term 18 of Water Right Permit 16600 (Application 19304) shall be amended accordingly.

2. a. Condition 1-a of the order in Decision 1422 is amended to read as follows:

> "The water appropriated under the permit is issued pursuant to Application 14858 shall be limited to the quantity which can be beneficially used and shall not exceed 980,000 acre-feet per annum by storage to be collected from November 1 of each year to June 30 of the

succeeding year. The water may be used for irrigation, domestic, municipal, industrial, preservation and enhancement of fish and wildlife, recreation and water quality control purposes."

Term 5 of Water Right Permit 16597 (Application 14858) shall be amended to be consistent with the amendment contained herein.

b. Condition 1-d of the order in Decision 1422 is amended to read as follows:

"The water appropriated under the permit issued pursuant to Application 19304 shall be limited to the quantity which can be beneficially used and shall not exceed 1,420,000 acre-feet per annum by storage to be collected from November 1 of each year to June 30 the succeeding year. The water shall be used for irrigation, domestic, municipal, industrial, preservation and enhancement of fish and wildlife, recreation and water quality control purposes."

Term 5 of Water Right Permit 16600 (Application 19304) shall be amended to be consistent with the amendment contained herein.

3. Permittee shall consult with the Division of Water Rights and the Department of Water Resources and develop and implement a water conservation program or actions. A progress report on development of the program shall be submitted to the Board within 6 months. The program or proposed actions shall be presented to the Board for approval within one year from the date of this order or such further time as may, for good cause shown, be allowed by the Board.

4. Except as specifically changed by this Order and by any previous orders of this Board concerning Decision 1422, all terms and conditions contained in Decision 1422 and in the permits issued pursuant to it remain in full force and effect.

Dated: March 8, 1983

Carole A. Onorato, Chairwoman

F. K. Aljibury, Member

Warren D. Noteware, Member

Kenneth W. Willis, Member

710

# NEW MELONES DIRECT DIVERSION PROJECT

## PETITION FOR ASSIGNMENT OF APPLICATION 14858 AND APPLICATIONS 27319, 27320 AND 27321 OF THE U. S. BUREAU OF RECLAMATION STANISLAUS RIVER

## DECISION 1616




JANUARY 1988

**STATE WATER RESOURCES CONTROL BOARD**

STATE OF CALIFORNIA
STATE WATER RESOURCES CONTROL BOARD

| | |
|---|---|
| In the Matter of the Petition for Assignment of Application 14858 and Applications 27319, 27320, and 27321 of the<br><br>U. S. BUREAU OF RECLAMATION,<br><br>Petitioner and Applicant,<br><br>OAKDALE IRRIGATION DISTRICT, SOUTH SAN JOAQUIN IRRIGATION DISTRICT, and LAWRENCE FAMILY TRUST,<br><br>Protestants. | DECISION 1616<br><br>SOURCE: Stanislaus River<br><br>COUNTIES: Tuolumne, Calaveras, Stanislaus and San Joaquin |

DECISION APPROVING APPLICATION 27319 AND
PETITION FOR ASSIGNMENT OF APPLICATION 14858
AND DENYING APPLICATIONS 27320 AND 27321

excess of export diversions, Project carriage water, and Project inbasin deliveries.

The State Water Resources Control Board shall notify the permittee of curtailment of diversion under this term after it finds that supplemental Project water has been released or will be released. The Board will advise the permittee of the probability of imminent curtailment of diversion as far in advance as practicable based on anticipated requirements for supplemental Project water provided by the Project operators.

19. This permit does not authorize the use of any water outside the counties of origin which is necessary for the development of the counties.

20. Before making any change in the project determined by the State Water Resources Control Board to be substantial, permittee shall submit such change to the Board for its approval in compliance with Water Code Section 10504.5(a).

21. Prior to any diversion of water for municipal, domestic or irrigation purposes, Permittee shall consult with the Chief of the Division of Water Rights and develop a Water Management Program in conformance with State Water Resources Control Board requirements as appropriate. The proposed program shall be presented to the Board for approval. Board approval of the program shall also fulfill the requirements of Term 26 of Permits 16597 (Application 14858A) and 16600 (Application 19304).

All cost-effective measures identified in the water management program shall be implemented in accordance with the schedule for implementation found therein.

STATE OF CALIFORNIA
STATE WATER RESOURCES CONTROL BOARD

| | |
|---|---|
| In the Matter of Petition for Reconsideration of Approval of Water Conservation Plans Required for Delivery of Water to the Central San Joaquin Water Conservation District and the Stockton East Water District under Water Right Permits 16597, 16600, and 20245 (Applications 14858A, 19304, and 14858B) held by: **UNITED STATES BUREAU OF RECLAMATION** | ORDER: WR 95-18 |

**ORDER DENYING PETITION FOR RECONSIDERATION OF APPROVAL OF WATER CONSERVATION PLANS FOR CENTRAL SAN JOAQUIN WATER CONSERVATION DISTRICT AND STOCKTON EAST WATER DISTRICT**

BY THE BOARD:

## 1.0 INTRODUCTION

On August 9, 1995, the Chief of the Division of Water Rights of the State Water Resources Control Board (SWRCB) approved a water conservation plan submitted by the United States Bureau of Reclamation (USBR) pursuant to Water Right Decision 1616 (D-1616), Condition 21 and pursuant to Term 26 of Permits 16597 and 16600 (Term 26 is from Condition 3 of Order WR 83-3). The water conservation plan approved on August 9, 1995 involves delivery of water to Central San Joaquin Water Conservation District (CSJWCD). On August 28, 1995, the Chief of the Division of Water Rights approved a second water conservation plan submitted by the USBR pursuant to Condition 21 of D-1616 and pursuant to Term 26 of Permits 16597 and 16600 involving delivery of water to Stockton East Water District (SEWD).

On September 8, 1995, the SWRCB received a timely petition for reconsideration of the approvals of the two water conservation

plans. The petition was filed on behalf of the Stanislaus River Council (SRC).

## 2.0 BACKGROUND

The permits involved in this petition authorize the USBR to appropriate water for consumptive uses from the Stanislaus River at New Melones Reservoir and at diversion points on the Stanislaus River. The facilities and the operation of these facilities under these permits and under other water right permits that authorize nonconsumptive uses of water are collectively called the New Melones Project. The SWRCB approved the New Melones Project in stages. Water Right Decision 1422 (D-1422), adopted in 1973, authorizes diversion of water from the Stanislaus River only to storage and does not authorize direct diversion of water to beneficial uses. The SWRCB issued Permits 16597 and 16600 pursuant to D-1422. D-1616, adopted in 1988, authorizes direct diversion of water from the Stanislaus River. The SWRCB issued Permit 20245 pursuant to D-1616.

The water right permits for the New Melones Project of the USBR require that water conservation plans or programs be prepared in connection with deliveries of water to water purchasers. The service areas of the CSJWCD and the SEWD, both of which are local water purveyors, are downstream from the New Melones Project and are within the approved place of use of water from the New Melones Project. The CSJWCD and the SEWD have executed contracts with the USBR to purchase water appropriated under the New Melones water right permits. On August 7, 1995, the USBR submitted a water conservation plan for the CSJWCD. The Chief of the Division of Water Rights approved the plan on August 9, 1995. On August 17, 1995, the USBR submitted a water conservation plan for the SEWD. The Chief of the Division of Water Rights approved the plan on August 28, 1995.

SRC objects to the Chief of the Division of Water Rights' approval of the two water conservation plans, arguing that the approval requires notice and hearing and must be made by the SWRCB Members.

SRC's petition states that the two water conservation plans are required by D-1616, Condition 21. D-1616 authorizes the USBR to appropriate water from the Stanislaus River by direct diversion, subject to terms and conditions. Condition 21 provides:

> "Prior to any diversion of water for municipal, domestic or irrigation purposes, Permittee shall consult with the Chief of the Division of Water Rights and develop a Water Management Program in conformance with State Water Resources Control Board requirements as appropriate. The proposed program shall be presented to the Board for approval. Board approval of the program shall also fulfill the requirements of Term 26 of Permits 16597 (Application 14858A) and 16600 (Application 19304).
>
> "All cost-effective measures identified in the water management program shall be implemented in accordance with the schedule for implementation found therein."

Water conservation programs or actions also are required under the water storage permits for New Melones Reservoir. The USBR is authorized to divert water to storage at New Melones Reservoir pursuant to D-1422 and Permits 16597 and 16600. In 1983 when the SWRCB amended D-1422 in Order WR 83-3, the SWRCB added Condition 3 requiring water conservation to the permits issued under D-1422 and Permits 16597 and 16600. This condition became Term 26 of Permits 16597 and 16600 and is referenced in Condition 21. Pursuant to Condition 21, satisfaction of Condition 21 will satisfy Term 26 of Permits 16597 and 16600. Condition 21 and Term 26 are both versions of the same standard permit term.

Term 26 provides:

> "Permittee shall consult with the Division of Water Rights and the Department of Water Resources and develop and implement a water conservation program or actions. A progress report on development of the program shall be

> submitted to the Board within 6 months. The program or proposed actions shall be presented to the Board for approval within one year from the date of this order or such further time as may, for good cause shown, be allowed by the Board."

The Chief of the Division of Water Rights approved the water conservation plans with respect to all three of the consumptive use permits for the New Melones Project, not just for Permit 20245, the direct diversion consumptive use permit issued pursuant to D-1616. D-1616 authorizes direct diversion of water from the Stanislaus River only from November 1 of each year through June 30 of the succeeding year. Therefore, any water delivered to CSJWCD or to SEWD from the New Melones Project between July 1 and October 31 of each year would come from stored water appropriated under Permits 16597 and 16600. Term 26 of these permits governs water conservation plans for water deliveries under these permits, even though a plan prepared under Condition 21 would satisfy Term 26.

Several of the terms and conditions in the above permits for the New Melones Project include language requiring that before the SWRCB takes action under the term or condition, the SWRCB will give notice to interested parties and opportunity for a hearing. (See D-1616, terms 16 and 17 and standard permit terms 12 and 13 (these terms are incorporated by reference in D-1616); and D-1422, terms 13 and 20.) Term 26 and Condition 21, however, do not include such language.

**3.0 GROUNDS FOR RECONSIDERATION**

The SWRCB may order reconsideration of all or a part of a decision or order adopted by the SWRCB upon petition by affected persons. (Wat. Code § 1357.) The SWRCB's regulations (23 Cal. Code Regs. § 768) list the following causes upon which an interested person may petition the SWRCB for reconsideration:

conditions could result in the SWRCB, through its Division of Water Rights, initiating an enforcement action against the permittee or licensee. Condition 21 and Term 26 are limitations whose violation could result in enforcement action. If the USBR were to deliver water appropriated under the New Melones permits to a purchaser without having obtained approval of a water conservation plan for that purchaser, the USBR could become the subject of an enforcement action.[2] Based on the foregoing, no notice and opportunity for hearing is required by the New Melones permits before a water conservation plan can be approved.

**4.2 Approval of Water Conservation Plans is Properly a Function of the Chief of the Division of Water Rights**

The determination of whether a water conservation plan is complete and adequate is not a policy determination requiring the review of the SWRCB. The SWRCB established its policy by adopting the term and condition requiring that water conservation plans shall be prepared and implemented. The staff is required to carry out the policy. This is a technical function in which a staff person reads the plan and compares it to a standard set of criteria. If it meets the criteria, it is approved.

Ample guidance exists to determine whether a water conservation plan is adequate. Urban water management plans, which are plans for water conservation and reclamation, are governed by Water Code section 10610 et seq. The necessary elements of a plan are set forth at Water Code sections 10631, 10632, and 10633. Agricultural water conservation programs are governed by Water Code sections 10520 et seq. and 10800 et seq. The required elements of an agricultural water conservation plan are set forth at Water Code sections 10522 and 10825-10826.

---

[2] *Condition 21, for direct diversion of water, specifies that the permittee shall develop a Water Management Program* __*before*__ *diverting water for municipal, domestic, or irrigation purposes. Term 26, for water stored under D-1422, does not specify that the water conservation program or action be prepared before diversion or delivery of water.*

CENTRAL VALLEY
BUREAU OF RECLAMATION

OFFICIAL FILE COPY

| DATE | SURNAME | CODE |
|---|---|---|
| 6/20/95 | D Goodman | 402 |
| 6/21/95 | [illegible] | 900 |
| | | |

MP-402
RES-3.10

JUN 2 1 1995

CERTIFIED - RETURN RECEIPT REQUESTED

Mr. Edward M. Steffani, Manager
Stockton East Water District
PO Box 5157
Stockton, California 95205

Subject: Water Conservation Plan - Stockton East Water District

Dear Mr. Steffani:

The Central Valley Project Improvement Act (CVPIA) required Reclamation to develop criteria to evaluate water conservation plans (plans) and evaluate plans by that criteria. Reclamation developed the "Criteria for Evaluation Water Conservation Plans" (Criteria) during 1993. Your water conservation plan was submitted and has since been evaluated by this Criteria. This letter is written to inform you that the plan is not yet complete and will need to be modified based on the specific information provided on the enclosed pages.

Reclamation has contracted with the California Department of Water Resources (DWR) to conduct the review of Steps 1 through 4 of the plan. If not already completed, please continue to work with DWR to complete these steps as soon as possible.

Reclamation and DWR concurrently reviewed Steps 5 through 7 of your plan and identified some Best Management Practices (BMPs) which will require modification. Specific comments regarding these BMPs are included on the enclosed pages.

Thank you for the time and effort you have committed to preparing a plan. We would appreciate your giving high priority to making the necessary revisions identified on the attached pages. If you have any questions, please contact Debra Goodman at (916) 979-2318 (TDD 979-2310).

Sincerely,

Acting (sgd) John C. Fields

Robert F. Stackhouse
Regional Supervisor of Water
and Power Resources Management

Enclosures 4

F

cc: Larry Farwell
Department of Water Resources
PO Box 948236
Sacramento, California 94236-0001

bc: Area Manager, South-Central California

WBR:DGoodman:bh:6/14/95:979-2318
WP:STOCKTON.EST

Classification
Project
Control No. 95005587
Folder I.D. 22611

US_007218

JUL 10 1995

CC-410
WTR-4.03

Mr. Reid W. Roberts, Secretary/Attorney
Central San Joaquin Water Conservation District
311 East Main
Stockton, California 95202

Subject: 1995 Water Deliveries--Carryover Storage and Water Conservation Plans--Contract No. 4-07-20-W0330--New Melones Reservoir--Central Valley Project, California

Dear Mr. Roberts:

Your letter dated June 20, 1995, requested that we meet with you to discuss storage of any unused portion of the water allocated to Central San Joaquin Water District (District) this year. The letter also suggested that we submit the District Water Conservation Plan to the California State Water Resources Control Board (Board) for approval as meeting their requirement for delivery of water from New Melones.

As stated in our June 9, 1995, letter, the District's contract does not provide for storage of unused water until the next water year. We do understand and appreciate the difficulties the District must overcome to take delivery of the water this year. However, demands on Reclamation for water from New Melones Lake for fish and wildlife purposes and for Delta water quality preclude any consideration of carry-over storage by the District of unused water. Any water that is not used by the District or by Stockton East Water District (Stockton) this water year will remain in the lake and will be used to meet Reclamation's responsibilities for water deliveries next year. Under favorable conditions, water could be available to the District in 1996.

Article 19 of the District's water service contract requires that a water conservation plan be submitted and approved by the Contracting Officer before delivery of Federally stored water. Also, we must submit to the Board an acceptable water management program which satisfies Condition 21 of Board Decision 1616 before we can deliver water from New Melones. The Board has indicated that a water conservation plan meeting our criteria will probably meet those requirements. The District's water conservation plan does not meet our criteria and we have no reason to believe the Board will accept it until it does.

We understand that you recently submitted revisions to the water conservation plan to our Regional Office. Ms. Debra Goodman has indicated she will review those revisions and respond to you the week of July 10. Since you consider

the inadequacies to be minor, we hope the District's plan can be updated to meet the criteria very soon and the District can begin taking delivery of water.

Please send us your schedule for water delivery by close of business July 14. With the schedule, you should send payment for the water used by Stockton for tests in May and for the water to be delivered this year. The payment should include Restoration Fund charges for the water used by Stockton for testing. The Restoration Fund charges became subject to penalties and interest July 1.

Sincerely,

Clifford V. Quinton

ACTING Thomas J. Aiken
Area Manager

STATE OF CALIFORNIA - CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

PETE WILSON, *Governor*

**STATE WATER RESOURCES CONTROL BOARD**
PAUL R. BONDERSON BUILDING
901 P STREET
SACRAMENTO, CALIFORNIA 95814
(916) 657-2215
FAX: 657-1485

Mailing Address
**DIVISION OF WATER RIGHTS**
P.O. BOX 2000, Sacramento, CA 95812-2000

In Reply Refer
To: 341:KRB:14858A
14858B
19304

AUGUST 09 1995

RECEIVED
AUG 10 1995
STOCKTON EAST WATER DISTRICT

Mr. Robert F. Stackhouse
Regional Supervisor of Water
and Power Resources Management
U. S. Bureau Of Reclamation
2800 Cottage Way
Sacramento, CA 95825-1898

Dear Mr. Stackhouse:

PERMITS 16597, 16600 & 20245 (APPLICATIONS 14858A, 19304 & 14858B) STANISLAUS RIVER IN CALAVERAS COUNTY

We have received the Water Conservation Plan for the Central San Joaquin Water Conservation District (District).

Upon cursory review, the plan appears to be in substantial compliance with the requirements of the State Water Resources Control Board (SWRCB) and satisfies Condition 21 of Board Decision 1616. Therefore, the U. S. Bureau of Reclamation (Bureau) may commence delivery of water to the District. If, upon further review, should the SWRCB require any additional information, the District will be requested to provide the information.

If water is to be supplied to the District from New Melones Reservoir under Permits 16597 or 16600, this plan will also satisfy Term 26 in these permits.

We understand that the water conservation plan for the Stockton East Water District will be submitted shortly. If it has been reviewed by the Bureau in the same manner as the above plan, then our review should be completed in a timely fashion, and our approval rendered quickly.

If you have any questions, please call Ken Beyer at (916) 657-2215.

Sincerely,

for Edward C. Anton, Chief
Division of Water Rights

cc: Mr. Edward M. Steffani
Manager, Stockton East Water District
PO Box 5157
Stockton, CA 95205-0157

Ms. Jeanne M. Zolezzi, Esq
Neumiller & Beardslee
PO Box 20
Stockton, CA 95201-3020

Central San Joaquin Water Conservation District
343 East Main St, Suite 406
Stockton, CA 95202

113

STATE OF CALIFORNIA CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY PETE WILSON, Governor

**STATE WATER RESOURCES CONTROL BOARD**
PAUL R. BONDERSON BUILDING
901 P STREET
SACRAMENTO, CALIFORNIA 95814
(916) 657-1359
FAX: 657-1485

Mailing Address
**DIVISION OF WATER RIGHTS**
P.O. BOX 2000, Sacramento, CA 95812-2000

AUGUST 28 1995

In Reply Refer
To: 341:KRB:14858A
14858B
19304

Mr. Robert F. Stackhouse
Regional Supervisor of Water
and Power Resources Management
U. S. Bureau Of Reclamation
2800 Cottage Way
Sacramento, CA 95825-1898

Dear Mr. Stackhouse:

PERMITS 16597, 16600 & 20245 (APPLICATIONS 14858A, 19304 & 14858B) STANISLAUS RIVER IN CALAVERAS COUNTY

We have received the Water Conservation Plan for the Stockton East Water District (District).

The plan is in substantial compliance with the requirements of the State Water Resources Control Board (SWRCB) and satisfies Condition 21 of Board Decision 1616. Therefore, the U. S. Bureau of Reclamation (Bureau) may commence delivery of water to the District. If, upon further review, should the SWRCB require any additional information, the District will be requested to provide the information.

If water is to be supplied to the District from New Melones Reservoir under Permits 16597 or 16600, this plan will also satisfy Term 26 in these permits.

If you have any questions, please call Ken Beyer at (916) 657-2215.

Sincerely,

Roger Johnson
for Edward C. Anton, Chief
Division of Water Rights

cc: Mr. Edward M. Steffani
Manager, Stockton East Water District
PO Box 5157
Stockton, CA 95205-0157

Ms. Jeanne M. Zolezzi, Esq
Neumiller & Beardslee
PO Box 20
Stockton, CA 95201-3020

Mr. Richard Roos-Collins
Natural Heritage Institute
114 Sansome St. Suite 1200
San Francisco, CA 94101

Post-it™ brand fax transmittal memo 7671

| To Richard Roos-Collins | From |
|---|---|
| Co. | Co. SWRCB |
| Dept. (415) | Phone (916) |
| Fax 288-0555 | Fax 657-1485 |

F

US_007175