**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOCKTON EAST WATER DISTRICT, et al., Plaintiffs, | No. 04-541 L |
| v. | Judge Christine Odell Cook Miller |
| UNITED STATES, Defendant. | |

**PLAINTIFFS' MOTION *IN LIMINE* REGARDING**
**"BACKGROUND PRINCIPLES OF STATE WATER LAW"**

Plaintiffs Stockton East Water District, Central San Joaquin Water Conservation District, County of San Joaquin, City of Stockton, and California Water Service Company, hereby move this Court for an order *in limine* prohibiting the introduction of any evidence at trial relating to the defense of excuse of performance based on background principles of state law. At the last minute, Defendant and amici curiae, the State Water Resources Control Board and the Natural Resources Defense Council, have attempted to raise for the first time in this case an excuse of performance defense based on background principles of California law such as the public trust doctrine, the doctrine of public ownership of wildlife, and the doctrine of reasonable and beneficial use. *See* Def.'s Pre-Trial Br. at 10–24; SWRCB Br. at 9–36; NRDC Br. at 18–31.

Until the pre-trial filings of October 10, 2006, thirteen days before trial in this case, an excuse of performance defense based on background principles of California law had not been raised in this case. This defense was not raised in Defendant's Answer, during discovery, or in briefing or argument at summary judgment, nor was it addressed in this Court's April 10, 2006 Opinion, which sets forth the issues for trial in this case. At this late juncture of the case,

Defendant's and amici's last minute raising of this issue smacks of an ambush, is irrelevant to the issues before the Court, and raises issues appropriate for review by the California State Water Resources Control Board. Moreover, the raising of the defense at this point is highly prejudicial to Plaintiffs. Accordingly, Plaintiffs move this Court to exclude the introduction of any evidence related to this excuse of performance defense from trial.

## ARGUMENT

### A. Compliance with State Law is Not Disputed

It is important to note that this Motion *in Limine* is addressed to the so-called "background principles of state law" being raised by Defendant and amici at this late date. Plaintiffs do not now and have never disputed that the United States must comply with state law—this is not in dispute. Plaintiffs do not challenge releases made by Defendant from New Melones Reservoir required to comply with permit terms imposed on New Melones Reservoir by the State Board. Plaintiffs do not challenge:

1. Water released from New Melones from 1993 to the present for the purposes of meeting the dissolved oxygen condition in the water right permits for New Melones.

2. Water released from New Melones from 1993 through 1999 for the purposes of meeting the Vernalis salinity condition in the water right permits for New Melones.

3. Water released from New Melones pursuant to the terms of the 1987 Department of Fish and Game Agreement.

It is the amorphous background principles of state law that Plaintiffs object to being raised at the last minute. Defendant and amici do not simply argue that the United States is required to comply with permit terms imposed by the State Water Resources Control Board, but go beyond that to say that releases made by Defendant that *could have been required* by State law are somehow protected from challenge under the contract. In essence, Defendant is asking

this court to make a factual and legal determination that the releases made by the Defendant from New Melones Reservoir were required by the background principles of California law. This is a new defense that cannot be raised at this late date.

**B. Background Principles of State Law Are Not an Issue in This Case**

Although Defendant could have argued (had the facts or law supported it, which they do not) that had it released water from New Melones to Plaintiffs it would have violated background principles of state law, Defendant never raised such a defense until two days ago. In Defendant's answer Defendant lists failure to state a claim, lack of subject matter jurisdiction, statute of limitations, res judicata, and standing as affirmative defenses.[1] Answer at 9. During discovery in this case, Defendant did not identify any witnesses that had information related to Defendant's failure to provide water based on background principles of state law, nor did depositions or written discovery reveal that Defendant considered background principles of state law to be a reason for its failure to deliver water.

An excuse of performance defense based on background principles of state law was not raised by Defendant in its summary judgment briefing or at oral argument. Rather, in Defendant's summary judgment briefing it argued that the contracts do not require Defendant to make available 155,000 acre-feet of water, that Defendant complied with Article 9 of the contracts, that Defendant was immune from liability under the sovereign acts and unmistakability doctrines, that Plaintiffs failed to perform conditions precedent, that Defendant acted with good faith, and that the third-party plaintiffs did not have standing. Moreover, in Defendant's reply in support of its motion for summary judgment it argued that its duty was to

[1] Under Affirmative Defenses, Defendant also states, "[u]nder general principles of Fifth Amendment takings law, Plaintiffs have no compensable property rights to be taken, and therefore, cannot properly assert a Fifth Amendment takings claim." Answer at 9.

deliver was limited to what was scheduled, the parties modified the contracts with the Interim Plan of Operations, that under Article 9 of the contracts Defendant is not liable, that Article 6 of the contracts provides the sole remedy for water shortages, that Defendant could not provide water until Plaintiffs furnished water conservation plans, and that the third-party plaintiffs lacked standing.

Based on the arguments and defenses raised by the parties, the Court, in its April 10, 2006 Opinion, set forth the issues for the upcoming trial in this case. There is not one reference in the Court's opinion to the public trust doctrine, the doctrine of public ownership of wildlife, and the doctrine of reasonable and beneficial use. This is because Defendant, until two days ago, had never raised a defense based on any of these doctrines or other background principles of state law.

Defendant's trial witness list confirms this. None of the witnesses listed on Defendant's trial witness list have been offered to give testimony related to how the public trust doctrine, the doctrine of public ownership of wildlife, the doctrine of reasonable and beneficial use, or any other background principle of state law affected Defendant's ability to make available water to Plaintiffs—nor could they as none of these witnesses have personal knowledge of these facts and Defendant has not disclosed an expert on the subject. Moreover, Plaintiffs have not deposed any of Defendant's witnesses with regard to how background principles of state law affected Defendant's ability to make water available to Plaintiffs.

### C. Because an Excuse of Performance Defense Based on Background Principles of State Law Has Never Been Raised, Defendant Has Waived the Defense, Evidence Related to the Defense Is Irrelevant, and Plaintiffs will be Prejudiced.

"[A]n affirmative defense must be raised in response to a summary judgment motion, or it is waived." *Diversey Lever, Inc. v. Ecolab, Inc.*, 191 F.3d 1350, 1353 (Fed. Cir. 1999) (citing

*United Mine Workers of America 1974 Pension v. Pittston Co.*, 984 F.2d 469, 478 (D.C. Cir. 1993) ("As a general rule, though, the failure to raise an affirmative defense in opposition to a motion for summary judgment constitutes an abandonment of the defense.")) As discussed above Defendant has *never* raised background principles of states law as an excuse for its failure to make available the water to which Plaintiffs were contractually entitled. Thus, Defendant has waived the defense and neither Defendant nor amici are entitled to raise it for the first time on the eve of trial.

Moreover, as an excuse of performance based on background principles of state law has never been an issue in this case, any evidence introduced at trial with regard to background principles of state law is irrelevant. Motions *in limine* are designed to exclude such irrelevant evidence. *Weeks Dredging & Contracting, Inc. v. United States*, 11 Cl. Ct. 37, 45 (1986) ("[T]o prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters.")

Finally, raising this issue at this late juncture in the case is highly prejudicial to Plaintiffs. Plaintiffs were obviously not aware that Defendant intended to raise this as a defense. Were the Court to allow the admission of evidence related to this defense at trial, Plaintiffs would be left with fewer than thirteen days to prepare their trial strategy to address this new defense.

The two amicus briefs filed comprise 84 pages and cite dozens of cases. Both the legal and factual assertions contained in the briefs ask this Court to expand the law beyond any existing state or federal precedent and asserting factual conclusions that are neither supported or procedurally proper by counsel for any party, let alone amici. Plaintiffs, at minimum, cannot possibly address the issues alone that are raised by these briefs without reply briefs, which obviously cannot be drafted prior to trial.

Further, even assuming that this Court were inclined to entertain such novel legal theories as a defense to a breach of contract claim (something that no other court has ever done), to do so vastly expands the factual issues in this trial. Whether or not the hypothetical delivery of more water to Plaintiffs pursuant to their contracts would have resulted in a violation of the public trust, injury to fish or wildlife, or been unreasonable pursuant to the California Constitution, are each highly factual issues which must be analyzed under completely hypothetical circumstances. For Defendant to present this defense, or for Plaintiffs to counter it, would require substantial discovery and expert testimony that *neither* party has prepared for this trial. If these defenses are allowed, this Court would be required decide them with no factual evidence and based solely on the unsubstantiated conclusions of amici that, *hypothetically*, if the United States had performed under these contracts, there would have been an injury to fish and wildlife sufficiently severe to be violation of state law.

**D. The New Issue of Background Principles of State Law Raised by Defendant and Amici Is not Proper for Review in this Case**

The flaws in the legal positions of Defendant and amici on this issue are so numerous that they cannot possibility be articulated in this short motion. There is one fundamental procedural and jurisdictional flaw, however, that must be identified: Defendant's and amici's newly asserted defense that this Court should determine that Defendant's releases from New Melones Reservoir were somehow required by the public trust doctrine or the doctrine of reasonable and beneficial use are *factual* in nature. Yet, there was no discovery on this issue to develop the facts needed to have a trial on this issue.

Although the SWRCB and state and federal courts have concurrent jurisdiction over the determination of public trust and other state law principles, it is well established that it is the SWRCB (and not the federal courts) that should make the initial factual determination as to

whether a use of water pursuant to a state issued permit is required by California law. *National Audubon Society v. Superior Court of Alpine County*, 33 Cal.3d 419 (1983) (deciding, in the context of a suit to enjoin state permitted water diversions pursuant to the public trust doctrine, that the SWRCB should investigate the facts and undertaking the balancing required to preserve, as far as consistent with the public interest, the uses protected by the trust); *Tulare Lake Basin Water Storage Dist. v. United States*, 49 Fed. Cl. 313, 322 ("[T]he responsibility for water allocation is vested in the State Water Resources Control Board.") (citing Cal. Water Code §§ 174, 179; *California v. United States*, 438 U.S. 645, 653 (1978)); *United States v. State Water Resources Control Bd.*, 182 Cal.App.3d 82, 150 (stating that "the state, acting through the Board, has continuing jurisdiction over appropriation permits and is free to reexamine a previous allocation decision").

Once the SWRCB makes such a determination, that determination remains fixed until formally changed. In rejecting the same argument amici make here, the Court in *Tulare* explained:

> Once an allocation has been made—as was done in D-1485—that determination defines the scope of plaintiffs' property rights, pronouncements of other agencies notwithstanding. While we accept the principle that California water policy may be ever-evolving, rights based on contracts with the state are not correspondingly self-adjusting. Rather, the promissory assurances they recite remain fixed until formally changed. In the absence of a reallocation by the State Water Resources Control Board, or a determination of illegality by the California courts, the allocation scheme imposed by D-1485 defines the scope of plaintiffs' contract rights. None of the doctrines to which defendant resorts—the doctrine of reasonable use, the public trust doctrine or state nuisance law—are therefore availing.

*Tulare Lake Basin Water Storage Dist.*, 49 Fed, Cl. at 322; *see also* R. Walston, *The Public Trust and Water Rights*, 23 LAND AND WATER L. R. 707, 720 (1988) (stating that it is "untenable" for

anyone to argue for greater public trust consideration where "a State water rights agency has already balanced public and private needs in granting the water right").

In this case, the SWRCB has issued permits to the United States that permit consumptive use of water for irrigation and municipal and industrial use. The permits contain the conditions that the SWRCB felt were necessary to protect the public trust while still preserving the public interest. Despite this, Defendant and amici are asking this court to undertake its own review of these issues and make a separate determination of what is required to meet California law. Yet Plaintiffs ask:

- If amici SWRCB argues here that the release Defendant made from New Melones were required by California law, why did it not impose those releases upon the permits for New Melones when those permits were before it?
- If amici NRDC has factual support for the issues they now raise, why did they not challenge the SWRCB decisions regarding New Melones permits through a Writ of Mandate action as to any individual SWRCB order, or through a request that the SWRCB reconsider a prior decision based on public trust values (Water Code section 2501)?
- If there is evidence that water delivered to Plaintiffs under its contracts injured a public resource, why did amici SWRCB not conduct an investigation and undertake enforcement action?
- Why has NRDC or any other interested party not sued for injunctive relief if releases beyond those required by the New Melones permits are required under California law? *See Nat'l Audubon Society v. Sup. Ct. of Alpine Count*y (1983) 33

Cal.3d 419 (involving an action for injunctive relief to stop certain water diversions).

Because all these state law forums exist, legal analysis of these unsupported assertions is not ripe for adjudication and entirely improper.

Defendant and amici cannot ask this Court to apply these doctrines to hypothetical facts, collaterally, as part of a defense to a breach of contract claim. To do so would place this Court in the position of second guessing the SWRCB's determinations, making critical decisions about California water policy in the absence of the public participation and noticed evidentiary hearings that the SWRCB uses for these decisions, and without any of the facts that would be required to undertake the balancing required.

Defendant and amici would have this Court believe that Plaintiffs' use of water pursuant to their contracts automatically violates these important public policy doctrines. This is not the law in California. The California Supreme Court has expressly stated that while public trust values must be investigated and considered in making water appropriation decisions, "[n]ow that the economy and population centers of this state have developed upon appropriated water, it would be disingenuous to hold that such appropriations are and have always been improper to the extent that they harm public trust use. . . . " *Nat'l Audubon Society,* 33 Cal.3d at 364.

Rather than acting as an automatic veto, in the context of water appropriation, these "background principles" are doctrines that only require protection of trust resources to the extent consistent with the public interest. "As a matter of practical necessity the state may have to approve appropriations despite foreseeable harm to public trust uses." *Id*. at 365. This is a decision that must be made, if at all, by the State of California, not by this Court.

## CONCLUSION

In order to adopt Defendant's and amici last minute defense to Defendant's breach of contract, this Court would have to overturn the State Board's decision, which already balanced these background principles of state law, and would have to render an improper advisory opinion as to a set of hypothetical facts that it does not have before it. For all of the foregoing reasons, Plaintiffs request that this Court issue an order *in limine* excluding all evidence and argument related to excuse of performance due to background principles of state law from introduction at trial.

Respectfully submitted,

/s Roger J. Marzulla

Roger J. Marzulla
Nancie G. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Avenue, N.W.
Suite 410
Washington, D.C. 20036
(202) 822-6760
(202) 822-6774 (facsimile)

Dated: October 12, 2006

Counsel for Plaintiffs

Of counsel:

Jeanne M. Zolezzi
Jennifer L. Spaletta
Herum Crabtree Brown
2291 West March Lane
Suite B100
Stockton, CA 95207
(209) 472-7700
(209) 472-7986 (facsimile)