IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STOCKTON EAST WATER DISTRICT, et al., Plaintiffs, | ) | No. 04-541 L |
| v. | ) | Judge Christine Odell Cook Miller |
| UNITED STATES, Defendant. | ) | |

**PLAINTIFFS' OPPOSITION TO THE SWRCB'S MOTION FOR LEAVE TO FILE A BRIEF AMICUS CURIAE AND MOTION TO STRIKE NRDC'S BRIEF AMICUS CURIAE**

On October 10, 2006, the California State Water Resources Control Board moved for leave to file a 40-page amicus brief. On the same date, the Natural Resources Defense Council filed its own amicus brief without requesting leave of Court. The submission of both briefs was procedurally improper; leave to file should be denied and the briefs should be stricken from the record.

There is no provision in the rules of this Court or the Federal Rules of Civil Procedure for amici to appear on the eve of an evidentiary trial to make expansive and new legal arguments. When this Court has granted similar appearances it has been at the beginning of legal proceedings or at the summary judgment stage. *See Hage v. United States*, 35 Fed.Cl. 737, 739 (1996) (granting amici status after denying motions to intervene "shortly after [the] case was filed"); *Wolfchid v. United States*, 62 Fed. Cl. 521, 536 (2004) (granting amici status at summary judgment stage). Indeed, "[a]t the trial level, where issues of fact as well as law predominate, the aid of amicus curiae may be less appropriate than at the appellate level where such participation

has become standard procedure." *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp*., 149 F.R.D. 65, 82 (D.N.J. 1993) (citing cases).

Further, even though NRDC was previously granted leave to file a brief in the summary judgment stage in this case, this Court did not grant it leave to participate in the case in any other fashion. Moreover, NRDC is a non-neutral amicus in this case. In general, at the trial level, non-impartial amicus participation is not permitted. 4 Am. Jur. 2d Amicus Curiae § 6 ("Traditionally, an amicus curiae was a neutral provider of information or legal insight to the court, and if partisan, amicus curiae status would be denied.") As has been explained in denying amicus participation at the trial level:

> Historically, then, an amicus curiae is an *impartial* individual who suggests the interpretation and status of the law, gives information concerning it, and whose function is to advise in order that justice may be done, *rather than to advocate a point of view so that a cause may be won by one party or another*. Indeed, if the proffer comes from an individual with a partisan, rather than impartial view, the motion for leave to file an amicus brief is to be denied, in keeping with the principle that an amicus must be a friend of the court and not a friend of a party to the cause.

*Leigh v. Engle*, 535 F.Supp. 418, 420 (N.D. Ill. 1982) (citations omitted) (emphasis added). NRDC's participation in this case is clearly partisan towards the United States and NRDC has lined up beside the United States in other analogous cases before this Court. *See, e.g*., *Klamath Irrigation Dist. v. United States*, No. 01-591 L.

For the foregoing reasons, Plaintiffs respectfully request that this Court deny the application of the SWRCB to file a brief amicus curiae and strike from the record both the brief filed by the SWRCB and the brief filed by the NRDC.

Respectfully submitted,

/s Roger J. Marzulla
Roger J. Marzulla
Nancie G. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Avenue, N.W.
Suite 410
Washington, D.C. 20036
(202) 822-6760
(202) 822-6774 (facsimile)

Dated: October 12, 2006

Counsel for Plaintiffs

Of counsel:

Jeanne M. Zolezzi
Jennifer L. Spaletta
Herum Crabtree Brown
2291 West March Lane
Suite B100
Stockton, CA 95207
(209) 472-7700
(209) 472-7986 (facsimile)