# In the United States Court of Federal Claims

No. 04-541L

(Filed October 13, 2006)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * | |
| **STOCKTON EAST WATER DISTRICT, CENTRAL SAN JOAQUIN WATER DISTRICT, COUNTY OF SAN JOAQUIN, CITY OF STOCKTON, and CALIFORNIA WATER SERVICE COMPANY,** | Takings; transfer pursuant to 28 U.S.C. § 1631 (2000); statute of limitations, 28 U.S.C. § 2501 (2000); whether statute of limitations precludes jurisdiction for a claim ordered to be transferred when order of transfer and filing in transferee court occur ten years later; whether contract cause of action on same facts can be added after transfer of takings claim; law of the case. |
| Plaintiffs, | |
| v. | |
| **THE UNITED STATES,** | |
| Defendant. | |
| * * * * * * * * * * * * * * * * * * * * | |

Nancie G. Marzulla, Washington, DC, for plaintiffs. Roger J. Marzulla, Marzulla & Marzulla, Washington, DC, Jeanne M. Zolezzi and Jennifer L. Spaletta, Herum Crabtree Brown, Douglas H. Calkins, Office of City Attorney, and Deeann Gillick, Neumiller & Beardslee, Stockton, CA, of counsel.

Adam J. Siegel, Washington, DC, with whom was Assistant Attorney General Thomas L. Sansonetti, for defendant. Alf W. Brandt, Assistant Regional Solicitor, Pacific Southwest Region, United States Department of the Interior, Sacramento, CA, of counsel.

## ERRATA

**MILLER**, Judge.

The attached pages 12, 17, and 18 should replace the originals in the Opinion filed on October 4, 2004, published as 62 Fed. Cl. 379, 387-88, 391-92 (2004). The original pages contained the same mistake.

S/ Christine O.C. Miller

______________________________

**Christine Odell Cook Miller**

Judge

fifth cause of action to the Court of Federal Claims. The order does not recite the nature of the fifth cause of action, *i.e.*, whether it states a claim for a taking and/or breach of contract. This court rules that Judge Wanger transferred the takings claim pleaded in the 1993 Complaint and subject to the 1994 Dismissal Order.

8. Proceedings in the Court of Federal Claims

This court received the transferred action on April 1, 2004, and plaintiffs filed their 2004 Amended Complaint on April 20, 2004, seeking relief for a taking and a breach of contract.

## DISCUSSION

Defendant argues that this court lacks subject matter jurisdiction over plaintiffs' claims for a taking and a breach of contract because they are time-barred by 28 U.S.C. § 2501 (2000). Defendant also argues that plaintiffs' claim for a taking must be dismissed under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted under the law of the case doctrine. Finally, defendant objects to addition of a breach of contract in the 2004 Amended Complaint.

I. Subject matter jurisdiction

28 U.S.C. § 2501 provides that "[e]very claim of which the United States Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." Because section 2501 is a jurisdictional requirement, Martinez v. United States, 333 F.3d 1295, 1316 (Fed. Cir. 2003), the court must assure itself that plaintiffs filed their claim before this court in a timely manner, see Barnett v. Brown, 83 F.3d 1380, 1383 (Fed. Cir. 1996). Analysis of the impact of this statute requires the court to determine two operative dates: the date of accrual and the date of filing.

1. Jurisdiction over plaintiffs' takings claim

With respect to plaintiffs' takings claim, the parties dispute the date of filing, not the date of accrual. Defendant takes the position that because the 2004 Amended Complaint was filed in the Court of Federal Claims on April 20, 2004, any claim can only be timely if it accrued no earlier than April 20, 1998 – six years prior to the filing date. Plaintiffs contend that the operative filing date is not the filing date of the 2004 Amended Complaint, but the filing date of the 1993 Complaint – the original complaint before the district court.

In this battle over the filing date, both parties have neglected to identify, much less address, the accrual date. While the parties seem tacitly to agree that the 1993 Complaint

Complaint as one alleging both claims. See 1996 Summary Judgment Order at 3. The second document is Plaintiffs' Motion and Stipulation for Transfer, where plaintiffs described the fifth cause of action as alleging both claims. See 2004 Transfer Motion and Stipulation at 2. The Government also referred to the fifth cause of action as one alleging both a taking and a breach of contract in its stipulation. Id. at 4. However, only two documents have operative effect: the 2004 Transfer Order and the 1993 Complaint. The former embodies the statute's precepts, with which no transfer otherwise could occur; the latter sets forth the claim transferred by the 2004 Transfer Order, *i.e.*, it is the referent.

The 2004 Transfer Order provides: "The Fifth Cause of Action from the October 1, 1993 Complaint in the case of Stockton E. Water District v. United States, No. CV-F-93-5896 OWW, is hereby transferred to the United States Court of Federal Claims." 2004 Transfer Order at 2. While this does not explicitly describe the nature of the claim transferred, it does transfer the fifth cause of action alleged in the 1993 Complaint. That cause of action, untitled as are the other four, includes three allegations, the first of which incorporates the factual allegations supporting the claims in the preceding paragraphs of the 1993 Complaint. The second two paragraphs recite:

> 62. If Defendant BUREAU operates the CVP as described herein and further operates the New Melones Unit in accord with THE PRESCRIPTION, both presently and in the future. [*sic*] [Plaintiffs'] water supply will fail.
>
> 63. The failure of [Plaintiffs'] water supply is a taking of the vested property rights of [Plaintiffs] in which the other plaintiffs have a beneficial interest for which they will be entitled to just compensation under the Fifth Amendment of the United States Constitution.

1993 Complaint ¶¶ 62-63. The court concludes that the fifth cause of action of the 1993 Complaint alleges a takings theory. Therefore, notwithstanding any understandings or non-operative judicial references to the contrary, the 2004 Transfer Order transferred only a claim alleging a taking.

Plaintiffs' alternative argument under the "relation back" doctrine, however, is convincing. The "relation back" doctrine enables parties to amend pleadings with new "claims or defenses" in certain circumstances after and despite the expiration of the applicable statute of limitations. See RCFC 15(c). Originating in common law, the doctrine has since been codified and broadened in its application by Rule 15(c) of both the Federal Rules of Civil Procedure and its counterpart in the Rules of the Court of Federal Claims.

RCFC 15(c) provides, in pertinent part: "An amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set

forth in the original pleading[.]" The rationale of the "relation back" doctrine, which is inextricably linked to the rationale of the statute of limitations, "is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 150 (1984). See also FRCP 15(c) advisory committee's notes ("[T]he chief consideration of policy is that of the statute of limitations[.]"). As stated by this court's predecessor:

> A primary purpose of statutes of limitations is "to ensure that parties are given formal and seasonable notice that a claim is being asserted against them[.]" . . . "[A] party who is notified of litigation concerning a given transaction or occurrence is entitled to no more protection from statutes of limitations than one who is informed of the precise legal description of the rights sought to be enforced." Thus notice is the test, and it is built-into [sic] the rule's requirement that the amended pleading arise out of the same "conduct, transaction, or occurrence."

Snoqualmie Tribe of Indians v. United States, 178 Ct. Cl. 570, 587, 372 F.2d 951, 960 (1967) (citations omitted).

The facts alleged in the 1993 Complaint provide sufficient notice of a breach of contract claim. The 1993 Complaint alleged the existence of the contracts and the Government's breach. Not only does the breach of contract claim arise out of the same conduct, transaction, or occurrence that was pleaded in support of the takings claim, but all operative facts for both legal theories were made apparent. Particularly in this context, whether the theory is a takings or a breach of contract, both theories are based on the same set of facts "that have been a part of this proceeding since its inception." J.L. Simmons Co. v. United States, 188 Ct. Cl. 684, 730, 412 F.2d 1360, 1386-87 (1969) (holding that amendment asserting takings claim to complaint that alleged breach of contract related back to original filing date). 12/ As the Court of Claims declared in a similar situation, "It would

---

12/ Even defendant recognizes that the breach of contract claim is merely a different theory presented in the 2004 Amended Complaint. See Def.'s Br. filed June 21, 2004, at 15 ("However, Plaintiffs did not seek damages under a breach of contract *theory* until April 20, 2004[.]" (emphasis added)).