**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STOCKTON EAST WATER DISTRICT, CENTRAL SAN JOAQUIN WATER CONSERVATION DISTRICT, SAN JOAQUIN COUNTY, STOCKTON CITY, CALIFORNIA WATER SERVICE COMPANY, | ) | |
| | ) | No. 04-541 L |
| Plaintiffs, | ) | |
| v. | ) | Judge Christine Odell Cook Miller |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION REQUESTING THE COURT TAKE JUDICIAL NOTICE OF LEGISLATIVE HISTORY DOCUMENTS**

In their Motion Requesting the Court to Take Judicial Notice, filed on October 5, 2006 ("Plaintiffs' Motion") (Doc. #120), Plaintiffs ask the Court to "take judicial notice of certain facts set forth in the legislative history" of the Central Valley Project Improvement Act of October 30, 1992, Title XXXIV, Pub. L. 102-575, 106 Stat. 4706 ("CVPIA"). For the reasons discussed below, the Court should deny Plaintiffs' Motion.

First, Plaintiffs' Motion does not identify the specific facts that they are asking the Court to take judicial notice of, making it impossible for Defendant to indicate whether it agrees or disagrees with those facts.

Second, Plaintiffs' Motion includes only a hand-selected portion of the entire legislative history of the CVPIA. Plaintiffs attach several pages excerpted from a report, which appears to be a compilation of certain information that had been presented in a May 14, 1992 hearing on three bills, H.R. 5099, H.R. 3876, and H.R. 4687. See Pls.' Mot. at Ex. 2 (stating that the report

was prepared November 1993 by the 103rd Congress). The table of contents attached to Plaintiffs' Motion indicates that the hearing report is in excess of 572 pages. Hence, Plaintiffs have attached only a small portion of a much larger hearing report, which is itself part of a massive legislative history. Plaintiffs' hand-picked portions of the legislative history are of very limited usefulness.

Third, the portions of the legislative history that Plaintiffs have attached deal primarily with H.R. 5099, which was widely referred to as the "Miller-Bradley bill." That bill was not enacted by Congress. Instead, Congress eventually enacted H.R. 429, which included the provisions that are now known as the CVPIA. There were significant changes between H.R. 5099 and H.R. 429. Most important, H.R. 5099 would have dedicated 1.5 million acre-feet ("AF") of water for fish and wildlife purposes. See Pls.' Ex. 1 (Part 1) at 6 ("H.R. 5099 . . . requires the project to devote one and a half million acre-feet of water to largely unspecified environmental purposes.") (statement of Rep. Dooley). The final version of CVPIA, of course, dedicated nearly half that amount for fish and wildlife purposes – 800,000 AF of water annually. See CVPIA, Sec. 3406(b)(2). As contemporaneous correspondence to the President from Senator Malcom Wallop shows, H.R. 429 resembles H.R. 5099 "only in format, not in substance. . . . [T]he Conference committee compromise [H.R. 429] could not ever be characterized as 'Miller-Bradley' for any reason other than that [Senators Miller and Bradley] voted for it." Def.'s Ex. 1 (Ltr. from Senator Wallop to the President, dated Oct. 20, 1992).

As this Court recognizes, "[n]ot all legislative history is entitled to equal regard." AD Global Fund, LLC v. United States, 67 Fed. Cl. 657, 677 (2005). In this hierarchy, "prior legislative history, such as previous versions of the same bill, is deemed less reliable than

concurrent committee reports." Id. Here, Plaintiffs are relying on excerpts of a subcommittee hearing on a prior version of a bill that was substantially modified prior to enactment. The reliability of this legislative history is thus questionable at best.

Finally, the provisions of the CVPIA at issue in this case – particularly the intent of Congress as reflected in the stated purposes of the Act – are unambiguous. See CVPIA, Sec. 3402 (identifying six discrete purposes of CVPIA, including "protection, restoration, and enhancement of fish, wildlife and associated habitat in the Central Valley. . . ."). In contrast, the lengthy and often contentious negotiations that led to the compromise represented by H.R. 429 yielded a legislative history that is, not surprisingly, "often 'murky, ambiguous, and contradictory.'" AD Global Fund, 67 Fed. Cl. at 677. Accordingly, Plaintiffs' hand-picked selections of legislative history from a bill that was never enacted, are of limited usefulness in this matter.[1/]

CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court deny Plaintiffs' motion requesting that the court take judicial notice of the limited and irrelevant legislative history attached thereto.

[1/] If the Court determines that resort to the legislative history of the CVPIA or any other statute at issue in this case is necessary to resolution of some fact in dispute, Defendant respectfully suggests that the Court permit further briefing on the legislative history in post-trial briefing.

Dated: October 15, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

s/William J. Shapiro
WILLIAM J. SHAPIRO
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
501 I Street, Room 9-700
Sacramento, CA 95814
TEL (916) 930-2207

Counsel of Record for Defendant

KRISTINE S. TARDIFF
United States Department of Justice
Environment and Natural Resources Division
53 Pleasant Street, 4th Floor
Concord, NH 03301

LUTHER L. HAJEK
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, DC 20044-0663

OF COUNSEL:
SHELLY RANDEL
United States Department of the Interior
Office of the Solicitor
Division of Land and Water Resources
1849 C St., N.W.
Washington, DC

JAMES E. TURNER
Assistant Regional Solicitor
United States Department of the Interior
Office of the Regional Solicitor
2800 Cottage Way, Room E-1712
Sacramento, CA 95825