**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STOCKTON EAST WATER DISTRICT, CENTRAL SAN JOAQUIN WATER CONSERVATION DISTRICT, SAN JOAQUIN COUNTY, STOCKTON CITY, CALIFORNIA WATER SERVICE COMPANY, | ) | |
| | ) | No. 04-541 L |
| Plaintiffs, | ) | |
| v. | ) | Judge Christine Odell Cook Miller |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' ERRATA TO PLAINTIFFS' MOTION *IN LIMINE* REGARDING AMENDMENT OF CONTRACTS AND MOTION FOR LEAVE TO ADD TRIAL EXHIBIT**

Defendant, the United States of America, hereby moves to strike Plaintiffs' Errata to Plaintiffs' Motion *In Limine* Regarding Amendment of Contracts and Motion for Leave to Add Trial Exhibit (filed Oct. 6, 2006) (Doc. #121) ("Plaintiffs' Motion"). Alternatively, Defendant requests that Plaintiffs' Motion be denied. Plaintiffs' characterization of their filing as an "errata" is false, for the document does not correct an error in any previous filing. Instead, Plaintiffs' Motion simply seeks to add a new trial exhibit, which was not identified on Plaintiffs' Preliminary Exhibit List (exchanged Sept. 11, 2006), or Plaintiffs' Trial Exhibit List (filed Sept. 25, 2006) (Doc. # 110).

Pursuant to the Rules of this Court, "[f]ailure to list an exhibit [in the party's preliminary exhibit list] shall result in exclusion of the exhibit at trial absent agreement of the parties to the contrary or a showing of a compelling reason for the failure." RCFC, App. A ¶ 13(a). Plaintiffs did not discuss the late listing with Defendant and offer no explanation for the late listing in their

motion other than to suggest that "Plaintiffs' counsel discovered [the document] in the last week. . . ." Pls.' Mot. at 1. Plaintiffs' decision to not investigate this issue until the eve of trial is hardly a "compelling" reason required under App. A ¶ 13(a). Moreover, Plaintiffs' listing of a new document seventeen days before trial – after the filing of their final exhibit list and after the due date for motions in limine – under the guise of an "errata" should not be countenanced by this Court.[1/]

Hence, Defendant respectfully requests that the Court strike Plaintiffs' Motion or, in the alternative, deny Plaintiffs' Motion.

Dated: October 15, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

s/ William J. Shapiro
WILLIAM J. SHAPIRO
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
501 I Street, Room 9-700
Sacramento, CA 95814
(tel) (916) 930-2207

Counsel of Record for Defendant

[1/] Plaintiffs also suggest that they should be allowed to add this new exhibit on the eve of trial simply because it is a Reclamation document. That is true of hundreds, if not thousands, of documents exchanged by the parties. Moreover, there are some 250 current CVP water service contracts. That number is much higher if one considers old contracts that are no longer in effect. Accordingly, it is prejudicial to Defendant to allow Plaintiffs to continue to add new exhibits at this late date.

KRISTINE S. TARDIFF
United States Department of Justice
Environment and Natural Resources Division
53 Pleasant Street, 4th Floor
Concord, NH 03301

LUTHER L. HAJEK
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, DC 20044-0663

OF COUNSEL:
SHELLY RANDEL
United States Department of the Interior
Office of the Solicitor
Branch of Water and Power
Division of Land and Water Resources
1849 C St., N.W.
Washington, DC

JAMES E. TURNER
Assistant Regional Solicitor
United States Department of the Interior
Office of the Regional Solicitor
Pacific Southwest Region
2800 Cottage Way, Room E-1712
Sacramento, CA 95825