**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STOCKTON EAST WATER DISTRICT, CENTRAL SAN JOAQUIN WATER CONSERVATION DISTRICT, SAN JOAQUIN COUNTY, STOCKTON CITY, CALIFORNIA WATER SERVICE COMPANY, | ) | |
| Plaintiffs, | ) | No. 04-541 L |
| v. | ) | Judge Christine Odell Cook Miller |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE AND MOTION *IN LIMINE* REGARDING BACKGROUND PRINCIPLES OF STATE LAW**

Defendant United States hereby responds to and opposes Plaintiffs' Motion for Leave to File a Motion *In Limine* Regarding Background Principles of State Law (Doc. #140-1) ("Plaintiffs' Motion for Leave"), and the Motion *In Limine* attached thereto (Doc. #140-2) ("Plaintiffs' Motion"). For the reasons set forth below, Plaintiffs' efforts to preclude the Court from considering relevant state law issues should be rejected.

First, Plaintiffs' Motion for Leave is premised on the erroneous assertion that background principles of California state law is a new issue that is being raised for the first time and that was not "addressed in this Court's April 10, 2006 Opinion, which sets forth the issues for trial in this case." Pls.' Mot. at 1. In fact, the Court's decision states:

> [D]efendant and amicus press the argument that plaintiffs' water rights were limited by background principles of state law. The court does not rule on this argument. *It may be addressed at trial and in the related briefing*.

<u>Stockton East Water Dist. v. United States</u>, 70 Fed. Cl. 515, 536 n.13 (2006) (emphasis added).

Accordingly, these issues are not new, there has been no waiver of defenses that are based on

state law, and the Court expressly indicated that these issues may be addressed at trial and in the related briefing.

Second, Plaintiffs state that they "do not and have never disputed that the United States must comply with state law" and that they "do not challenge releases made by Defendant from New Melones required to comply with permit terms imposed on New Melones by the State [Water Resources Control] Board [("SWRCB")]." Pls.' Mot. at 2. However, Plaintiffs' list of releases that they do not challenge omits releases to meet Vernalis salinity standards after 1999, even though this continues to be a condition of the SWRCB permits for New Melones. See SWRCB Decision 1641 (as revised in accordance with Order WR 2000-02) at 160-163 (available at http://www.waterrights.ca.gov/hearings/d1600_d1649.html). Plaintiffs' list also omits releases from New Melones that are required to meet instream flows at Vernalis. Id. Accordingly, Plaintiffs do appear to be challenging some of the requirements imposed on the operation of New Melones Reservoir under state law.

Third, Plaintiffs rely on National Audubon Society v. Superior Court of Alpine County, 33 Cal.3d 419 (1983), to support their contention that this Court cannot or should not "make the initial factual determination as to whether a use of water pursuant to a state issued permit is required by California law." Pls.' Mot. at 6-7. In fact, the National Audubon decision supports a nearly opposite proposition – that the courts (state and federal) have concurrent jurisdiction over such matters. 33 Cal.3d at 451-52. In exercising the concurrent jurisdiction, a court may refer a matter to the SWRCB for factual determination, but it is not required to do so. See id. at 451. Simply stated, although the SWRCB has authority to enforce the public trust doctrine and other

aspects of state law, so do the courts, including this Court.[1/] Plaintiffs have chosen to litigate their claims in this Court and cannot now complain that certain aspects of their claim must be decided in the first instance by the SWRCB.

**CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that the Court deny Plaintiffs' Motion for Leave (Doc. #140-1) or, if that Motion is granted, deny Plaintiffs' corresponding Motion *in Limine* (Doc. #140-2).

Dated: October 15, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

s/William J. Shapiro
WILLIAM J. SHAPIRO
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
501 I Street, Room 9-700
Sacramento, CA 95814
(tel) (916) 930-2207

Counsel of Record for Defendant

---

[1/] Plaintiffs' reliance on Tulare Lake Basin Water Storage District v. United States, 49 Fed. Cl. 313 (2001), is equally misplaced. The Tulare court's interpretation of California state law has no precedential value and its value as non-precedential authority has certainly been called into question by the criticism of that decision in both federal and state courts. See NRDC Amicus Corrected Br. at 24-27, 29-31 (filed Oct. 11, 2006) (Doc. #131) (citing Klamath Irrigation Dist. v. United States, 67 Fed. Cl. 504 (2005); Allegretti & Co. v. County of Imperial, 42 Cal.Rptr.3d 122 (Cal. App. 2006)).

KRISTINE S. TARDIFF
United States Department of Justice
Environment and Natural Resources Division
53 Pleasant Street, 4th Floor
Concord, NH 03301

LUTHER L. HAJEK
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, DC 20044-0663

OF COUNSEL:
SHELLY RANDEL
United States Department of the Interior
Office of the Solicitor
Branch of Water and Power
Division of Land and Water Resources
1849 C St., N.W.
Washington, DC

JAMES E. TURNER
Assistant Regional Solicitor
United States Department of the Interior
Office of the Regional Solicitor
Pacific Southwest Region
2800 Cottage Way, Room E-1712
Sacramento, CA 95825