IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STOCKTON EAST WATER DISTRICT, CENTRAL SAN JOAQUIN WATER CONSERVATION DISTRICT, SAN JOAQUIN COUNTY, STOCKTON CITY, CALIFORNIA WATER SERVICE DISTRICT | ) | No. 04-541-L |
| | ) | Judge Christine Odell Cook Miller |
| v. | ) | |
| Plaintiffs, | ) | |
| UNITED STATES OF AMERICA | ) | |
| Defendant. | ) | |

**AMICUS NATURAL RESOURCES DEFENSE COUNCIL'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE NRDC'S PRE-TRIAL AMICUS MEMORANDUM AND CONDITIONAL MOTION FOR LEAVE TO FILE PRETRIAL AMICUS MEMORANDUM**

Natural Resources Defense Council ("NRDC") respectfully submits this response (1) opposing plaintiffs' motion to strike NRDC's pre-trial amicus memorandum, and (2) making a motion seeking leave, to the extent necessary, to file NRDC's pre-trial amicus memorandum.

1. The Court should reject plaintiffs' position that NRDC should not be permitted to participate in this case because it is a "non-neutral" or a "non-partial" amicus. The Court has already implicitly rejected this argument by granting NRDC leave to file an amicus brief when the parties filed cross-motions for summary judgment. In any event, the argument has no merit. NRDC is one of the nation's largest environmental organizations and has a long history of commitment to reform of western water management, and Central Valley Project management in particular, in order to protect and restore environmental resources. Accordingly, NRDC obviously brings a distinct viewpoint to these proceedings. But possessing a point of view in no

way undermines NRDC's ability to bring useful and important information and analysis to the Court's attention. In other cases, courts have repeatedly recognized that, under the modern approach, amici need not be completely disinterested. See, e g., United States v. State of Michigan, 940 F.2d 143, 165 (6th Cir. 1991) (amicus party's adversary position no bar to participation in case as amicus); Funbus Sys., Inc.v v. California Pub. Util. Comm'n, 801 F.2d 1120, 124-25 (9th Cir., 1986 ) ("there is no rule that amici must be totally disinterested")

2. Plaintiffs also suggest that amicus participation is inappropriate at the trial-court level. There is no basis for this argument and the Court should reject it. Just as amicus participation can be helpful to an appellate court, an amicus can assist a trial court by providing both factual information and distinctive analysis of key issues. In its April 10th Opinion on the cross-motions for summary judgment, the Court cited positions and arguments advanced by NRDC at nine separate points in its opinion, strongly suggesting that the Court found NRDC's prior amicus submission helpful. See Stockton East v. United States, 70 Fed.Cl. 515, 523, 524, 529, 534, 535, 536 (2006). Other judges of the U.S. Court of Federal Claims have routinely granted environmental parties standing in cases as either amici or intervenors. See Hage v. United States, 51 Fed.Cl. 570 (2002); Klamath v. United States, 64 Fed.Cl. 328 (2005); Tulare Lake Basin Water Storage Dist. v. United States, 49 Fed.Cl. 313 (2001). Accordingly, the Court should reject plaintiffs' suggestion that amicus participation in trial court proceedings is inappropriate.

3. Finally, plaintiffs object that NRDC did not file a specific motion seeking leave to file its pre-trial memorandum. NRDC assumed that such a motion was unnecessary inasmuch as NRDC has been added to the official service list in this case, and the pre-trial memorandum mostly represents a refinement of arguments presented in NRDC's prior amicus filing.

However, to the extent a specific motion is needed, NRDC hereby seeks leave from the Court to file its pre-trial amicus memorandum. As NRDC explained in its prior motion in support of its amicus participation in this case, NRDC should be permitted to participate in this case because it has a great deal of expertise with Central Valley Project management issues, has participated in many of the prior litigations relating to the CVP, and is represented by legal counsel with particular expertise in the legal issues in this case. See generally Wolfchild v. United States, 68 Fed. Cl. 779, 799 (2005) (articulating factors governing decisions to permit amicus participation). Thus, to the extent necessary, the Court should grant NRDC's motion for leave to file its amicus pre-trial memorandum at this time.

For the foregoing reasons, the Court should deny plaintiffs' motion to strike NRDC's pretrial amicus memorandum and, to the extent necessary, grant this motion for leave to file.

Respectfully submitted,

/S/

John D. Echeverria
Sanjukta Misra
Georgetown Environmental Law & Policy Institute
Georgetown University Law Center
600 New Jersey Avenue, N.W.
Washington, D.C. 20001
(202) 662-9850

Hamilton Candee
Natural Resources Defense Council
111 Sutter Street, 20th Floor
San Francisco, CA 94104
(415) 777-0220

October 16, 2006

Counsel for Amicus Curiae NRDC