# In the United States Court of Federal Claims

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| **STOCKTON EAST WATER DISTRICT,** ***et al.*****,** | * | |
| Plaintiffs, | * | |
| v. | * | No. 04-541L |
| **THE UNITED STATES,** | * | (Filed Oct. 18, 2006) |
| Defendant. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

## ORDER

During the pretrial conference held on October 17, 2006, the court and parties addressed motions *in limine* and related matters. Supported by explanations from the bench, the rulings and reasons therefor are set forth. Accordingly,

**IT IS ORDERED**, as follows:

1. Plaintiffs' Errata to Plaintiffs' Motion *in Limine* Regarding Amendment of Contracts, Motion for Leave To Add Trial Exhibit, filed October 6, 2006, which includes (1) plaintiffs' request for leave to amend their Trial Exhibit List to include the San Luis Water District contract for Central Valley Project Water and (2) plaintiffs' request for leave to permit reference to the contract in question at oral argument regarding Plaintiffs' Motion *in Limine* Regarding Amendment of Contracts is granted. Plaintiffs are instructed to amend the contract summary document, PX 282, to include the details of the San Luis Water District contract referenced above. This document may be offered as a stand-alone PX regarding contract amendments.

2. Plaintiffs' Motion Requesting the Court Take Judicial Notice of Legislative History Documents, filed October 5, 2006, is moot as plaintiffs furnished the source material for legislative history referred to in their memorandum of fact and law. The court will consider it in that context.

3. The Motion for Leave To File Amicus Brief of California Water Resources Control Board, filed October 5, 2006, is granted. Defendant's motion to strike the amicus briefs of the NRDC and the SWRCB, filed October 12, 2006, is denied.

4. Plaintiffs' Motion for Leave To File Motion *in Limine* Regarding "Background Principles of State Water Law," filed October 12, 2006, is granted as unopposed.

5. Defendant's Motion *in Limine* To Exclude Certain Evidence Relating to Damages, filed September 29, 2006, is granted as unopposed. Trial has been bifurcated. See Order entered on Oct. 27, 2004, ¶1.

6. Defendant's Motion *in Limine* To Exclude Exhibits That Have Not Been Produced as Required Under RCFC Appendix A, filed September 28, 2006, is denied in part. The motion to exclude is denied regarding PX 273 and 271, as defendant does not object to their use at trial. Defendant withdrew its objection to PX 275. A ruling regarding PX 230 and 231 is deferred, as plaintiffs have represented that they do not intend to use these exhibits to prove damages and have reserved the right to attempt to introduce relevant portions of PX 230 and 231 at trial. Plaintiffs voluntarily have withdrawn the remaining exhibits to which defendant objected in this motion.

7. Defendant's Motion *in Limine* to Exclude Plaintiffs' Exhibit 282, filed September 29, 2006, is denied. Defendant contends that PX 282 should be excluded as it was served on September 20, 2006, after the meeting of counsel that took place on September 11, 2006. Alternatively, defendant argues that PX 282 should be excluded as not being representative of Central Valley Project contracts, containing significant errors, and having limited probative value. The document is a valid Fed. R. Evid. 1006 summary. Defendant reserves the right to object to the admission of this exhibit on relevancy grounds at trial.

8. Plaintiffs' Motion *in Limine* To Exclude Expert Testimony, filed September 29, 2006, is granted in part. Plaintiffs argue that eleven of the witnesses identified by defendant were not made available for deposition after designation as witnesses, as required by RCFC 26(b)(4)(A) and that defendant failed to provide expert reports for four witnesses, as required by RCFC 26(a)(2)(B). The witnesses do not qualify as experts pursuant to Fed. R. Evid. 702. Defendant confirmed that it does not intend to qualify the named witnesses to testify as expert witnesses under Rule 702; rather, they will establish their qualifications under Rule 701.

9. Plaintiffs' Motion *in Limine* To Exclude Evidence Relating to Alleged Amendment of the Contracts, filed September 29, 2006, is granted in part. Plaintiffs argue that amendment of the contracts requires compliance with the Statute of Frauds and that the

Interim Operations Plan is not signed by plaintiffs and therefore not a valid amendment. Testimony showing that the contract was amended permanently is precluded. The amendment manifests agreement to perform in light of changing circumstances.

10. Plaintiffs' Motion *in Limine* To Exclude Evidence Regarding Alleged Immaterial Breaches of the Contracts, filed September 29, 2006, was withdrawn by plaintiffs.

11. Plaintiffs' Motion *in Limine* To Exclude Testimony Regarding Temperature Objectives, filed September 29, 2006, is granted. Plaintiffs request exclusion of evidence offered by defendant regarding defendant's perceived need to meet certain temperature objectives for fish in the Stanislaus River. Defendant's proof of the considerations that the Bureau of Reclamation took into account will be received.

12. Plaintiffs' Motion *in Limine* To Exclude Testimony and Expert Report of Peggy Manza, filed September 29, 2006, is denied. Plaintiffs argue exclusion of the testimony of Peggy Manza as irrelevant and non-compliant with the requirements of RCFC 26(a)(2)(B). Both parties reserve the right to challenge the qualifications of the witness at trial during voir dire. Nothing in this ruling affects Ms. Manza's ability to testify as a Fed. R. Evid. 701 fact witness.

13. Plaintiffs' Motion *in Limine* Regarding "Background Principles of State Water Law," filed October 12, 2006, is denied in part. Plaintiffs argue that this issue has been raised for the first time two weeks prior to trial, is irrelevant to the issues before the court, and is highly prejudicial to plaintiffs and therefore should be excluded from trial. The defense of background principles of state law involves legal issues regarding the non-fixed nature of contractual expectations and is limited to subjects identified in the witnesses' depositions. Evidence that delivery of more water to plaintiffs would have resulted in violation of the public trust doctrine, the doctrine of public ownership of wildlife, or the doctrine of reasonable and beneficial use is excluded, except insofar as it involves the impact of the 1987 Department of Fish and Game Agreement.

14. Defendant's Motion for Leave To Add Trial Exhibit filed on October 15, 2006, is granted.

15. The parties' oral requests to file an amended Joint Exhibit List and Defendant's Amended Exhibit List are granted.

s/ Christine O.C. Miller

__________________________________

**Christine Odell Cook Miller**
Judge