IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STOCKTON EAST WATER DISTRICT, CENTRAL SAN JOAQUIN WATER CONSERVATION DISTRICT, SAN JOAQUIN COUNTY, STOCKTON CITY, and CALIFORNIA WATER SERVICE COMPANY, | ) | |
| | ) | No. 04-541 L |
| Plaintiffs, | ) | |
| v. | ) | Judge Christine Odell Cook Miller |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**JOINT STIPULATIONS OF FACT FOR TRIAL**

Plaintiffs, Stockton East Water District, Central San Joaquin Water Conservation District, San Joaquin County, Stockton City, and California Water Service Company, and Defendant, United States, hereby stipulate to the following facts for the purposes of the liability trial on Plaintiffs' contract claims scheduled to begin on October 23, 2006. These factual stipulations are intended to facilitate the presentation of evidence at trial. In entering into these factual stipulations, the parties do not waive their right to argue the relevancy of these facts in this case, nor do they waive the right to contest any of these facts in further proceedings in this case. In addition, these factual stipulations are not intended to bind the parties in any other litigation.

<u>The Parties</u>

1. Stockton East Water District (Stockton East), located in San Joaquin County, is a public agency formed by special act of the California Legislature under Chapter 819, Statutes of 1971, as amended. (Plaintiffs Exhibit 5).

2. Central San Joaquin Water Conservation District (Central) is a water conservation district organized under California Water Code §§ 74000-76501.

3. San Joaquin County (County) is a political subdivision of the State of California (California Government Code §§ 23000-33205).

4. The City of Stockton (City) is a municipal corporation organized under California Government Code §§ 34000-45345.

5. The California Water Service Company (Cal Water) is a corporation duly organized and existing under the laws of the State of California.

Federal Reclamation Law and the Central Valley Project

6. The Central Valley Project ("CVP") was first authorized by the Rivers and Harbors Act of August 30, 1935, Pub. L. 74-409. The Rivers and Harbors Act of August 26, 1937, Pub. L. 75-392; 50 Stat. 884, reauthorized the CVP for construction, operation, and maintenance by the Secretary of the Interior pursuant to the Reclamation Act of June 17, 1902, 32 Stat. 388, 43 U.S.C. § 371, et seq. 1902, as amended and supplemented.

7. Federal Reclamation law was supplemented or amended several times, including the following:

- ***The Rivers and Harbors Act of 1937*** P.L. 75-392; 50 Stat. 884, as amended by the Rivers and Harbor Act of 1940, P.L. 76-868; 54 Stat. 1198.
- ***Reclamation Project Act of 1939.*** P.L. 75-260; 53 Stat. 1187.
- ***San Luis Unit Authorization Act.*** P.L. 86-488; 74 Stat. 220.
- ***Flood Control Act of 1962.*** P.L. 87-874; 76 Stat. 1173.
- ***Reclamation Project Act Amendments of 1956.*** P.L. 84-643; 70 Stat. 484; 43 U.S.C. Section 485h-5; P.L. 88-44; 77 Stat. 68; 43 U.S.C. Section 485h.
- ***Auburn-Folsom South Unit Authorization Act.*** P.L. 89-161; 79 Stat. 615; 43 U.S.C. Section 616b et seq.
- ***San Felipe Division Authorization Act.*** P.L. 90-72; 81 Stat. 173.
- ***Trinity River Stream Rectification Act.*** P.L.96-355; 94 Stat. 1062.

- ***Suisun Marsh Preservation and Restoration Act of 1979.*** P.L. 96-495; 94 Stat 2581.
- ***Reclamation Reform Act of 1982.*** P.L. 97-293; 96 Stat. 1263; 43 U.S.C. Section 390 aa et seq.
- ***Trinity River Basin Fish and Wildlife Management Act.*** P.L. 98-541; 97 Stat. 2721 (1984).
- ***Central Valley Project Improvement Act.*** Title XXXIV of P.L. 102-575 (1992) (CVPIA) (Joint Exhibit 27).

New Melones Dam and Reservoir

8. The New Melones Project, which is located on the Stanislaus River in California, was authorized by the Flood Control Acts of December 22, 1944, 58 Stat. 887, and October 23, 1962, 76 Stat. 1173 (Public Law 87-874) (Joint Exhibit 26). The 1962 Act states, in pertinent part:

> The New Melones Project, Stanislaus River, California, authorized by the Flood Control Act approved December 22, 1944 (58 Stat. 887) is hereby modified substantially in accordance with the recommendations of the Chief of Engineers in House Document Numbered 453, Eighty-seventh Congress, at an estimated cost of $113,717,000: *Provided*, That upon completion of construction of the dam and powerplant by the Corps of Engineers, the project shall become an integral part of the Central Valley project and be operated and maintained by the Secretary of the Interior pursuant to the Federal reclamation laws, except that the flood control operation of the project shall be in accordance with the rules and regulations prescribed by the Secretary of the Army . . . *Provided further*, That, before initiating any diversion of water from the Stanislaus River Basin in connection with the operation of the Central Valley project, the Secretary of the Interior shall determine the quantity of water required to satisfy all existing and anticipated future needs within the basin and the diversions shall at all times be subordinate to the quantities so determined: *Provided further*, That the Secretary of the Army adopt appropriate measures to insure the preservation and propagation of fish and wildlife in the New Melones project and shall allocate to the preservation and propagation of fish and wildlife, as provided in the Act of August 14, 1946 (60 Stat.1080), an appropriate share of the cost of constructing the Stanislaus River diversion and of operating and maintaining the same: *Provided further*, That the Secretary of the Army, in connection with the New Melones project, construct basic, public recreation facilities, acquire land necessary for that purpose, the cost of constructing such facilities and acquiring such lands to be nonreimbursable and nonreturnable:... *And provided further*, That the Secretary of the Army give consideration during the preconstruction planning for the New Melones project to the advisability of including storage for the regulation of streamflow for the purpose of downstream water quality control.

9. The initial construction of New Melones Project began in 1966. Construction of the dam began in March 1974 and was completed in October 1978. (Flood Control Report, Jan. 1980, p. 4) (Defendant Exhibit 7)

10. The 1962 reauthorization of the New Melones Project required the Secretary of the Interior to define the "Stanislaus River Basin" for which project water would be reserved. To assist the Secretary in making this determination, the Department of the Interior prepared a report that examines three different alternative basins which could use a water supply from the Stanislaus River. The report also examined four alternative storage operating conditions for New Melones. This report is titled, "New Melones Unit, Central Valley Project - California, Stanislaus River Basin Alternative and Water Allocation, Special Report, September 1980" ("1980 Special Report") (Plaintiffs Exhibit 10).

11. Based on the 1980 Special Report and a corresponding final supplement to the final environmental statement dated September 12, 1980, the Commissioner of the Bureau of Reclamation prepared a Record of Decision ("ROD"), in which he recommended that the Secretary proceed with alternative operations plan number 2 in the 1980 Special Report. The ROD was approved by the Deputy Assistant Secretary for Land and Water Resources on May 6, 1981, and received the concurrence of the Under Secretary of the Interior, Donald P. Hodel, on June 29, 1981 (Plaintiffs Exhibit 15).

The Stockton East and Central Contracts

12. On February 1, 1982, the Assistant Commissioner Eugene Hinds, of the Department of the Interior, approved the Basis of Negotiations for Contracts from the New Melones Unit to Stockton East and Central, consistent with the ROD. (Plaintiffs Exhibit 20).

13. On December 19, 1983, the United States and Central San Joaquin Water Conservation District entered into a contract for water service from the Central Valley Project. (Plaintiffs Exhibit 36).

14. On December 19, 1983, the United States and Stockton-East Water District entered into a contract for water service from the Central Valley Project. (Plaintiffs' Exhibit 37).

The SWRCB Issued Water Rights

15. In 1952, the California Department of Finance filed applications with the State's Division of Water Resources for permission to appropriate water from the Stanislaus River in connection with the development of the New Melones dam and reservoir. In application 14858, the Department of Finance sought to appropriate water for the following uses: "irrigation, domestic, municipal, industrial, fish culture, recreation, and water quality control." Applic. No. 14858. In corresponding application number 14859, the Department of Finance sought to appropriate the water for power. Applic. No. 14859. These applications were subsequently assigned to the United States.

16. In 1960, in connection with the proposal to expand the size of New Melones, the United States filed applications with the SWRCB to appropriate the unappropriated waters of the Stanislaus River in connection with the proposed development of the New Melones Project. These applications were assigned numbers 19303 and 19304. In application 19303, the United States sought to appropriate water for power. Applic. 19303. In corresponding application number 19304, the United States sought to appropriate the water for "irrigation, fish culture, water quality control, and incidental domestic and recreational purposes." Amended Application 19304 (dated May 25, 1962).

17. On April 4, 1973, the SWRCB issued Decision 1422 ("D-1422") on Application Nos. 14858, 14859, 19303, and 19304. In D-1422, the SWRCB assigned Applications 14858 and 14859 to the United States Bureau of Reclamation and approved the four applications presented in part, subject to the conditions and limitations set forth in D-1422. (Joint Exhibit 1).

18. SWRCB Decision 1422 limited the amount of water that could be stored in New Melones Reservoir to the amount needed for fish and wildlife, water quality, flood control, and satisfaction of prior rights, until a specific need for consumptive use was demonstrated. The SWRCB stated:

> "The public interest requires that the use of the Stanislaus River for whitewater boating, stream fishing and wildlife habitat be protected to the extent that water is not needed for other beneficial uses. Therefore, although there is a demonstrated need for the full yield of the project in the four basin counties at some time in the future, but for which no contracts have been negotiated, and in view of the adverse effect the proposed reservoir will have upon these recreational uses, impoundment of water to satisfy that need should not be permitted at this time. Instead the Board should retain jurisdiction over the permits for the purpose of approving incremental appropriations for consumptive use up to the quantities covered by the applications when the need for the water is substantiated." D-1422 at 27 (Joint Exhibit 1).

19. In Order No. 83-3, the SWRCB authorized Reclamation to fill New Melones Reservoir for consumptive use and to increase its existing rights for direct diversion for power purposes. Order No. 83-3 (Joint Exhibit 7); D-1616, p. 2 (Joint Exhibit 13)

20. On January 21, 1988, the SWRCB issued Decision 1616, amending Reclamation's permits for New Melones to include direct diversion rights subject to the conditions and limitations set forth in the decision and in the permits issued pursuant to that decision. Decision 1616 (Joint Exhibit 13).

21. Oakdale Irrigation District ("OID") and South San Joaquin Irrigation District ("SSJID") are the major holders of prior rights to use water from the Stanislaus River. As part of

the SWRCB permitting process, OID/SSJID protested Reclamation's water right applications. OID/SSJID and Reclamation resolved this protest by entering into a Settlement Agreement. (Defendant Exhibit 3). Under the Settlement Agreement, Reclamation must release a certain amount of water to OID/SSJID each year. Plaintiffs do not contend that the releases to OID/SSJID pursuant to this Agreement were a breach of their contract.

22. The California Department of Fish and Game ("DFG") filed a protest to Reclamation's water right applications for New Melones. DFG's original protest was resolved through the inclusion of a condition related to required fishery flow releases and releases to maintain a certain dissolved oxygen standard in the Stanislaus River. D-1616, page 32-33 (Conditions 12 and 14) (Joint Exhibit 13). Instream fish releases are to be made pursuant to the 1987 DFG Agreement. (Plaintiffs Exhibit 46). Plaintiffs do not contend that the releases from New Melones in compliance with these conditions were a breach of their contract.

23. The SWRCB issued a Water Quality Control Plan for the Bay-Delta in May 1995, which sets forth the current water quality objectives for the Bay-Delta Estuary. (Joint Exhibit 15). The SWRCB then instituted a water right proceeding to implement the 1995 Plan by assigning responsibility to water right holders. These proceedings culminated in Water Rights Decision 1641 ("D-1641"). D-1641 was subsequently revised in accordance with Order WR 2000-02, issued on March 15, 2000. (Joint Exhibit 23).

24. D-1641, as revised, amended all of the permits issued to Reclamation for the CVP, including Reclamation's permits for New Melones. See Joint Exhibit 23 (D-1641, as revised, pp. 146-193). Conditions 1 and 2, imposed by D-1641 on all listed CVP and State Water Project ("SWP") permits (D-1641, as revised, p. 146), were extended by SWRCB Order WR 2001-05. WR 2001-05, p. 2.

Operational Facts

25. The parties have stipulated to a summary exhibit (Joint Exhibit 28) showing the following information for each year from 1993 to 2004:

a. The water year type.
b. Calendar year-end storage in New Melones.
c. The total annual calendar year releases that Reclamation made from New Melones, accounted for by purpose.

Date: October 23, 2006

Respectfully submitted,

Jennifer Spaletta for Roger Marzulla

Roger J. Marzulla
Nancie G. Marzulla
Marzulla & Marzulla
1350 Connecticut Avenue, N.W.
Suite 410
Washington, D.C. 20036
(202) 822-6760
(202) 822-6774 (facsimile)

Counsel for Plaintiffs

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

William J. Shapiro
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
501 "I" Street. Room 9-700
Sacramento, CA 95814
(tel) (916) 930-2207