# In the United States Court of Federal Claims

No. 04-541L

(Filed October 31, 2006)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| | * | |
| **STOCKTON EAST WATER DISTRICT, CENTRAL SAN JOAQUIN WATER DISTRICT, COUNTY OF SAN JOAQUIN, CITY OF STOCKTON, and CALIFORNIA WATER SERVICE COMPANY,** | * | Takings; transfer pursuant to 28 U.S.C. § 1631 (2000); statute of limitations, 28 U.S.C. § 2501 (2000); whether statute of limitations precludes jurisdiction for a claim ordered to be transferred when order of transfer and filing in transferee court occur ten years later; whether contract cause of action on same facts can be added after transfer of takings claim; law of the case. |
| Plaintiffs, | * | |
| v. | * | |
| **THE UNITED STATES,** | * | |
| Defendant. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

Nancie G. Marzulla, Washington, DC, for plaintiffs. Roger J. Marzulla, Marzulla & Marzulla, Washington, DC, Jeanne M. Zolezzi and Jennifer L. Spaletta, Herum Crabtree Brown, Douglas H. Calkins, Office of City Attorney, and Deeann Gillick, Neumiller & Beardslee, Stockton, CA, of counsel.

Adam J. Siegel, Washington, DC, with whom was Assistant Attorney General Thomas L. Sansonetti, for defendant. Alf W. Brandt, Assistant Regional Solicitor, Pacific Southwest Region, United States Department of the Interior, Sacramento, CA, of counsel.

## ERRATUM

**MILLER**, Judge.

Please substitute the attached page 3 for the original in the Opinion filed on October 4, 2004, published as 62 Fed. Cl. 379, 382 (2004). The original page contained a typographical error.

S/ Christine O.C. Miller

________________________________

**Christine Odell Cook Miller**
Judge

**FACTS**

Plaintiffs are Stockton East Water District ("SEWD"), Central San Joaquin Water Conservation District ("Central"), San Joaquin County, City of Stockton, and California Water Service Company ("CWSC"), each of which is involved with the provision of municipal, industrial, and agricultural water, as well as the operation and maintenance of water facilities, within California's San Joaquin Valley – just south of Sacramento County. This case involves a dispute over two 1983 agreements involving SEWD, Central, and the United States Bureau of Reclamation ("Reclamation") for the appropriation of water after completion of California's second largest earthfill dam, the New Melones Dam.

According to the Court of Federal Claims complaint entitled "Amended Complaint for Just Compensation and Breach of Contract," filed April 20, 2004 (the "2004 Amended Complaint") 2/, the New Melones Dam was part of the Central Valley Project ("CVP"), a federal reclamation project authorized by the Flood Control Acts of 1944 and 1962, Flood Control Act of Dec. 22, 1944, Pub. L. No. 78-534, § 10, 58 Stat. 887, 900-02; Flood Control Act of Oct. 23, 1962, Pub. L. No. 87-874, § 203, 76 Stat. 1173, 1191-92. See 2004 Amended Complaint ¶ 11. Dam construction began in 1966 and was completed in 1978, while filling of the New Melones Reservoir (the "Reservoir"), which has a capacity of 2.4 million acre-feet and 100 miles of shoreline, began in 1983.

With the Flood Control Acts, Congress directed that Reclamation construct and operate the dam "pursuant to the Federal reclamation laws." Flood Control Act of Oct. 23, 1962 § 203, 76 Stat. at 1191. The Reclamation Act of 1902, Pub. L. No. 57-161, 32 Stat. 388, also discussed in plaintiffs' complaint, required Reclamation to apply for appropriate state permits, and the California Resources Control Board (the "SWRCB") imposed certain restrictions of the use of the water – a decision subject to extensive litigation including review by the United States Supreme Court. See California v. United States, 438 U.S. 645 (1978).

To comply with the SWRCB's requirements, as interpreted by the federal courts, Reclamation was required to demonstrate that it had "firm commitments" before impounding water for consumptive use. 2004 Amended Complaint ¶ 13. To accomplish that milestone, Reclamation commenced contract negotiations with SEWD and Central. These negotiations allowed Reclamation to receive approval from the SWRCB. Id. ¶¶ 13-15.

---

2/ Plaintiffs filed an "amended complaint" at their option pursuant to RCFC 3.1.