IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STOCKTON EAST WATER DISTRICT, CENTRAL SAN JOAQUIN WATER CONSERVATION DISTRICT, SAN JOAQUIN COUNTY, STOCKTON CITY, CALIFORNIA WATER SERVICE COMPANY, | ) | |
| Plaintiffs, | ) | No. 04-541 L |
| v. | ) | Judge Christine Odell Cook Miller |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**JOINT CHART OF LAWSUITS AND REGULATORY PROCEEDINGS**

Pursuant to the Court's Order of November 9, 2006 (Doc. 153) and the Court's instructions at trial, the parties hereby file the attached Joint Chart of lawsuits and regulatory proceedings. The following abbreviations are used in the joint chart:

| | |
|---|---|
| APA | Administrative Procedure Act |
| Bay Delta | San Francisco Bay/Sacramento-San Joaquin Delta Estuary |
| BOR | Bureau of Reclamation |
| Central | Central San Joaquin Water Conservation District |
| CVP | Central Valley Project |
| CVPIA | Central Valley Project Improvement Act |
| DOI | Department of the Interior |
| DWR | State Department of Water Resources |
| ESA | Endangered Species Act |
| NMFS | National Marine Fisheries Service (now NOAA Fisheries) |
| SEWD | Stockton East Water District |
| SWP | State Water Project |
| SWRCB | California State Water Resources Control Board |
| VAMP | Vernalis Adaptive Management Program |

The parties have agreed to the characterization of the items that appear in the Joint Chart. The parties could not agree on certain comments with respect to three cases. These items of disagreement are set forth below:

**Entry #1: BARCELLOS v WESTLANDS WATER DISTRICT**
USDC, Eastern District, Fresno Div., Case No. CV-F-79-106 OWW

*Defendant's position:*

It is Defendant's position that the Ninth Circuit decision affirming the trial court's decision in this case held that: (1) the 1963 contract does not contain an express warranty of water availability; (2) Article 11 unambiguously limits the liability of the government for shortages in water available under the contract; (3) an unavailability of water resulting from the mandates of valid legislation constitutes a shortage by reason of "any other causes" under Article 11; and (4) the contract does not contain unmistakable terms surrendering Congress's sovereign power to enact legislation. O'Neill et al. v. United States, 50 F.3d 677 (9th Cir. 1995), cert. denied, 516 U.S. 1028 (1995).

*Plaintiffs' position:*

It is Plaintiffs' position that it is improper for the parties to selectively characterize portions of the rationale of appellate decisions in this joint chart and that such characterizations are not the objective list of issues decided that the Court requested, but rather argument that should have been made in trial briefs or at trial. Plaintiffs cannot agree to Defendant's characterization of the *O'Neil* holdings because the characterization ignores the fact that the procedural posture of the case was denial of a motion to enforce a stipulated judgment, not a breach of contract action. In upholding the denied motion, the court analyzed the 1963 Westland's contract as a whole, including Article 26, relating to amendments to Reclamation law, which specifically addressed the district's ability to either accept changes in reclamation law or re-negotiate their contract. The Ninth Circuit's conclusion that "the unavailability of water resulting from the mandates of valid legislation constitutes a shortage by reason of 'any other

causes' was reached after an analysis of both Article 11 and Article 26 of the Westlands contract. 50 F.3d at 683-684. It is Plaintiff's position that the discussion of the Westlands contract in this injunctive relief setting is not relevant to the case at hand and has no precedential value.

**Entry #7: CENTRAL DELTA WATER AGENCY v. UNITED STATES**
USDC, Eastern District, Fresno Div., Case No: CIV F-99-5650 OWW

*Defendant's position:*

It is Defendant's position that the Ninth Circuit affirmed the District Court's decision, holding that (1) BOR is required to comply with the Vernalis salinity standard; (2) BOR has "considerable discretion" in determining how to comply with this and other standards; (3) BOR operates New Melones Reservoir pursuant to the Interim Operations Plan adopted in 1997, but "does not blindly adhere to it" and "deviates from the Plan when necessary in order to meet its various obligations, including compliance with the Vernalis Salinity Standards"; and (4) CVPIA Section 3406(b)(2) does not require BOR to allocate a specific amount of water to meet the Vernalis Salinity Standard and other pre-CVPIA obligations before using water from New Melones for (b)(2) purposes. <u>Central Delta Water Agency v. Bureau of Reclamation</u>, 452 F.3d 1021 (9th Cir. 2006).

*Plaintiffs' position:*

It is Plaintiffs' position that Defendant's commentary is a characterization of dicta from the appellate opinion that does not aid the Court with an identification of issues decided. The procedural nature of this case was a decision denying a motion for summary judgment to obtain injunctive relief, based on the failure of the Plaintiffs to present any evidence of an imminent threat that BOR would fail to meet the Vernalis salinity standard and thus injure Plaintiffs (farmers who benefit from the salinity standard). The appellate court dicta about the Interim Operations Plan was not an "issued decided" in the case.

**Entry #12: STATE WATER RESOURCES CONTROL BOARD CASES**
Judicial Council Coordination Proceeding No. JCCP4118, includes: County of San Joaquin v. SWRCB (San Francisco County Superior Court, No. 311499)

*Defendant's position:*

It is Defendant's position that the court held that Section 11460 does not give the SJC parties a right to the use of water from New Melones that has priority over other beneficial uses within the area of origin, including those uses that the SWRCB sought to protect with the Vernalis salinity objectives, the Vernalis flow objectives and the Delta outflow objectives. 39 Cal.Rptr.3d at 255-27.

In addition, Defendant submits that the following rulings on certain consolidated claims that were not brought by SEWD or Central are relevant:

1. The SWRCB is required to fully implement the Vernalis pulse flow objective and the Southern Delta salinity objectives set forth in the 1995 Bay-Delta Water Quality Control Plan. The SWRCB failed to fully implement these objectives when it allowed compliance with the San Joaquin River Agreement flow regime (VAMP flows) in lieu of the Vernalis pulse flow objective in the 1995 Plan, and when it allowed for delayed implementation of the salinity objective at two locations. 39 Cal.Rptr.3d at 236-38.

2. Decision 1641 implements objectives contained in the 1995 Bay-Delta Plan limiting the rate at which water can be pumped from the Delta for export by amending the pertinent permits of the BOR and the state to require that those objectives be met. The court rejected a claim that these pumping limits were too high. 39 Cal.Rptr.3d at 251-52

*Plaintiffs' position:*

It is Plaintiffs' position that Defendant it attempting to expand the holdings in a writ of mandate action beyond their scope and is selectively quoting dicta from this decision that it alone believes is relevant, while omitting other dicta that is favorable to Plaintiffs. This places Plaintiffs is the position of being to required to set the record straight, despite Plaintiffs position that this discussion is entirely beyond the scope of the Court's request.

The issues decided in the Writ of Mandate proceeding were limited to whether or not the conditions imposed by the SWRCB were unlawful or the findings in support of those conditions were supported by substantial evidence. 39 Cal. Rptr.3d at 226-228 (discussing standard of review of agency decision under California law). The Court did not undertake to determine whether or not the specific actions of BOR in any particular time period were lawful.

The Defendant's characterization of the Watershed Protection statute ruling provides an example. Defendant's comment leaves the impression that the Court decided whether or not the Plaintiffs have Watershed of Origin rights *vis-a-vis* use of water by BOR for meeting certain delta standards. This issue was not before the Court. Rather, the Appellate Court upheld the trial court's determination that the Watershed Protection Statute strictly applied to the agencies operating the export projects (the BOR and DWR), but cannot be directly enforced against the SWRCB as a regulatory agency. 39 Cal.Rptr.3d at 254. The Appellate Court explained, that since the SWRCB decision in this case did not *require* BOR to operate the CVP in a manner that violated Watershed Protection Rights (because the permit terms did not require the use of water from New Melones exclusively to meet the Vernalis salinity or flow objectives) the SWRCB cannot be said to have issued a water rights decision that violates the law. 39 Cal.Rptr.3d at 254-55 (stating, "[a]s long as the Bureau has the right under its permit to operate the CVP consistently with section 11460, any violation of the statute would result solely from the Bureau's actions, rather than from the Board's decision"). The Appellate Court's discussion, in dicta, about the priorities for the use of water within the watershed of origin did not address or decide whether or not BOR's use of water from New Melones to satisfy environmental objectives, made necessary by the export of water by the CVP, violated Plaintiffs Watershed of Origin rights, as this issue was not before the Court, nor was the BOR even a party to the action.

Defendant also adds a characterization of two additional holdings from the lengthy appellate decision that it alone believes are relevant to this case. The first holding, deciding that the SWRCB decision had to be remanded to ensure compliance with the flow objective is not disputed. However, it is only one of several holdings in the lengthy opinion.

The second holding, that the "[t]he court rejected a claim that these pumping limits were too high" is a mischaracterization. One plaintiff challenged the SWRCB's approval of certain export pumping limits on "no-injury rule" grounds. The Court did not reach the merits of the claim because it determined that the pumping limits were based on a prior SWRCB order that was not reviewable in this writ of mandate proceeding. 39 Cal.Rptr.3d at 251-252.

Respectfully submitted,

Dated: November 21, 2006

s/ Roger Marzulla___________

Roger J. Marzulla
Nancie G. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Avenue, N.W.
Suite 410
Washington, D.C. 20036
(202) 822-6760
(202) 822-6774 (facsimile)

Counsel for Plaintiffs

Of counsel:

Jeanne M. Zolezzi
Jennifer L. Spaletta
Herum Crabtree Brown
2291 West March Lane
Suite B100
Stockton, CA 95207
(209) 472-7700
(209) 472-7986 (facsimile)

Dated: November 21, 2006

s/ William Shapiro________________
William J. Shapiro
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
501 I Street, Room 9-700
Sacramento, CA 95814
(916) 930-2207 (phone)
(916) 930-2210 (fax)

Kristine Tardiff
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
55 Pleasant Street
Concord, NH 03301
(603) 230-2583 (phone)
(603) 496-3858 (fax)

Attorneys for the Defendant

| No. | TITLE / PARTIES / FILING DATE / STATUS | CLAIMS | ISSUES DECIDED | ISSUES NOT REACHED | ISSUED STAYED | SUBSEQUENT HISTORY |
|---|---|---|---|---|---|---|
| 1 | **BARCELLOS v WESTLANDS WATER DISTRICT**<br>USDC, Eastern District, Fresno Div., Case No. CV-F-79-106 OWW<br><br>**Plaintiffs**: Barcellos and Wolfsen, Inc. ("Area 1" landowners within Westlands Water District)<br>**Defendants**: United States<br>**Intervenors**: Westlands Water District<br><br>**Filed:** Original case filed 1979; new action to enforce prior judgment filed March 1993<br><br>**Status:** No pending matters. The Court has retained jurisdiction over original judgment and has amended it several times to facilitate administration of its provisions. | Original action brought by landowners in Westlands to determine validity of 1963 CVP contract between Westlands and United States; resulted in a Judgment in 1986 that required the United States to perform the 1963 contract. In 1993, landowners sued to enforce the judgment, claiming that it gave them a non-alterable right to no less than 900,000 acre-feet of water from the 1963 CVP contract that could not be reduced by United States for ESA or CVPIA purposes. | Plaintiffs do not have an absolute contract right to the unqualified delivery of 900,000 acre-feet of water under the 1963 contract. Article 11 of the 1963 CVP contract (regarding liability limitation) permitted the United States to reduce water deliveries to Area I landowners as a result of ESA or CVPIA water needs. <u>Barcellos and Wolfsen, Inc. et al. v. United States</u>, 849 F. Supp. 717 (E.D. Cal. 1993). | The court held that Area I landowners could only seek APA review of the agency actions in the 1993 water allocation in a separate suit that named all required parties, and not as part of the enforcement of the 1986 Judgment. Westlands Water District had already filed such a suit (#2 below), which the Area I landowners joined. | None. | Affirmed. <u>O'Neill et al. v. United States</u>, 50 F.3d 677 (9th Cir. 1995), cert. denied, 516 U.S. 1028 (1995).<br><br>** See Notes for disagreement of parties on this item* |

| No. | TITLE/PARTIES/FILING DATE/STATUS | CLAIMS | ISSUES DECIDED | ISSUES NOT REACHED | ISSUED STAYED | SUBSEQUENT HISTORY |
|---|---|---|---|---|---|---|
| **2** | **WESTLANDS WATER DISTRICT v. UNITED STATES**<br>USDC, Eastern District, Fresno Div.,Case No: CV-F-93-5327OWW<br><br>**Plaintiffs**: Westlands Water District, San Benito Water District, San Luis Water District, Panoche Water District<br>**Defendant**: United States<br>**Intervenors**: National Resources defense Council, Area I Landowners within Westlands.<br><br>**Filed:** May 1993; Partially consolidated with Stockton East Water District v. United States (No. 3 below). Case Dismissed by Westlands Water District in 1995. Area I Landowners (intervenors) continued litigation.<br><br>**Status**: District Court found Area I landowners lacked standing. U.S. Supreme Court has affirmed. District Court has refused to transfer claims of Area I landowners to Court of Federal Claims. | Westland's claims:<br>1. Implementation of CVPIA and ESA violates 5th Amendment Due Process rights under its water contract, and constitutes a taking.<br>2. Bureau implemented CVPIA 3406(b)(2) in violation of NEPA.<br>3. APA claims that Winter Run Biological Opinion violated NEPA and ESA.<br><br>Interveners' claims:<br>1. The reclamation statutes constituted contracts granting intervenors a right to water.<br>2. Supply reduction violated appropriative rights and trust law.<br>3. CVPIA surcharges violated the 1963 contract and the Constitution.<br>4. The supply reduction due to ESA and CVPIA was in breach of the 1963 contract. | Injunction issued on NEPA claim.<br>*Vacated by:*<br>Westlands Water District v. National Resources Defense council 43 F.3d 457 (9th Cir. 1994)(holding CVPIA §§ 3406 (b)(2) and (d)(1) are directives requiring immediate implementation, exempt from NEPA). [DX 417]<br><br>Court decided that reclamation statutes did not constitute contracts, claims regarding appropriative water rights, trust and surcharges were without merit, and Area I intervenors were not intended third party beneficiaries of 1963 CVP contract, and sovereign immunity deprived it of jurisdiction to hear the remaining intervenors' claims. | Westland's remaining claims were not reached prior to voluntary dismissal by Westlands. | None. | The Ninth Circuit affirmed the determination that the Area I landowners are not intended third party beneficiaries of the 1963 contract, and that there was no other waiver of sovereign immunity that allowed the landowners to bring suit directly against the United States. Court of Appeals vacated as nullities the district court's rulings on the merits of the appropriative water rights, trust, and surcharge claims. Orff v. United States 358 F.3d 1137 (9th Cir. 2004). The Supreme Court affirmed. Orff v. United States, 545 U.S. 596 (2005) |

| No. | TITLE/PARTIES/FILING DATE/STATUS | CLAIMS | ISSUES DECIDED | ISSUES NOT REACHED | ISSUED STAYED | SUBSEQUENT HISTORY |
|---|---|---|---|---|---|---|
| 3 | **STOCKTON EAST WATER DISTRICT v. UNITED STATES**<br>USDC, Eastern District, Fresno Div.,Case No: CV-F-93-5896OWW<br><br>**Plaintiffs**: Stockton East Water District, Central San Joaquin Water Conservation District, City of Stockton, San Joaquin County, California Water Service Company<br>**Defendant:** United States<br>**Intervenors:** Westlands Water District, San Luis & Delta-Mendota Water Authority, San Luis Water District, Panoche Water District, San Joaquin River Exchange Contractors Water Authority, Friant Water Users Authority<br><br>**Filed:** October 1993; Amended Complain filed September 1995.<br><br>*Partially consolidated with Westlands v. United States (No. 2 above)*<br><br>**Status:** Stayed | <u>SEWD Original Complaint:</u><br>1. Injunctive relief for violation of 5th Amendment vested property rights and breach of contract.<br>2. NEPA violation re CVPIA implementation<br>3. CVPIA Section 3411(a) requires modification of water right permits to use water outside of place of use.<br>4. APA Substantive Violation – arbitrary and capricious abuse of discretion by United Status in implementing CVPIA.<br>5. Violation of vested property rights under the 5th Amendment and breach of contract.<br><br><u>SEWD Amended Complaint:</u><br>1. Allocations of 800,000 acre-feet under CVPIA 3406(b)(2) violated 5th Amendment Due Process Rights.<br>2. Defendant's Agreement to the 1994 Principles for Agreement violated Due Process Rights<br>3. Annual prescriptions for the 800,000 acre-feet of water under CVPIA 3406(b)(2) violated APA.<br>4. Bureau violated state law, the APA and CVPIA 3411(a) by not obtaining State permits to use water from New Melones outside the place of use limitations.<br>5. Bureau violated the APA and the federal reclamation law by using water from New Melones outside the watershed in violation of Water Code 11460 (Watershed Protection Act).<br>6. Reclamation violated the APA and federal reclamation law by using water from New Melones for non-beneficial use in violation of Article X, Section 2 of the California Constitution.<br>7. Reclamation violated the APA and federal reclamation law by using water from New Melones contrary to the requirements of its State water permits, in violation of California Water Code §1381 and 1391. | Injunction issued on NEPA claim, *vacated by:* <u>Westlands Water District v. National Resources Defense council</u>, 43 F.3d 457 (9th Cir. 1994) (holding CVPIA §§ 3406 (b)(2) and (d)(1) are directives requiring immediate implementation, exempt from NEPA). [DX 417]<br><br>Court granted U.S. motion to dismiss the Stockton plaintiffs' takings claim (the Fifth claim in the original complaint), with leave to amend, and without prejudice to bringing that claim in the Court of Federal Claims. <u>Westlands Water District v. United States</u> 850 F.Supp. 1388 (E.D. Cal. 1994).<br><br>Court concluded that a trial was needed on the remaining federal law issues. Mem. Opinion Re: Plaintiffs' and Federal Defendant's Cross-motions for Partial Summary Judgment November 4, 1996, and December 4, 1996.<br><br>Denied United States Motion for Summary Judgment on the interpretation of California Water Code §11460 and referred Claims [4-7 in this chart] to the SWRCB. Opinions dated November 4, 1996 and May 8, 1997. | Claims that implementati on of CVPIA violates the APA.<br><br>Breach of contract and takings claims transferred to the Court of Federal Claims. | Parties have agreed to stay the remaining claims pending outcome of SWRCB cases [Entry #12 in this chart]. Court has ordered stay through March of 2007. | Injunction issued on NEPA claim, *vacated by:* <u>Westlands Water District v. National Resources Defense Council</u> 43 F.3d 457 (9th Cir. 1994) (holding CVPIA §§ 3406 (b)(2) and (d)(1) are directives requiring immediate implementation, exempt from NEPA). [DX 417] |

| No. | TITLE/PARTIES/FILING DATE/STATUS | CLAIMS | ISSUES DECIDED | ISSUES NOT REACHED | ISSUED STAYED | SUBSEQUENT HISTORY |
|---|---|---|---|---|---|---|
| 4 | **SAN LUIS & DELTA-MENDOTA WATER AUTHORITY v. UNITED STATES**<br>USDC, Eastern District, Fresno Div., Case No: CIV F-97-6140OWW<br><br>**Plaintiffs**: San Luis & Delta-Mendota Water Authority, Westlands Water District<br>**Defendant**: United States<br>**Intervenors**: Pixley Irrigation District, Lower Tule River Irrigation District, Tri-Valley Water District, Hills Valley Irrigation District, Kern Tulare Water District, Rag Gulch Water District, Stockton East Water District.<br><br>**Filed:** November 1997; SEWD filed a complaint in intervention in April 1998, an amended complaint in November 1999 and a supplement to the amended complaint in May 2006.<br><br>**Status:** Pending. Court held recent status conference to determine status of pleadings and method to proceed on remaining claims. | *Plaintiffs and Intervenors brought APA claims challenging implementation of the CVPIA:*<br>1. Reclamation's method of calculating the base "yield" set forth in CVPIA §3406(b)(2).<br>2. Reclamation's method of accounting for the 800,000 acre-feet dedicated pursuant to CVPIA Section § 3406(b)(2).<br>3. Reclamation's method of complying with the balancing and reasonableness requirements of the CVPIA in making annual dedications of water.<br><br>*SEWD's remaining claims are:*<br>(1) DOI's CVPIA Section 3406(b)(2) allocations from 1992 through the present are arbitrary and capricious because they fail to achieve a reasonable balance among competing demands for use of Central Valley Project water.<br>(2) DOI's revision of CVP operations to conform with its final decision regarding implementation of CVPIA Section 3406(b)(2) was arbitrary and capricious because there was insufficient information on which to base the conclusion that implementation of the actions in the plan will benefit fish, wildlife, and habitat.<br>(3) The allocation of 79,300 AF of yield from New Melones under § 3406(b)(2) in 2004 was arbitrary, capricious and an abuse of discretion where the CVP yield calculation prepared pursuant to the CVPIA indicated that the quantity of water available from the Stanislaus River Basin is only 3,000 AF per year. | The District Court bifurcated the yield and accounting issues from the remaining claims. The Court found that DOI's November 1997 proposal for the management of (b)(2) water was contrary to the CVPIA. Slip Op. dated Dec. 20, 1999 [DX 420]. DOI's revised yield calculation was subsequently upheld as lawful. Slip Op. dated March 13, 2000 [DX 420]; Slip Op. dated Oct. 19, 2001. The district court held that DOI is required to provide precisely 800,000 acre-feet of CVP yield for (b)(2) purposes annually (no more and no less unless the 600,000 acre-feet option is used). Slip Op. dated Oct. 19, 2001 and Feb. 5, 2002; The district court further held that the "offset/reset" accounting methodology set forth in DOI's October 1999 administrative decision and used to account for (b)(2) use during the 1999-2000 water year was arbitrary and capricious. Slip op. dated Feb. 5, 2002. DOI's revised (b)(2) accounting methodology is set forth in its May 2003 Implementation Decision and a guidance document issued in December 2003. DOI's application of this final decision is at issue in SEWD's amended complaint.<br><br>The Ninth Circuit affirmed in part and reversed in part. (*See subsequent history column).* | The balancing and reasonableness claims of all of the Plaintiffs and Intervenors, including SEWD's remaining claims. | None. | The Ninth Circuit affirmed the District Court's conclusion with respect to "offset" and "reset," as well as the District Court's decision with respect to the CVP yield calculation. The Ninth Circuit reversed the District Court in part, concluding that the District Court "erred in concluding that Interior lacks discretion to refrain from crediting the amount of Project yield actually used for any (b)(2) purpose against the designated 800,000 acre feet of Project yield." <u>Bay Institute of San Francisco v. United States</u>, 87 Fed.App. 637 (9th Cir. 2004). |

| No. | TITLE/PARTIES/FILING DATE/STATUS | CLAIMS | ISSUES DECIDED | ISSUES NOT REACHED | ISSUED STAYED | SUBSEQUENT HISTORY |
|---|---|---|---|---|---|---|
| 5 | **FIREBAUGH CANAL CO. v. UNITED STATES;**<br>**SUMNER PECK RANCH, INC. v. UNITED STATES**<br>USDC, Eastern District, Fresno Div., Consolidated<br>Case Nos.: CIV-F-88-634 and CIV-F-91-048<br><br>**Filed:** 1988<br><br>**Plaintiffs**: Firebaugh Canal Co., Central California Irrigation District; Sumner Peck Ranch Inc., Westlands Water District<br>**Defendant:** United States<br>**Intervenors**: Westlands Water District, County of Contra Costa. Contra Costa Water District, Contra Costa County Water Agency, Natural Resources Defense Council, The Bay Institute.<br><br>**Status:** Final Judgment has been entered in the Sumner Peck case, but not in the Firebaugh Canal case. | Landowners sued to enforce drainage requirement in federal authorizing legislation for the San Luis Unit of the CVP, and for damages.<br><br>After decision on the merits, Reclamation, Westlands Water District, and landowners within the San Luis unit settled the federal government's obligation to provide drainage service to the San Luis Unit.<br><br>The BOR published a Final Environmental Impact Statement on the San Luis Drainage Feature Reevaluation in June 2006. 71 FR 34161. The issuance of a Record of Decision has been stayed pending settlement discussions. | The Court held that (1) San Luis Act required Interior to construct interceptor drain; (2) Duty to construct drain was not implicitly repealed by appropriations riders; (3) Interior made policy decision not to provide drainage service in violation of San Luis Act; and (4) agency was ordered to take certain actions including application for a discharge permit. Sumner Peck Ranch Inc. v. United States 823 F.Supp. 715 (E.D. Cal. 1993). Affirmed in part and reversed in part by Firebaugh Canal Co. v. United States Department of the Interior, 203 F.3d 568 (9th Cir. 2000) (holding that district court could not order agency to apply for discharge permit, but that agency had broad discretion to determine how to meet obligation). On remand, the district court modified its order and required BOR to submit a detailed plan on how it would meet the drainage obligation. Unpublished Order, dated Dec. 18, 2000. BOR lodged a Plan in accordance with the Order and an amended Plan in Feb. 2004. | APA claim filed by the Firebaugh Plaintiffs. | APA claim filed by the Firebaugh Plaintiffs. | Ninth Circuit affirmed, except portion of option ordering specific action, holding instead that specific means of compliance with legislative directive was within discretion of the agency, and that Secretary of Interior has broad discretion to determine manner in which drainage service will be provided. Firebaugh Canal Co. v. United States Department of the Interior, 203 F.3d 568 (9th Cir. 2000). |

| No. | TITLE/PARTIES/FILING DATE/STATUS | CLAIMS | ISSUES DECIDED | ISSUES NOT REACHED | ISSUED STAYED | SUBSEQUENT HISTORY |
|---|---|---|---|---|---|---|
| 6 | **NATURAL RESOURCES DEFENSE COUNCIL v. RODGERS**<br>USDC, Eastern District, Sacramento Div., Case No. CIV.S-88-1658 LKK<br><br>**Plaintiffs**: Natural Resources Defense Council, Trout Unlimited of California, Bay Institute of San Francisco, California Natural Resources Federation, California Sportfishing Protection Alliance, California Trout, Friends of the River, Northern California Guides Association, Pacific Coast Federation of Fishermen's Associations, San Joaquin Raptor Rescue Center, Sierra Club, Stanislaus Audubon Society, Inc., United Anglers of California, California Striped Bass Association, National Audubon Society<br>**Defendants**: United States, Friant Water Users Authority<br>**Intervenors**: San Luis & Delta-Mendota Water Authority, Tehama-Colusa Canal Authority, Orange Cove Irrigation District, Lindmore Irrigation District, Lindsay-Strathmore Irrigation District, Terra Bella Irrigation District, Exeter Irrigation District, Ivanhoe Irrigation District, Tulare Irrigation District, Lower Tule River Irrigation District, Saucelito Irrigation District, Delano-Earlimont Irrigation District, Teapot Dome Water District, Arvin-Edison Water Storage District, Southern San Joaquin Municipal Utility District, Shafter-Wasco Irrigation District, Porterville Irrigation District, Stone Corral Irrigation District, Chowchilla Water District, Madera Irrigation District<br><br>**Filed:** December 1988<br><br>**Status:** Pending. | Environmental groups brought action seeking to enjoin Reclamation from renewing water supply contracts due to violations of NEPA and ESA, and challenged operations of Friant dam as in violation of California Fish & Game Code §5937. | Court held that Bureau violated ESA by renewing water contracts and dismissed state law claim as unripe. Natural Resources Defense Council v. Patterson 791 F.Supp. 1425 (E.D. Cal. 1992). Affirmed in part and reversed in part, Natural Resources Defense Council v. Houston, 146 F.3d 1118 (9th Cir. 1998) (holding state claim ripe).<br><br>On remand, Court held:<br>Fish & Game Code §5937 applied to the Bureau's operation of Friant dam, and Bureau had not released sufficient water from dam to reestablish and maintain historic fisheries. Natural Resources Defense Council v. Patterson 333 F.Supp.2d 906 (E.D. Cal. 2004).<br><br>Court held that analysis in biological opinions related to renewal of contracts was inadequate and violated ESA. Natural Resources Defense Council v. Rodgers 381 F.Supp.2d 1212 (E.D. Cal. 2005). | The Court did not decide how much water the Bureau had to release to comply with Fish and Game Code 5937.<br><br>The parties reached a settlement with the intent to restore water flows for salmon to the portion of the San Joaquin River below Friant dam and undertake other river restoration projects. The Court approved the settlement on October 23, 2006, and retained jurisdiction to implement its terms. The settlement is contingent on certain actions, including passage of federal legislation. | None. | Ninth Circuit upheld ESA violation but found that Reclamation law challenge to §5937 was ripe. Natural Resources Defense Council v. Houston 146 F.3d 1118 (9th Cir. 1998). |

| No. | TITLE/PARTIES/FILING DATE/STATUS | CLAIMS | ISSUES DECIDED | ISSUES NOT REACHED | ISSUED STAYED | SUBSEQUENT HISTORY |
|---|---|---|---|---|---|---|
| 7 | **CENTRAL DELTA WATER AGENCY v. UNITED STATES**<br>USDC, Eastern District, Fresno Div., Case No: CIV F-99-5650 OWW<br><br>**Plaintiffs**: Central Delta Water Agency, South Delta Water Agency, Alexander Hildebrand, R.C. Farms, Inc.<br>**Defendant**: United States<br>**Intervenors**: Stockton East Water District, Save San Francisco Bay Association, Natural Resources Defense Council; Environmental Defense Fund, Bay Institute of San Francisco, Pacific Coast Federation of Fishermen's Association, United Anglers of California, San Joaquin River Group Authority, Oakdale Irrigation District, South San Joaquin Irrigation District, Merced Irrigation District, Modesto Irrigation District, Turlock Irrigation District, San Joaquin River Exchange Contractors Water Authority<br><br>**Filed:** May 1999<br><br>**Status:** Closed | Plaintiffs filed suit under the APA and sought injunctive relief to prevent the release of water from New Melones under CVPIA Section 3406(b)(2) until after BOR had reserved a sufficient quantity of water to ensure the that Vernalis water quality (salinity) standards would be met.<br><br>SEWD's complaint in intervention claimed that BOR violated APA and Reclamation law by not complying with the terms of the 1987 Department of Fish and Game Agreement that is a term of its New Melones permit. | On cross-motions for summary judgment, Central Delta failed to present evidence of an imminent threat that Bureau would not meet the Vernalis salinity standard. Final Judgment issued for the United States. Central Delta Water Agency v. U.S., 327 F.Supp.2d 1180 (E.D.Cal. 2004).<br><br>The Court dismissed SEWD's claim without prejudice on the basis that SEWD had failed to exhaust administrative remedies and that the state was an indispensable party and immune from suit. Nov. 30, 2001 Order. | None | None | Central Delta appealed. The 9th Circuit affirmed, finding dispositive the absence of a genuine issue of material fact as to whether the Bureau will comply with the Vernalis Salinity Standard in the foreseeable future. Central Delta Water Agency v. Bureau of Reclamation 452 F.3d 1021 (9th Cir. 2006).<br><br>** See Notes for disagreement of parties on this item* |

| No. | TITLE/PARTIES/FILING DATE/STATUS | CLAIMS | ISSUES DECIDED | ISSUES NOT REACHED | ISSUED STAYED | SUBSEQUENT HISTORY |
|---|---|---|---|---|---|---|
| 8 | **ASSOCIATION OF CALIFORNIA WATER AGENCIES v. UNITED STATES**<br>USDC, Eastern District, Fresno Div., Case No: CIV F-00-6148-REC/DLB<br><br>**Plaintiffs**: Association of California Water Agencies, State Water Contractors, Kern County Water Agency, Stockton East Water District<br>**Defendant**: United States<br>**Intervenors**: Oregon Natural Resources Council, Pacific Coast Federation of Fishermen's Associations, Institute for Fisheries Resources, Pacific Rivers Council<br><br>**Filed:** August 2000<br><br>**Status:** Closed | The federal agencies' ESA designation of critical habitat for steelhead trout is unlawful under the ESA and APA due to the failure to conduct an economic analysis. | None. The case was rendered moot by another case which held that an economic analysis was required. The federal agency withdrew the habitat designation. | Not applicable. | None. | None on the merits. An award of attorneys fees to the Plaintiffs as prevailing parties was affirmed by the Ninth Circuit court of appeals. <u>ACWA v. Evans</u> (9th Cir., 2004) 386 F.3d 879. |
| 9 | **MODESTO IRRIGATION DISTRICT v. EVANS**<br>USDC, Eastern District, Fresno Div., Case No.: CIV-F-02-6553.<br><br>**Plaintiffs**: Modesto Irrigation District, Turlock Irrigation District, Merced Irrigation District, Oakdale Irrigation District, South San Joaquin Irrigation District, Stockton East Water District<br>**Defendant**: National Marine Fisheries Service<br>**Intervenors**: Northern California Council of Federation of Fly Fishers, Federation of Fly Fishers, Delta Fly Fishers, Woodbridge Rivers Company, Trout Unlimited, Center for Biological Diversity, Pacific Rivers Counsel.<br><br>**Filed**: December 2002<br>**Status:** Closed | NMFS 1998 ESA listing of Central Valley Steelhead Trout is unlawful under the ESA and APA. | The listing is unlawful due to the treatment of hatchery and non-hatchery fish. The listing was vacated. Slip Copy, 2006 WL 1376964 (E.D.Cal.) | Whether or not the listing was unlawful due to the treatment of resident and anadromous fish. | None. | None. |

| No. | TITLE / PARTIES / FILING DATE / STATUS | CLAIMS | ISSUES DECIDED | ISSUES NOT REACHED | ISSUED STAYED | SUBSEQUENT HISTORY |
|---|---|---|---|---|---|---|
| **10** | **MODESTO IRRIGATION DISTRICT v. GUTIERREZ**<br>USDC, Eastern District, Fresno Div., Case No.: 1:06-CV-0453 OWW<br><br>**Plaintiffs**: Modesto Irrigation District, Turlock Irrigation District, Merced Irrigation District, Oakdale Irrigation District, South San Joaquin Irrigation District, Stockton East Water District<br>**Defendant**: NOAA Fisheries<br>**Intervenors**: Northern California Council of Federation of Fly Fishers, Federation of Fly Fishers, Delta Fly Fishers, Woodbridge Rivers Company, Trout Unlimited, Center for Biological Diversity, Pacific Rivers Counsel.<br><br>**Filed:** April 2006<br><br>**Status:** Pending | NMFS 2006 ESA listing of Central Valley Steelhead trout is unlawful under the ESA and APA. | None to date. The case is scheduled for summary judgment briefing in 2007. | All issues remain pending | None | None |

| No. | TITLE/PARTIES/FILING DATE/STATUS | CLAIMS | ISSUES DECIDED | ISSUES NOT REACHED | ISSUED STAYED | SUBSEQUENT HISTORY |
|---|---|---|---|---|---|---|
| 11 | **UNITED STATES v. CALIFORNIA**, 694 F.2d 1171 (9th Cir. 1982)<br>[PX 349]<br><br>on remand from California v. United States, 438 U.S. 645 (1978)<br><br>**Filed:** 1973<br><br>**Status:** Closed | Original action involved cross-claims by the State of California and the United States over whether and to what extent the State of California could condition the water rights of the United States for New Melones reservoir as set forth in SWRCB Decision 1422 [JX 1]. | United States brought action for declaratory judgment that it could impound whatever unappropriated water was necessary for federal reclamation project without complying with state law. The United States District Court for the District of California agreed with the Government and entered a declaratory judgment to that effect. 403 F.Supp. 874 (1975). The Court of Appeals affirmed with modifications, and certiorari was granted. 558 F.2d 1347 (9th Cir. 1977). The United States Supreme Court reversed and remanded. 438 U.S. 645 (1978).<br><br>After remand, the United States District Court for the Eastern District of California found that most conditions imposed were consistent with relevant "congressional directives," but that the prohibition of appropriation of water for power generation was void as contrary to congressional intent, and both parties appealed. 509 F.Supp. 867 (E.D. Cal. 1981). The Court of Appeals held that none of the conditions imposed by the Water Resources Control Board were shown to be invalid at that time. 694 F.2d 1171 (9th Cir. 1982) (affirming in part and reversing in part and remanding) [PX 349]. | | | |

| No. | TITLE/PARTIES/FILING DATE/STATUS | CLAIMS | ISSUES DECIDED | ISSUES NOT REACHED | ISSUED STAYED | SUBSEQUENT HISTORY |
|---|---|---|---|---|---|---|
| 12 | **STATE WATER RESOURCES CONTROL BOARD CASES**<br>Judicial Council Coordination Proceeding No. JCCP4118, Includes: County of San Joaquin v. SWRCB (San Francisco County Superior Court, No. 311499)<br><br>*Parties to San Joaquin County case only (numerous other cases were filed and consolidated that are not contained in this listing):*<br>**Plaintiffs**: San Joaquin County, San Joaquin County Flood Control and Water Conservation District, Stockton East Water District, Central San Joaquin Water Conservation District, City of Stockton<br>**Defendant**: State Water Resources Control Board<br><br>**Filed:** 2000; Coordinated July 2000<br><br>**Status:** Completed as to the claims brought by SEWD and Central. The state court issued writs of mandate to the SWRCB in two of the proceedings brought by other parties that were consolidated for appeal. | Writ of Mandate action against the SWRCB challenging the manner in which the SWRCB imposed conditions on the New Melones water right permits in Decision 1641 (the decision following the Bay-Delta hearings on implementation of the 1995 Water Quality Control Plan) as either unlawful or lacking support in the record.<br><br>The San Joaquin County parties' suit was coordinated with 14 other parties' suits.<br><br>The SJC plaintiffs' claims (including SEWD and Central):<br>1. The SWRCB violated California Water Code Section 11460 (the Watershed Protection Act) by amending BOR's permits for New Melones to impose responsibility for meeting Vernalis salinity objectives, Vernalis flow objectives and Delta outflow objectives because the need for water for these purposes is caused by exports.<br>2. Requiring BOR, as a condition of its New Melones permits, to use water from New Melones to dilute salinity at Vernalis is unreasonable use of water in violation of Article X, Sec. 2 of the California Constitution.<br>3. The SWRCB's decision to require releases from New Melones to meet Vernalis salinity and flow objectives is not supported by substantial evidence. | The Superior Court denied all of the claims of the San Joaquin County parties. On appeal, the Third Appellate District (Court of Appeal Case C044714) analyzed each of the claims and upheld the trial court's decision. State Water Resources Control Board Cases 136 Cal.App.4th 674 (2006). Specifically, the Court found:<br><br>1. The SWRCB's Decision 1641 did not violate the Watershed Protection Act (Water Code section 11460).<br><br>2. The imposition of the Vernalis salinity condition on the New Melones permit did not violate the reasonable and beneficial use doctrine in Art. X, Sec. 2 of the California Constitution.<br><br>3. The imposition of the Vernalis salinity and flow standard on the New Melones permits was supported by substantial evidence and not an abuse of discretion.<br><br>** See Notes for disagreement of parties on this item*<br><br>*(This summary does not contain the numerous other issues decided in the other coordinated cases)* | None. | None. | Several parties, including the San Joaquin County parties, filed petitions for rehearing, which were denied on March 2, 2006, and petitions for Review with the California Supreme Court, which were denied on May 17, 2006. One party (Westlands Water District) filed a Request for Review with the United States Supreme Court, which was denied, _ U.S. _, 127 S. Ct. 318 (Oct. 2, 2006). |

| No. | TITLE/PARTIES/FILING DATE/STATUS | CLAIMS | ISSUES DECIDED | ISSUES NOT REACHED | ISSUED STAYED | SUBSEQUENT HISTORY |
|---|---|---|---|---|---|---|
| 13 | **SWRCB Proceedings regarding southern Delta salinity objectives in the 1995 Water Quality Control Plan**<br><br>**Status:** Ongoing | In response to the SWRCB Cases decision [Entry #11], the SWRCB has instituted proceedings to study implementation of and/or possible amendment of the southern Delta salinity objectives in the 1995 Water Quality Control Plan. A public workshop is scheduled for January 16, 2007. | No issues have been decided. | All issues remain pending | None | None |
| 14 | **SWRCB Proceedings to consider amending the 1995 Water Quality Control Plan**<br><br>**Status:** Ongoing | On November 13, 2006, the SWRCB held a hearing to consider adopting an amended Water Quality Control Plan for the Bay-Delta. No decision was reached. | No issues have been decided. | All issues remain pending | None | None |
| 15 | **SWRCB Water Rights Order 2006-0006**<br><br>Available at:<br><br>http://www.waterrights.ca.gov/hearings/WaterRightORders/2006/wro2006_006.pdf<br><br>The BOR and DWR have filed Writ of Mandate actions in state and federal Court to set aside the Order.<br><br>**Status:** Pending | In May 2005, the SWRCB issued cease and desist orders to the BOR and DWR to require compliance with the interior Delta salinity objectives measured downstream of Vernalis at Brandt Bridge, Old River near Middle River and Tracy (terms of the BOR and DWR permits, including the New Melones permits). D1641, pp. 159-161, 182 (JX 23). | No issues have been decided. | All issues remain pending | None | None |

| No. | TITLE/PARTIES/FILING DATE/STATUS | CLAIMS | ISSUES DECIDED | ISSUES NOT REACHED | ISSUED STAYED | SUBSEQUENT HISTORY |
|---|---|---|---|---|---|---|
| 16 | **SWRCB Water Rights Applications filed by Stockton East Water District**<br><br>**Status:** Pending | SEWD has filed 11 applications to appropriate water and seek assignment of state filed applications to appropriate water from the Calaveras River, Littlejohns Creek System, and Stanislaus River. The applications were noticed on July 28, 2006. See http://www.waterrights.ca.gov/application/ApplNot.htm<br><br>Application No. 30603B seeks to appropriate 155,000 acre-feet of water from the Stanislaus River, senior to the permits currently held by the BOR for New Melones. Application No. 30603A seeks to appropriate unappropriated flood flows, to a maximum annual amount of 407,000, to a groundwater recharge project.<br><br>The BOR and USFWS filed protests to Applications 30603A and 30603B in September 2006. | No issues have been decided. | All issues remain pending | None | None |